**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
LEVI HUEBNER on behalf of himself and      **AMENDED COMPLAINT**
all other similarly situated consumers

                            Plaintiff,

    -against-

MIDLAND CREDIT MANAGEMENT, INC.

                            Defendant.
-----------------------------------------------------------x

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Plaintiff, Levi Huebner PC brings this action on behalf of himself and all others similarly situated, by way of this Class Action Complaint for the illegal practices of Defendant, Midland Credit Management, Inc. who, inter alia, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

### PARTIES

2. At all times relevant to this lawsuit, Plaintiff was citizen of the State of New York who resides within this District.

3. Plaintiff is consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. At all times relevant to this lawsuit, Defendant's principal place of business was located within Westhampton, New Jersey.

-1-

6. Defendant is regularly engaged upon, for profit, in the collection of allegedly owed consumer debts.

7. Defendant is a "debt collector" as specifically defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this federal judicial district.

## FACTUAL ALLEGATIONS PARTICULAR TO LEVI HUEBNER

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about October 17, 2013, Plaintiff called and spoke to Emma, a representative from Midland Credit Management, Inc., regarding an account with Verizon, purchased by the Defendant, account number: 855-965-9948.

12. The Plaintiff inquired as to how he could go about disputing the alleged debt.

13. The Defendant responded: "Advise me what the dispute is," "why are you disputing (the debt), you need to tell me what you are disputing."

14. The Defendant threatened the failure to communicate that a disputed debt is disputed, in violation of 15 U.S.C. § 1692e(8).

15. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt.

16. Upon information and belief, Midland Credit Management, Inc. and its employee as a matter of procedural practice and pattern never intend to follow through with the validation rights they purportedly provide in the initial communication.

17. Upon information and belief, Midland Credit Management, Inc. and its employees when receiving written disputes as a matter of procedural practice and pattern do not provide verification of debts since they maintain all disputes in writing must be submitted with a valid reason.

18. Upon information and belief, Midland Credit Management, Inc. and its employee intentionally denied the Plaintiff his dispute rights afforded to him under the FDCPA.

19. Upon information and belief, Midland Credit Management, Inc. and its employee wrongfully stated to the Plaintiff that he could not orally dispute the debt with Midland Credit Management, Inc.

20. Upon information and belief, Midland Credit Management, Inc. and its employee wrongfully stated to the Plaintiff that he must have a reason to dispute a debt.

21. Upon information and belief, Midland Credit Management, Inc. and its employee by intentionally denying the Plaintiff and any other debtor to dispute the debt orally and without a valid reason unfairly intimidate and force debtors in to paying disputed debts.

22. Upon information and belief, Midland Credit Management, Inc. and its employee threatened the failure to communicate that a disputed debt is disputed.

23. The Midland Credit Management, Inc. employee who spoke with Levi Huebner intended to speak the said words to the Plaintiff.

24. The acts and omissions of Midland Credit Management, Inc. and its employee done in connection with efforts to collect a debt from the Plaintiff were done intentionally and willfully.

25. Upon information and belief, Midland Credit Management, Inc. and its employees intentionally and willfully violated the FDCPA and do so as a matter of pattern and practice by not letting any of the class members orally dispute the debt and by maintaining that the debtors have a valid reason to dispute any debt contrary to the FDCPA and the rights given by the Defendant purportedly in the validation notice.

26. As an actual and proximate result of the acts and omissions of Midland Credit Management, Inc. and its employees, Plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury at trial.

## **CLASS ALLEGATIONS**

27. This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28. The identities of all class members are readily ascertainable from the records of Midland

Credit Management, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

29. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Midland Credit Management, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

30. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

31. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

32. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

33. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

34. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

35. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

37. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AND AS FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

38. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty seven (37) as if set forth fully in this cause of action.

39. Defendant violated the FDCPA. Defendant's violations with respect to the above said messages include, but are not limited to, the following:

    (a) Denying the Plaintiff the right to dispute the debt verbally;

    (b) Requiring the Plaintiff to provide a valid reason to dispute the alleged debt;

    (c) Failing to communicate that a disputed debt is disputed;

    (d) The Defendant made the above false statements in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10).

## PRAYER FOR RELIEF

40. The Defendant's actions as set forth above in the within complaint violate the Fair Debt Collection Practices Act.

41. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and

permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

d) Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

e) Any other relief that this Court deems appropriate and just under the circumstances.

f) Plaintiff respectfully demands a trial by jury of all claims so triable.

Dated: Brooklyn, New York
        October 23, 2014                              Respectfully submitted,

                                                      **POLTORAK PC**

                                                       ____/ s /____ Elie C. Poltorak
                                                      By: Elie C. Poltorak (EP-8791)

                                                      elie@poltoraklaw.com

                                                       (718) 943-8815

                                                      *Attorneys for Plaintiff*

-9-