ב"ה

# POLTORAK‹PC
## Attorneys & Counselors at Law

January 28, 2015

**VIA ECF TO:**

The Honorable Brian M. Cogan
United States District Court, Eastern District of New York
225 Cadman Plaza South, 704S
Brooklyn, NY 11201

> **Re:** *Huebner v. Midland Credit Management,* **Case No. 14-cv-06046-BMC**

Dear Judge Cogan:

Please be advised that I represent Plaintiff in this action.

As per Your Honor's Scheduling Order dated November 4, 2014, the parties were directed to submit the current correspondence which provides a description of both Plaintiff's allegations and Defendant's defenses regarding the above-referenced matter 5 days in advance of the Initial Status Conference for this matter which is now scheduled for February 2, 2015 at 11:30 a.m.

**BY PLAINTIFF:**

Plaintiff asserts that Midland Credit Management ("MCM") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, when the Plaintiff called MCM on October 17, 2013 regarding a debt obligation originally owed to Verizon in an amount of $131.21. Plaintiff alleges that during this call, Plaintiff advised MCM that he intended to dispute the debt. Thereafter, MCM requested a basis for the dispute. Plaintiff alleges that MCM informed Plaintiff that he could not dispute the debt verbally, and that MCM required a written dispute. Plaintiff alleges that MCM made threats, false statements, informed Plaintiff that he had failed to furnish a valid reason and denied Plaintiff the right to dispute his debt. Plaintiff asserts that MCM's conduct violated 15 U.S.C. § 1692e(8) and § 1692e(10). Plaintiff attempts to assert a class consisting of individuals who were wronged by Midland's standard practices.

The plain language of § 1692e(8) requires debt collectors to communicate the disputed status of a debt if the debt collector "knows or should know" that the debt is disputed. See 15 U.S.C. § 1692e(8). This "knows or should know" standard requires no notification by the consumer, written, oral, or timely and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is acquired.

Here, Plaintiff tried to dispute his debt *verbally* and the defendant did not allow the plaintiff to dispute the debt the only response that MCM gave the plaintiff was that he could not



Page 2

dispute the debt verbally[1] and that he must have a reason to dispute the debt[2]. Contrary to defendants beliefs, Plaintiff was not seeking verification as a result verbal dispute but was seeking to trigger his 1692e(8) protections namely having the fact of the dispute reported whenever the debt collector communicates with others about the debt, in accordance with § 1692e(8) See. *Hooks v. Forman, Holt, Eliades & Ravin, L.L.C.*, 717 F.3d 282 (2d Cir. 2013). ("The right to dispute a debt is the most fundamental of those set forth in § 1692g(a), and it was reasonable to ensure that it could be exercised by consumer debtors who may have some difficulty with making a timely written challenge. Such debtor consumers would also undoubtedly benefit from ... having the fact of the dispute reported whenever the debt collector communicates **with others about the debt**, in accordance with § 1692e(8). (emphasis added)" See also *Ong v. American Collections Enter., Inc.*, 1999 U.S. Dist. LEXIS 409, 8-10, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999)

---

[1] The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998). (The FDCPA does not limit the time period for disputing a debt. A consumer can always dispute a debt with a debt collector, regardless of the passage of time. Credit reporting constitutes an attempt to collect a debt.), See, e.g., *Rivera v. Bank One.*, 145 F.R.D. 614, 623 (D.P.R. 1993). (A creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder")

[2]. The FDCPA does not require the consumer to provide any reason at all in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002), *Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004). (A consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all), *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. 111 May 23, 2002). (Imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA), *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), *Frey v. Satter, Beyer & Spires.*, 1999 WL 301650 (N.D. Ill. May 3, 1999), *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001), *Mejia v. Marauder Corporation.*, 2007 WL 806486 (N.D. Cal. 2007). (Unlawful to suggest that proof of payment required for dispute) Purnell v. Arrow Fin. Servs., LLC, 2007 U.S. Dist. LEXIS 7630, 2007 WL 421828 (E.D. Mich. Feb. 2, 2007). (The court stated "Congress has identified as harmful the failure to report a disputed debt as disputed, and, whatever the wisdom of that policy choice, Congress did not distinguish between communications that were intended and knowing as opposed to unintended and automatic. Indeed, the 'directly or indirectly' language of Section 1692a(2) suggests that Congress saw no difference between the two. From the perspective of a consumer disputing a debt, it similarly matters not how it is that a dispute marker is lost. The harm inheres in the simple fact that information about an apparently undisputed debt in that person's name exists in the credit reporting industry, which can have untold negative consequences for people who engage in commerce.")



