UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
LEVI HUEBNER on behalf of himself and all others similarly situated,

                            *Plaintiff,*

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

                            *Defendant.*
---------------------------------------------------------------X

Case:   14-cv-6046 (BMC)

**ATTORNEY AFFIDAVIT**

State of New York )
                 )
County of Kings   )

    Eli C. Poltorak of Poltorak PC, states the following as true under the laws governing prohibiting perjury:

    1.    I am an attorney admitted to the practice of law in the State of New York.

    2.    I make the following affidavit voluntarily upon the knowledge of the facts and events known to me, and researched to the best of my abilities.

    3.    I request from the Court to enter the following order: pursuant to FRCP Rule 60(b)(1), (3), and (6) vacating its Memorandum Opinion and Order to Show Cause dated February 11, 2015; pursuant to 28 U.S.C. §§ 144 and 455 Judge Cogan proceed not further directing reassignment of this case; In the alternative, if any part of this application is denied, pursuant to 28 U.S.C. § 1292, I requests leave to appeal before the entry of a judgment or any sanction.

4. With this affidavit I also respond to the Order to Show Cause dated February 11, 2015, accompanied in more full detail by a Plaintiff's Response With Memorandum, dated March 18, 2015 which I incorporate herein by reference.

5. The following exhibits are included as exhibits to this affidavit upon which I rely for relief from the Court:

> Exhibit A: A true certified copy of the phone recording between Levi Huebner and Midland Credit Management;
>
> Exhibit B: A true copy of the Levi Huebner's Credit Report dated March 7, 2015 showing a negative reporting by Midland Credit Management;
>
> Exhibit C: A true copy of the collection letter, by Midland Credit Management attached to its answer, backdated August 9, 2013, showing that in order to dispute a debt the debtor must do so in writing;
>
> Exhibit D: A true copy of the cessation letter that Midland Credit Management claims to have sent to Levi Huebner, backdated October 17, 2013 which makes it appear as if the disputed debt was removed from Levi Huebner's Credit Report;
>
> Exhibit E: A true copy of the Corporate Disclosure Statement by Midland Credit Management showing to be owned by Encore Capital Group, Inc.;
>
> Exhibit F: A true copy of the fax cover with letter from Levi Huebner to I.C. Systems disputing the debt and demanding verification, dated July 27, 2011;
>
> Exhibit G: A true copy of the collection letter from Afni Inc, addressed to Levi Huebner dated, October 14, 2011;
>
> Exhibit H: A true copy of Levi Huebner's Credit Report dated October 8, 2013;
>
> Exhibit I: A true copy of the COLLECTION PRACTICE MADE EASY, Gerard J. Felt, Esq., Pressler & Pressler, LLP, an attorney of a firm that often represents Midland Credit Management, stating:
>
>> "Even an attorney or a Yale graduate is subject to the same standard. If you are dealing with an attorney or Yale graduate who is a defendant, you must treat them as if they are the least sophisticated consumer. Even though they know what the law is, this does not exonerate you from compliance with the Act."
>
> Exhibit J: A true copy of the FINANCIAL DISCLOSURE REPORT of the Hon. Brian M. Cogan for the calendar year of 2012, showing that Judge Cogan has shares in iShares Russell 2000 ETF;[1]

---

[1] Plaintiff applied for the same Financial Disclosure Reports of the years 2013 and 2014. As soon as counsel receives it, the records of the Court would be supplemented.

Exhibit K: A true copy of the snap shot of iShares Russell 2000 ETF disclosure sheet published on iShares Russell 2000 ETF showing to own Encore Capital Group, Inc.;

Exhibit L: A true copy of the of the profile Encore Capital Group, Inc, has on the website of the Wall Street General showing that iShares Russell 2000 ETF owns over 500,000 shares in Encore Capital Group, Inc.

**WHEREFORE,** Elie C. Poltorak counsel for Levi Huebner respectfully requests the Court enter an Order:

(a) Pursuant to FRCP Rule 60(b)(1), (3), and (6) vacating the Court's Memorandum Opinion and Order to Show Cause; and

(b) Declining to impose any sanction plaintiff or counsel; and

(c) Declining to decide this case *sua sponte* without discovery and summary judgment;

(d) Reassigning this case pursuant to 28 U.S.C. §144 to another judge.

*In the alternative*, if any portion of the foregoing request for relief is denied, Levi Huebner respectfully requests from the Court to enter an order:

(e) Directing Levi Huebner to amend the complaint further to correct any presumed deficiency; and/or

(f) Granting leave to appeal before the entry of a judgment or any sanction; and/or

(g) Together with other relief the Court sees fit as just and reasonable under the circumstances.

## **VERIFICATION**

I Elie C. Poltorak, verify pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, that I conducted a reasonable inquiry to the facts and laws stated in the foregoing pleading, and certify in good faith that under the circumstances:

1. The factual allegations stated in the foregoing related to myself and Levi Huebner are true to the best of my knowledge.

2. The factual allegations stated in the foregoing related to the defendant is made to the best of my knowledge by familiarity of the facts and statements defendant or its agents made, while reserving the right to verify its veracity or dispute them.

Dated: Brooklyn, NY
      March 18, 2015

                          Respectfully submitted,

                          **POLTORAK PC**

                        /s/ Elie C. Poltorak

                        By: Elie C. Poltorak

                        668 Crown Street
                        Brooklyn, NY 11233
                        Tel: (718) 943-8815

                        *Attorneys for Plaintiff*

I Levi Huebner, verify to pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, that I conducted a reasonable inquiry to the facts and laws stated in the foregoing pleading, and certify in good faith that under the circumstances:

1. The factual allegations stated in the foregoing related to myself are true to the best of my knowledge.

2. The factual allegations stated in the foregoing related to the defendant is made to the best of my knowledge by familiarity of the facts and statements defendant or its agents made, while reserving the right to verify its veracity or dispute them.

Dated: Brooklyn, NY
March 18, 2015

Respectfully submitted,

_____
Levi Huebner, Plaintiff
535 Dean Street,
Brooklyn, NY 11217