# Exhibit I

# COLLECTION PRACTICE MADE EASY

## 2014 Seminar Material

S421.14

New Jersey Institute for
Continuing Legal Education

A Division of the State Bar Association
NJICLE.com



# COLLECTION PRACTICE MADE EASY

**Moderator/Speaker**
> **Gerard J. Felt, Esq.**
> *Pressler & Pressler, LLP*
> *(Parsippany)*

**Speakers**
> **Eric H. Fields**
> *Court Officer*
> *(Hackensack)*
>
> **Lloyd Garner, Esq.**
> *Chief, Special Civil Part Services*
> *(Trenton)*
>
> **Mitchell J. Malzberg, Esq.**
> *Law Offices of Mitchell J. Malzberg LLP*
> *(Clinton)*
>
> **Catherine E. Youngman, Esq.**
> *Forman Holt Eliades & Youngman, LLC*
> *(Paramus)*



S421.14

Table of Contents

|  | Page |
|---|---|
| **Fair Debt Collection Practices Act**<br>Gerard J. Felt, Esq. | 1 |
| Compliance | 1 |
| Notices | 2 |
| Rules to Follow | 3 |
| Penalties | 5 |
| Conclusion | 6 |
| **Judgments**<br>Gerard J. Felt, Esq. | 7 |
| How to Collect | 7 |
| Knowing the Defendant | 11 |
| Types of Executions | 14 |
| Enforcing Court Orders | 21 |
| Conclusion | 23 |
| Exhibits | |
| A – Judgment | 25 |
| B – Types Executions | 26 |
| C – Enforcement of Court Orders | 27 |
| Wage Garnishments – Procedure | 29 |
| D – Information Subpoena and Written Questions | 35 |
| E – Information Subpoena and Written Questions to Non-Parties | 47 |
| F – Notice of Demand to Produce Schedule of Assets | 49 |
| G – Notice of Application or Wage Execution (Special Civil Part) | 51 |
| H – Involuntary Allotment Application | 67 |
| I – Notice to Debtor | 69 |
| J – Statement for Docketing | 70 |
| K – Notice of Motion for Order Enforcing Litigant's Rights | 71 |
| **Forms Necessary to Collect Debts in the Special Civil Part,<br>Law Division, and United States District Courts**<br>Steven J. Mitnick, Esq. | 79 |
| Special Civil Part Debt Collection | 81 |
| Exhibits | |
| A | 83 |
| B | 87 |
| C | 97 |
| D | 101 |
| E | 107 |
| F | 111 |
| G | 119 |
| H | 137 |
| I | 141 |

Law Division Debt Collection   145
Exhibits
   A   147
   B   151
   C   163
   D   167
   E   173
   F   177
   G   181
   H   187
   I   191
   J   195
   K   199
United States District Court   203
Exhibits
   A   205
   B   217

Post Judgment Discovery
Dakar R. Ross, Esq.   221

Appendices from *2002 Edition, Rules Governing the Courts of
The State of New Jersey – Comments and Annotations by*
Sylvia B. Pressler   221

Appendix XI-L:  Information Subpoena and Written Questions   221
Appendix XI-M:  Notice of Motion for Order Enforcing Litigant's
Rights   226
Appendix XI-N:  Certification in Support of Motion for Order
Enforcing Litigant's Rights   227
Appendix XI-O:  Order for Arrest   228
Appendix XI-P:  Certification in Support of Application for Arrest
Warrant   229
Appendix XI-Q:  Warrant for Arrest   230
Appendix XI-R:  Information Subpoena and Written Questions to
Non-Parties   231

Notice to the Bar re:  Civil Case Information Statement (Civil CIS)   233

Civil Case Information Statement (CIS)   235

Brief Background on the History of Special Civil Part Court Officers   237

Notice to the Bar:  Proof of Service for Documents Electronically Filed and
Served Using a Judiciary-Authorized Electronic Filing System – Supreme
Court Relaxation of Rules 1:5-2 and 1:5-3 – Applicability to the Judiciary's
e-Courts System   239