Page 3

The court stated "The statute, however, establishes otherwise. For example, if a credit agency contacted [the debt collector] about the alleged debt in this case, it seems clear that [the debt collector] would have to mention that plaintiff disputes the debt, even if plaintiff has only disputed the debt orally. That requirement is imposed by § 1692e(8) of the FDCPA, which prohibits debt collectors from 'communicating . . . to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.' 15 U.S.C. § 1692e(8). This 'knows or should know' standard requires no notification by the consumer at all, let alone a written [or timely] communication. It depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when the collector acquires that knowledge. See Brady v. The Credit Recovery Co., Inc., 160 F.3d 64, 67 (1st Cir. 1998). A requirement that consumers must dispute debts in writing would thus render superfluous this 'knows or should know' language in § 1692e(8). See id.; see also *Bailey v. United States*, 516 U.S. 137, 145, 133 L. Ed. 2d 472, 116 S. Ct. 501 (1995) ('Judges should hesitate . . . to treat [as surplusage] statutory terms in any setting . . . .' (quoting *Ratzlaf v. United States*, 510 U.S. 135, 140-41, 126 L. Ed. 2d 615, 114 S. Ct. 655 (1994)))."

Disputing a debt after the validation rights expire would still activate the debt collector's obligation to accept the dispute and notate the disputed status of the debt in addition the debt collector would then have the duty to communicate the disputed status of the debt when communicating with third parties about the debt.

When a debt collector tells a consumer he can not dispute the debt or that the dispute is not a dispute unless there is a valid reason or that one can only dispute the debt in writing then by not accepting the dispute the collector is in violation of **§ 1692e(8)**, which prohibits **threatening** ...the [deliberate] failure to communicate that a disputed debt is disputed...."

If a debt collector does not allow a debtor to dispute the debt regardless when the debt is disputed then they would violate **§ 1692e(8)**, which prohibits " **threatening to communicate to any person credit information which is known or which should be known to be false**, including the failure to communicate that a disputed debt is disputed...." and **§ 1692e(8)**, which prohibits **threatening ...the failure to communicate that a disputed debt is disputed...."**

The court in the Western District of NY has ruled that allegations that a debt collector's continued attempts to collect a debt it knew was disputed and failure to communicate to a credit reporting agency that a known disputed, state a claim for relief under the FDCPA for misrepresenting the amount and legal status of the debt and for attempting to collect amounts unauthorized by contract or law. See, *Finnegan v. Univ. of Rochester Med.* Ctr., 21 F Supp. 2d 223 (W.D.N.Y 1998).

As the defendant admits courts have appreciated that § 1692g and § 1692e(8) creates separate duties upon an oral and written dispute and in light of the foregoing Plaintiff demonstrated that MCM violated 15 U.S.C. § 1692e(8) and  § 1692e(10).



Page 4

In addition this case contains claims for injunctive or declaratory relief as prayers in our class action complaint. Such non-monetary remedies are occasionally found in FDCPA class actions and are available remedies pursuant to the FDCPA. See, *Schwarm v. Craighead*, 233 F.R.D. 655, 663 (E.D. Cal. 2006) (certifying injunctive class action in FDCPA suit); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412, 416 (W.D. Wash. 2003) (same). The 2nd Circuit has not addressed this issue but rather has stated "[W]e do not here decide whether the FDCPA permits private plaintiffs to seek injunctive relief because the issue is not squarely presented." *Hecht*, 691 F.3d at 224, n. 1. See also *Hrivnak v. NCO Portfolio Mgmt.*, 2013 U.S. App. LEXIS 11687, 14-15, 2013 FED App. 0165P (6th Cir.), 2013 WL 2476733 (6th Cir. Ohio 2013) The court stated:

> [T]o pick one example, the defendants may be right that the FDCPA does not authorize declaratory or injunctive relief. But neither our court nor the Supreme Court has reached that conclusion, and it is surprisingly strange to think that this court and the Supreme Court do not have jurisdiction to resolve this point of law. Plaintiffs have the right to win—and lose—cases, and we have jurisdiction to make the call. To rule on whether *Hrivnak* is entitled to a particular kind of relief is to decide the merits of the case. Neither Civil Rule 68 nor any other Rule or tradition requires the district court to do that in response to a motion to dismiss for lack of subject matter jurisdiction.

See also *Johnson v. Midland Credit Mgmt.*, 2006 U.S. Dist. LEXIS 60133, 2006 WL 2473004 (N.D. Ohio Aug. 23, 2006) (The court stated "[M]ultiple courts, including courts within this Circuit, have allowed declaratory relief for class action plaintiffs under the FDCPA. E.g., *Mann v. Acclaim Fin. Servs.*, 232 F.R.D. 278, 285-86 (S.D. Ohio 2003); *Gradisher v. Check Enforcement Unit, Inc.*, 203 F.R.D. 271, 280 (W.D. Mich. 2001); *Gammon v. GC Servs. Ltd. Partnership*, 162 F.R.D. 313, 319 (N.D. Ill. 1995); Woodard v. Online Information Servs., 191 F.R.D. 502, 507 (E.D.N.C. 2000)"). Such non-monetary remedies are also not susceptible to an offer of judgment and will preserve the right of the class representative to continue to participate in a case and obtain class vindication even when an offer of judgment arguably could pick off the plaintiff and fully satisfy their personal damages claim.



Page 5

**BY DEFENDANT:**

Plaintiff asserts a class action against Midland Credit Management ("MCM") asserting Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") violations.  Plaintiff alleges that, on October 17, 2013, Plaintiff called MCM regarding a debt obligation he originally owed to Verizon in an amount of $131.21.  During this call, Plaintiff, an attorney, asked the MCM representative how he could dispute the debt.  The MCM representative inquired about the nature of the dispute and Plaintiff chose not to articulate the basis for the verbal dispute.  Nevertheless, MCM accepted and honored the verbal dispute and, at the conclusion of the call, MCM issued a letter to Plaintiff advising that MCM was ceasing its collection efforts and was MCM requesting the deletion of tradelines on Plaintiff's credit reports.   Plaintiff was plainly on notice that his verbal dispute resulted in a cessation of collection activity because MCM issued a letter on October 17, 2013 advising Plaintiff of its cessation of such activity.  *See* Exhibit "B" to the MCM Answer.

Plaintiff goes to great lengths in this letter to explain what MCM is required to do when it receives a verbal dispute, but avoids the obvious, that MCM did precisely what Plaintiff argues it was required to do upon receipt of the verbal dispute.  The undisputed facts are that MCM ceased collection and did not furnish any knowingly false information on Plaintiff's credit report.  There is no violation of Section 1692e(8) because MCM did not furnish any knowingly false information to any third party, including failing to disclose that the debt was disputed (nor did it threatened to do this).  Plaintiff's recollection that the MCM representative told him that he could not verbally dispute the debt or that he had to provide a reason is repudiated by the plain language of the MCM letter sent to Plaintiff on the same day as the verbal dispute was lodged by Plaintiff - October 17, 2013. As Plaintiff's 1692e(8) claim fails, so does his 1692e(10) claim because MCM did not use false representation or deceptive means to attempt to collect Plaintiff's debt.  MCM issued an initial collection letter to Plaintiff on August 9, 2013. Plaintiff called MCM and verbally disputed his debt on October 17, 2013.  MCM honored the verbal dispute and issued a letter to Plaintiff that very day reflecting that MCM complied with the FDCPA.