Notice to the Bar:  Amendments to Rules Appendices XI-I, XI-J, and XI-L –
Notice of Application for Wage Execution, Wage Execution, Information
Subpoena   241

Memo to Assignment Judges re:  Special Civil Part – Rule Relaxations –
Delegation of Approval Authority for Revisions to the Special Civil Part
Summons; Use of Electronic Return Receipts                    243

Checklist, Judgment by Default Deficiencies                   245

*N.J.S.A.* 2A:18-27                                           247
*N.J.S.A.* 2A:17-56.6                                         248
*N.J.S.A.* 2A:18-29                                           249

Appendix XI-H Execution Against Goods and Chattels           251

About the Panelists…                                         253

1

## FAIR DEBT COLLECTION PRACTICES ACT
Gerard J. Felt, Esq.

### COMPLIANCE

Do not become a defendant.

The Fair Debt Collection Practices Act applies to attorneys that are attempting to collect debts either through pre-litigation, communication, or through litigation against consumers. The Fair Debt Collection Practices Act at one time did not apply to attorneys. When the Act was modified to apply to attorneys, they did not take into consideration the litigation aspects and the various rules and procedures of the Courts in the various states.

The Fair Debt Collection Practices Act does not apply to commercial debts (i.e. debts against businesses and corporations). If you are pursuing an individual who personally guarantees a business debt and a corporation, it is wise always to comply with the Fair Debt Collection Practices Act as to the individual even though you may believe that the debt is a debt of a corporation with a personal guarantee. SAFETY is always the best course of action. If you are unsure as to whether you must comply, always comply.

A consumer debt is when credit is given for personal, family, or household purposes. The Fair Debt Collection Practices Act applies to debt collectors and not to original creditors. However, if an original creditor dictates your actions as to how you are to handle your attempts to collect the debt, either pre-litigation or after litigation, they may subject themselves to an action under the Fair Debt Collection Practices Act because they are no longer the creditor when they are dictating your collection efforts. Also be careful that your client does not offer to assist you in your collection efforts by mailing

2

letters out for you or using your letterhead. This is not only a violation of the Fair Debt Collection Practices Act, but also may be a violation of the <u>Rules of Professional Ethics</u>. Thus, you will find that there may be inconsistencies between State Rules and Procedures and litigation procedures and the Fair Debt Collection Practices Act. Always comply with the Fair Debt Collection Practices Act.

### NOTICES

Within five (5) days of your first communication, you must give what we call the "mini-miranda" or validation notice to the defendant. A copy of a validation letter is attached hereto. It includes the amount of the debt, the name of the creditor, and that the defendant has thirty (30) days in which to request validation of the debt and that he disputes the debt. This request must be in writing, and you must supply him with validation before you are able to proceed on the matter. He may also ask for the name and address of the original creditor.

The initial communication must indicate, "This is an attempt to collect a debt and any information obtained will be used for that purpose." All future communications merely must identify you as a "debt collector". I would recommend that you wait thirty-one (31) days after your validation letter is sent out before instituting suit or pursuing the defendant. This will prevent an over-shadowing of the thirty (30) day period allowed in the letter in which to give the defendant the opportunity to dispute the debt.

If you communicate with the defendant within the thirty (30) day period, which you may, you must be extremely careful as to the content of your conversation. At no time can you demand payment within that thirty (30) days for to do so would be considered an over-shadowing of his right to dispute the debt and would be considered a

violation of the Fair Debt Collection Practices Act. Even though the Fair Debt Collection Practices Act does not apply to legal papers or formal pleadings, many attorneys will include on their legal proceedings that they are debt collectors. I do not think that this is necessary, but once again, safety is the key factor here.

If the defendant disputes the debt within the thirty (30) days, same must be in writing. However, even if it is not in writing, I would suggest sending the defendant proof or validation of the debt to be safe.

## RULES TO FOLLOW

*Other rules to comply with under the Fair Debt Collection Practices Act are as follows:*

A. If the defendant has an attorney, deal with the attorney only. This is also an ethical issue and required under the Rules of Professional Ethics.