Based on these facts, one would reasonably anticipate that a plaintiff, particularly a plaintiff who is also an attorney, would promptly dismiss his facially defective lawsuit.  Turning a blind eye to the facts, Plaintiff presses on with this action at his peril.  *See* 15 U.S.C. §1692k(a)(3)("On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs").

Plaintiff alleges that MCM made threats, false statements, and denied Plaintiff the right to dispute his debt. Plaintiff asserts that MCM's conduct violated 15 U.S.C. 1692e(8) and 1692e(10).  However, the facts make clear that MCM received the verbal dispute and made a determination to cease collection and to remove credit information being furnished by MCM on Plaintiff's credit report.  Again, the October 17, 2013 letter undermines Plaintiff's efforts to craft a viable claim.  There is no violation of the law where a debt collector inquires into the basis for



Page 6

a dispute to try to resolve the dispute, provided that the collector honor the dispute. That is precisely what happened in the present matter (and it is precisely what is reflected in the October 17, 2013 letter sent to Plaintiff).

In response to Plaintiff's oral dispute, MCM deleted the tradeline regarding Plaintiff's delinquent Verizon debt. MCM issued Plaintiff a letter dated October 17, 2013 informing Plaintiff that the tradeline would be deleted. (See MCM's Exhibit "B" to the Answer.) MCM's records reveal that on October 23, 2013, MCM's request for deletion of credit information connected to Plaintiff's debt was processed to the Credit Bureaus. It is undisputed that, upon receipt of Plaintiff's verbal dispute, MCM ceased collection efforts and requested the removal of credit information being furnished on Plaintiff's credit reports relating to the debt. While Courts have appreciated that 1692g and 1692e(8) create separate duties upon an oral and written dispute, Plaintiff has failed to demonstrate that MCM violated either requirement. *See Hooks v. Forman, Holt, Eliades, & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

Plaintiff then goes to great lengths to try to convince the Court that declaratory or injunctive relief are available viable remedies in class actions under the FDCPA. To the contrary, declaratory or injunctive relief are not available remedies to a private litigant under the FDCPA, even in the class context. *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293 (E.D.N.Y. 2005).[3] Presumably, Plaintiff takes this position to ward off an offer of judgment as to his nominal claims – an offer that MCM is not inclined to make. However, these efforts are underscored by the fatally flawed nature of the class claims. Plaintiff fails to present a viable class claim.

Putting aside the fact that Plaintiff does not present a viable individual claim, Plaintiff cannot meets the threshold requirements pursuant to Fed. R. 23. Plaintiff's allegations rely on his recollection of a telephone conversation which took place on October 17, 2013.

The proposed class set out in the complaint mandates an individual inquiry into each call where a debtor made a verbal dispute, the content of that telephonic exchange, and the results of each such call (i.e. whether, as with the Plaintiff, MCM honored the dispute). Therefore, common questions of fact do not predominate and the theoretical class members are not ascertainable. For similar reasons, Plaintiff's claim lacks typicality. Finally, class treatment is grossly inferior to individual treatment because the class is unascertainable (even if the claims presented by Plaintiff were viable, which they are not).

---

[3] *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. N.J. 2004)(declaratory and injunctive relief is not available to a private litigant even in the context of a class action); *Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 977, FN 39 (5th Cir. Tex. 2000)("the unavailability of injunctive relief under a statute would automatically make (b)(2) certification an abuse of discretion"); *Sykes v. Mel Harris and Assocs., LLC*, 285 F.R.D. 279, 293, 2012 U.S. Dist. LEXIS 125336, *39 (S.D.N.Y. Sept. 4, 2012) (injunctive relief is not available under the FDCPA).



Page 7

      In sum, MCM did not violate the FDCPA in its attempts to collect Plaintiff's valid and delinquent debt obligation originally owed to Verizon.  MCM will determine the likelihood of the filing of a dispositive motion in this matter after the conclusion of discovery.

Respectfully submitted,


POLTORAK PC

/ s / Elie Poltorak

_____

Elie Poltorak

EP:ah