B. Do not harass or abuse the defendant. Do not threaten to do what you have no intention of doing. There is no reason to do this as the laws in New Jersey supply you with so many tools with which to collect the debt, there is no need to get into a harassing and/or threatening communication. Even though the defendant may feel threatened by what you can do legally, those are not violations. It is only a violation when you threaten to do that which you have no intention of doing or cannot do (i.e. threaten to do a wage garnishment when you do not know where the defendant is employed).

C. Do not lie or mislead the defendant. Do not demand what you are not entitled to.

4

D. If the defendant demands you to cease communications, then cease communications. This does not mean that you cannot continue with your legal pursuits. Many defendants misinterpret this. Many defendants will send you a letter indicating, "to cease communications as your services are no longer requested. Please do not send any further legal papers to them." This should only be taken as an indication that you are supposed to cease communications, i.e. phone calls and letters. You may still continue to pursue the legal rights of your clients under New Jersey laws.

E. If you are communicating with a third party, do not misrepresent who you are or disclose that you are collecting a debt to this third party. Some possible exceptions may be for spouses. However, when dealing especially with consumer credit counseling groups and mortgages, they usually have a written authorization from the defendant to discuss this matter with them. I would suggest obtaining a copy of this for your records and then once permission is disclosed, then you will be able to communicate and negotiate with these groups.

F. Sue where the contract is signed or where the defendant lives. Even though New Jersey law allows you to sue where the debt is incurred or where at least one of the parties is, the Fair Debt Collection Practices Act is more strict, and you should comply with the Fair Debt Collection Practices Act. An issue is often raised as to whether you can serve a defendant at the defendant's place of employment. Since the place of employment is not a residence, I would suggest not suing the defendant at the place of employment unless you have a

signed contract in New Jersey. The risk of serving somebody at the place of employment is that somebody else will get the service, and you will then be violating the Fair Debt Collection Practices Act by making a third party disclosure. It is especially true since most courts in the Special Civil Part serve by mail. If a letter is mailed to the defendant at the place of employment and somebody at the employer opens up the mail innocently, you could be found in violation of the Fair Debt Collection Practices Act.

G. Do not accept post-dated checks. If you accept a post-dated check, there are strict guidelines as to how you must notice the defendant. If you do not comply with these, you will be held in violation of the Act. I would recommend strongly that you do not accept post-dated checks. Return them and advise the defendant to re-send them to you when they are due.

H. Remember in all cases that the standard in dealing with the defendant is that of the least sophisticated consumer.

Even an attorney or a Yale graduate is subject to the same standard. If you are dealing with an attorney or Yale graduate who is a defendant, you must treat them as if they are the least sophisticated consumer. Even though they know what the law is, this does not exonerate you from compliance with the Act.

## PENALTIES

By violating the Fair Debt Collection Practices Act, you will end up making yourself a defendant. A basic violation may cost you up to $1,000.00 or five (5) percent of your net worth in a class action case. However, the greatest fees come when you are sued because then you will be subject to attorneys fees. An attorney suing you for a

6

debtor under the Fair Debt Collection Practices Act will serve you with Interrogatories immediately and attempt to build up. A build up of attorneys fees is a very common practice. The way to prevent this when you are sued is to make an offer of judgment right away unless you feel 1000% that you are not in violation of the Fair Debt Act. However, even your own attorneys fees may exceed the amount, and an offer of judgment may be in the best interest of your firm.

## CONCLUSION

In conclusion, prevention, knowledge, and safety are your most important factors. Always take necessary steps to make sure you are in full compliance with the Fair Debt Act whether you do a small amount of cases or a large amount of cases. Some people will think that this is "only one case for a friend". But what happens when next week you have another friend who needs a case or next month another case? All of a sudden, you are doing a multitude of collection cases. That first case then requires you to comply with the Act, and if you have not complied with the Act on the first case, you are in violation of the Act. **PREVENTION**. Always teach your staff about the Act, and make sure that they are fully aware of it and comply. If you are sued and you have taken all reasonable steps necessary to ensure that there is no violation of the Act and a mistake is made, this will also help your defense and mitigate any damages. It is always best not to violate the Act. Do not make yourself a defendant.