July 21, 2015

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Huebner v. Midland Credit Management, Inc.</u>, Case No. 1:14-cv-06046-BMC
              **Joint letter regarding discovery**

Dear Judge Cogan:

    The parties respectfully submit to the Court an update regarding the progress of discovery in this matter. In compliance with Local Civil Rule 37.3, Defense counsel Matthew Johnson and Plaintiff's counsel Elie Poltorak discussed the discovery issues addressed in this letter via telephone on June 29, 2015, from approximately 9:00 PM to 9:20 PM, as well as in emails. In short, both parties assert that they properly served written discovery on the other via US Mail on May 29, 2015, and both parties assert that they never received the mailing.

    <u>Facts on which the Parties Agree</u>:

    On May 7, 2015, the Court conducted a Discovery Conference at which both Parties agreed to serve all written discovery requests (including document requests and interrogatories) by May 24, 2015. Plaintiff's deposition of Defendants' 30(b)(6) witness and Defendants' deposition of Plaintiff were to be completed by July 8, 2015, with Plaintiff's motion for class certification (if any) to be filed by July 22, 2015. All fact discovery was to be completed by August 31, 2015.

    On May 22, 2015, Plaintiff wrote the Court requesting that the May 24, 2015, deadline to serve written discovery be extended 20 days (to June 13, 2015), noting that Plaintiff had just filed a Second Amended Complaint and that the present deadline fell on or near various holidays. Docket No. 30. Plaintiff asked to submit a revised Case Management Plan.

    That same day, the Court granted Plaintiff's Motion for Extension of Time to Complete Discovery in part, ordering that all written discovery requests, including document requests and interrogatories, be served by May 29, 2015. The Court noted that it would not accept a revised Case Management Plan because no reason had been given showing that the Parties were unable to meet the previously set discovery schedule as modified by the Court's Order.

    On May 28, 2015, Plaintiff asked Defense counsel to file a Third Amended Complaint, to which Defendants did not object. On May 29, 2015, the deadline on which to serve written discovery, Plaintiff's counsel filed a letter with the Court requesting an extension to serve discovery demands to June 30, 2015, to reflect Defendants' anticipated answer to the Third Amended Complaint. Docket No. 34. Counsel for Defendants consented to Plaintiff making the request to extend discovery but did not join in the request.

      The Court denied Plaintiff's Motion, stating that the Parties had not shown that particularization as to the allegations regarding each Defendant would materially affect discovery. The Court also noted that it was "not inclined to view requests for extensions favorably when they are without good cause and are made at the last minute, as both such request have been. The parties risk waiving discovery if they do not comply with the Court's scheduling orders."

      Both Parties claim to have served written discovery on the other by mail on May 29, 2015. Plaintiff also claims to have served a notice of deposition of Defendants' Corporate Representatives with its discovery requests. Each Party claims that it did not receive the other Party's materials that were allegedly mailed on May 29, 2015.

      On June 19, 2015, Defendants' counsel mailed and emailed a deposition demand to Plaintiff, noting that Defendant expected responses to its written discovery prior to the July 2, 2015 deposition. Plaintiff responded, stating that they had not received Defendants' discovery requests and attached Plaintiff's written discovery requests and a deposition notice for Defendants' corporate representatives in the form of PDF documents, dated 5-29-15.  That day, Plaintiff also informed Defendants' counsel that Plaintiff had issued a subpoena to Verizon, the creditor in connection with the debt that gave rise to this suit, and that he would provide Defendants' counsel a copy of the subpoena.  On June 19, 2015, Defense counsel emailed and mailed copies of its written discovery to Plaintiff's counsel and stated that Defendants expected timely answers of its timely served discovery. On July 9, 2015, Plaintiff provided to Defendants production of Verizon's discovery production.

      Thereafter, Defendants' counsel provided Plaintiff Certificates of Service, executed by Defendants' counsel, for Defendants' Interrogatories, Requests for Production and Requests for Admission, reflecting that counsel had served each by first class mail on May 29, 2015, mailed to Elie C. Poltorak, Poltorak PC at 1650 Eastern Parkway, Suite 400, Brooklyn, NY 11233. The address reflected in Plaintiff's counsel's letterhead, which counsel used to file multiple letters with the Court, is 668 Crown Street, Brooklyn, NY 11213, though the address Mr. Poltorak provided the Eastern District of New York was, and remains, the Eastern Parkway address as reflected in the Court's ECF docket under the attorneys associated with this case.

      Plaintiff provided proof of service, by way of an affidavit, stating that Plaintiff served Defendants' counsel with discovery requests via first class mail on May 29, 2015 to Defense counsel's address. Additionally, Plaintiff's counsel provided a photocopy of the envelope addressed to Defendants' counsel bearing a metered stamp dated May 29, 2015.

      On June 26, 2015, Plaintiff's counsel proposed that the parties agree to respond to each other's written discovery requests by June 29, 2015.  The proposal offered that Plaintiff appear for a deposition at the United States Courthouse for the Eastern District of New York, while the deposition for Defendants 30(b)(6) witness may appear at Defendants' office, if Defendants provide the videoconferencing services at Defendants' own cost, in lieu of asking Plaintiff to travel to a location near Defendants' offices in San Diego, California. Defendants agreed to depose Plaintiff in Brooklyn at the United States Courthouse for the Eastern District of New York but did not agree to provide videoconferencing services at its own cost.

---

Defendants' Asserted Facts

On May 7, 2015, Defendants provided Plaintiff its Rule 26(a) disclosures. On June 25, 2015, Defendants supplemented these disclosures by providing Plaintiff a copy of the chain of title for Plaintiff's former Verizon account.

On May 29, 2015, Defendants' counsel completed Defendants' written discovery requests to Plaintiff and certificates of service and personally placed the discovery materials, bearing proper first class postage, in the mail receptacle outside the United States Post Office at 114 John St, New York, NY. The package bore a return address of Defense counsel's office but was never returned to sender. It was addressed to Plaintiff's counsel Elie Poltorak at 1650 Eastern Parkway, Suite 400, Brooklyn, NY 11233. Defense counsel obtained this address from this case's ECF filings under the "Attorney" section and verified it by checking Mr. Poltorak's firm's website.[1] Defense counsel notes that Plaintiff's counsel is obligated, under Local Civil Rule 1.3(d), to immediately notify the Clerk of Court if he changes his office address and further is obligate to serve and file a notice of change of address in each pending case in which he has appeared. Mr. Poltorak has failed to do so, which directly led to a portion of the current dispute. Plaintiff was properly served with Defendants' discovery materials. Pursuant to Fed. R. Civ. P. 33(b)(2) and 6(b)(2), responses were due on July 1, 2015.[2]

Defendant's counsel has never had problems receiving properly addressed mail but did not receive Plaintiff's discovery and deposition notice until opposing counsel's paralegal emailed them to Defense counsel on June 19, 2015. Further, Defense counsel did not receive the subpoena that Plaintiff's counsel claims to have served upon Verizon New York, Inc. via CT Corporation System, 111 Eighth Avenue, New York, NY 10011 until Plaintiff's counsel's paralegal emailed it to Defense counsel on June 28, 2015 (though it is also dated May 29, 2015).

On June 19, 2015, Plaintiff's counsel's paralegal emailed Defense counsel a deposition notice "duces tecum" dated May 29, 2015, that Defense counsel had not previously been served or otherwise received. The document both noticed the deposition of corporate representatives of Defendants and improperly demanded the production of a large quantity of documents, some relevant to the claims at issue, others not. Defendants assert that the duces tecum requests, when served upon a party to the suit, constitute untimely Rule 34 production requests. Further, the notice of deposition also explicitly includes untimely demands pursuant to Fed. R. Civ. P. 30 and 34.

Plaintiff's counsel's paralegal also emailed to Defendants what he contended was proof of service of Plaintiff's discovery requests, notarized by Plaintiff's counsel's paralegal, upon Defendants. Defendants rejected

---

[1] http://www.poltoraklaw.com

[2] Defendants note that the signature blocks of the first two complaints that Plaintiff filed in this matter (Dockets No. 1 & 3) bear Mr. Poltorak's electronic signature but provide no address. The third and forth complaints (Dockets No. 29 & 35) bear Mr. Fogel's signature but not the 668 Crown Street address Mr. Fogel provided in his notice of appearance (Docket No. 27); rather they provide Mr. Fogel's address as 26 Court Street, Suite 908, Brooklyn, NY 11242. Below, Plaintiff alleges that the Notices of Appearance filed as Docket Nos. 24 and 27 demand "service of all papers at 668 Crown Street," however, these were filed by, and demand service on, Plaintiff's counsels Mr. Gross and Mr. Fogel , respectively. Mr. Poltorak has been acting as lead counsel and is the opposing counsel with whom Defense counsel has been speaking the entire time. Mr. Poltorak did not enter a separate appearance.

Plaintiff's of service for two reasons: First, the notary stamp expired on April 8, 2015; second, the notary's commission is from the State of New Jersey though the affidavit asserts that it was executed in Kings County, New York.

In order to address the issue of when Plaintiff prepared and mailed his discovery requests to Defendants, on June 19, 2015, Defendants' counsel requested that Plaintiff's counsel provide his original Word discovery documents, with their metadata intact, to allow Defendants to determine if Plaintiff had in fact printed his discovery materials on May 29, 2015, and whether the discovery materials had been modified after that date. Defendants' counsel has since offered to provide Defendants' Word discovery documents with metadata intact. Plaintiff's counsel refused, citing concerns of attorney client privilege and attorney work product and asserting that his Word documents did not contain metadata. Plaintiff's counsel also refused Defense counsel's proposal to ask that the Court conduct an in camera review of the Word documents constituting Plaintiff's discovery materials.

Plaintiff's counsel refuses to acknowledge Defendants' multiple requests for Plaintiff's metadata in the Agreed-upon facts section, stating that Defendants did not specify what metadata they sought and how Plaintiff may obtain it. Defendants have been clear that all Plaintiff need do is send the original, unscrubbed Word files containing Plaintiff's discovery requests to Defendants. What Plaintiff's counsel did provide is not the metadata from Plaintiff's discovery requests and it does not indicate all times and dates that Plaintiff's discovery materials were printed or modified. Defendants remain willing to provide its original Word documents or a PDF of the metadata which Defendants extracted from its own discovery materials on June 19, 2015.

On July 2, 2015, Defendants' counsel provided Plaintiff's counsel a draft Joint Letter to the Court setting forth the discovery dispute and asked Plaintiff's counsel to review the proposed letter and insert Plaintiff's asserted facts. Plaintiff's counsel's paralegal returned a modified version of the letter. Defense counsel asked that Plaintiff's counsel confirm that the letter was ready for filing. Instead, Plaintiff's counsel prepared and, on July 7, 2015, his paralegal emailed to Defendants' counsel responses to Defendants' Requests for Production and Interrogatories, though not Defendants' Requests for Admissions, and asked that this letter be modified to reflect this. Among the discovery responses is a letter dated June 30, 2015, from a debt collector, IC System, providing documents in response to a subpoena from Plaintiff's counsel Jacob T. Fogel. Defendants were never notified that Plaintiff issued a subpoena or provided a copy of the subpoena to IC System in contravention of Fed. R. Civ. P. 45(a)(4).

On July 15, 2015, Defendants were first served Plaintiff's discovery requests, which Defendants regard as untimely

Plaintiff improperly seeks to have Defendants pay for videoconferencing of Defendants' 30(b)(6) representatives' depositions. Defendant has no objection to its corporate representative(s) being deposed in a videoconference but requires that Plaintiff make all arrangements to conduct the deposition at an appropriate location in San Diego, most likely a court reporter's office, and bear the costs. If conducted in person, Defendants ask that Plaintiff arrange for an off-site location within the vicinity of Defendants' offices in San Diego to conduct the deposition.

Plaintiff refused, without providing a reason, to be deposed at the office of Defense counsel at 88 Pine St, 21st Floor, New York, NY, stating that he would only be deposed within the Eastern District of New York. Defendants' counsel believes that Plaintiff is obligated to move for a protective order should he refuse to be

deposed in a reasonable location such as 88 Pine Street, New York, NY and will seek to conduct the deposition at that address unless Defense counsel is able to secure a suitable room in this Court at 225 Cadman Plaza.

It is Defense counsel's belief that Plaintiff's counsel missed the deadline by which to issue written discovery and is attempting an end run around the deadline by claiming that the materials were properly mailed. It strains credulity that the discovery materials for both Parties were lost in the mail, particularly where Plaintiff's counsel requested, and was denied, an extension to serve discovery hours before the deadline to serve expired. Plaintiff terms these concerns "trivial" and, in an apparent effort to divert the Court's attention from Plaintiff's failure to abide by the Court's discovery schedule, produced and served responses to Defendants' discovery requests on July 7, 2015, instead of working with Defense counsel to complete this joint letter.

The fact that Plaintiff claims to have issued a subpoena to Verizon on May 29, 2015, without notifying Defense counsel as required under Fed. R. Civ. P. 45(a)(1)(D)(4) until June 19, 2015, and did not provide a copy of the Verizon subpoena until June 28, 2015 (after several requests from Defense counsel) and never provided a copy of Plaintiff's subpoena to IC Systems as required is further evidence that Plaintiff did not issue discovery in a timely fashion. Plaintiff adamantly denies this and states that pursuant to the mailbox rule, Defendants and the subpoenas he issued are considered timely served.[3]

To address Plaintiff's contentions, Defendants requested Plaintiff's Word discovery files with metadata intact, but Plaintiff refused. Defendants are willing to provide their original Word files, the metadata of which reveal that the documents were last modified and printed on May 29, 2015. Defendants believe that an in camera review of the Parties' metadata may reveal what actually happened and asks that the Court consider conducting such an examination. If the Court is not so inclined, Defendants ask that the Court rule that Plaintiff has waived the right to issue written discovery. Should the Court permit Plaintiff to conduct written discovery, however, Defendants propose a resolution below.

<u>Plaintiff's Asserted Facts</u>

Despite Defendants failure to properly serve discovery demands, Plaintiff has nevertheless responded to the demands in an attempt to avoid wasting the Court's time with trivial discovery disputes. By contrast, Defendants simply refuse to respond to any of Plaintiff's properly-served demands and asserts a variety of frivolous excuses for such failure.

Plaintiff's address designated for service, for all papers and notices in this case, is 668 Crown Street as reflected in the multiple filings of Plaintiff. Notably, Plaintiff's two notices of appearance Docket No. 24 and 27 demanded service of all papers at 668 Crown Street. In fact, Midland Credit Management's ("MCM") initial Rule 26 Disclosure (albeit incomplete) dated May 8, 2015 is addressed to 668 Crown Street. However, Defendants for some unknown reason addressed its discovery demands to an address not designated for service on Plaintiff. As a result, Plaintiff never received Defendants demands until they were e-mailed on June 19, 2015. Nevertheless, on July 7, 2015, Plaintiff responded to the demands as expeditiously as possible, so as to avoid wasting time on trivial discovery disputes and move this matter toward resolution. Thus, all of the issues raised by Defendants with respect to Plaintiff's discovery responses are simply moot.

By contrast, Defendants continue to stonewall and refuse to provide any discovery to Plaintiff, despite the fact that Plaintiff's discovery requests were served on May 29, 2015. Additionally, Plaintiff furnished copies

---

[3] Plaintiff apparently believes that non-party subpoenas were subject to the May 29, 2015 deadline for service.

of said demands via e-mail, along with proof of timely service and a snapshot of the envelope used for the mailing. The envelope addressed to Defendants' counsel bearing a metered stamp dated May 29, 2015, along with the affidavit of service is *prima facie* evidence of the date of service.

Defendants make hay of the alleged defect of the notarization of the Certificate of Service, but under the Federal Rules, no notarization is necessary altogether. FRCP Rule 11(a)

Rather than complying with its discovery obligations, Defendants then demanded the metadata for Plaintiff's discovery demands. Defendants failed to cite any legal authority for its fishing expedition. Plaintiff's counsel nevertheless went above and beyond and furnished a PDF printout of all of the metadata from the relevant MS Word file, showing that the file was last Modified on May 29, 2015—the day it was served. Yet, even this failed to satisfy Defendants.

Defendant now accuses Plaintiff's counsel of refusing to provide additional metadata that would show each time the file was printed. Defendants' assertion is simply untrue. Plaintiff's counsel has repeatedly explained that to his knowledge, no such metadata exists, as MS Word does not preserve a record of every printing. Rather than explain how such metadata could be obtained (it could not as it does not exist), Defendants now demand that Plaintiff furnish an "unscrubbed" Word file of the discovery demands, in violation of attorney client privilege, attorney work-product, and attorney-client communications (in the form of revisions and comments).

When these issues first arose, pursuant to FRCP Rule 29(b), Plaintiff originally proposed that the parties agree to respond to each other's discovery demands on or before June 29, 2015. Defendants rejected Plaintiff's proposal and insisted on prolonging its trivial discovery disputes. Nevertheless, Plaintiff furnished its discovery responses at the earliest possible date. Defendants should be compelled to do likewise and otherwise be sanctioned for its gamesmanship and stonewalling.

It is simply outrageous that Defendants continue to circumvent its obligation to comply with Plaintiff's discovery requests. Defendants' baseless allegations are scurrilous and sanctionable. Notably, Defendants do not argue that Plaintiff's deposition demands for the 30(b)(6) witness is untimely. Rather, Defendants concoct excuses for the continued avoidance of complying with FRCP 26(a) and producing the 30(b)(6) witness.[4]

With respect to depositions, Plaintiff believes that, pursuant to FRCP Rule 45(c)(1)(B)(ii), all depositions should be held in the Eastern District of New York. It is undisputed, that Defendants regularly transact business in the Eastern District of New York. *See* FRCP Rule 45(c)(1)(B).

Nevertheless, by way of compromise, Defendants should provide a suitable videoconferencing service for such deposition. Plaintiff realizes that a 30(b)(6) witness can easily be coached behind the scenes, compromising the integrity of testimony and mislead the fact finder, as echoed by FRCP 30(b)(5)(B) "The deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques." While Defendants insist that the 30(b)(6) witness appear by audio from California, Defense counsel also requests that the deposition of its witness be held at its office in New York. Plaintiff requests that Defendants provide the videoconferencing of the 30(b)(6), or appear here in New York. The reality is, Defendants 30(b)(6) witness is testimony based on company records as opposed to a person testifying about personal experience with firsthand

---

[4] It is noteworthy that Defendants' Rule 26 disclosure was deficient. Plaintiff is not presently seeking to involve the Court in this dispute, as these deficiencies should be cured by Defendants' response to Plaintiff's outstanding discovery demands.

knowledge.  Given Defendants persistent evasion of production, a mere audio deposition would deprive Plaintiff of an honest and open deposition. Thus, Plaintiff requests that the 30(b)(6) deposition be held via videoconferencing, with the expense paid by Defendants because the video must be set up in their office.

Plaintiff's Proposed Resolution

Wherefore, Plaintiff's propose that the Court resolve the discovery complications initiated by Defendants as follows:

- Defendants shall provide written discovery responses (including document requests and interrogatories) on or before July 24, 2015 with service via e-mail;

- Plaintiff's deposition of Defendants' 30(b)(6) witness(es) to be held by a videoconference or in person within the Eastern District of New York on or before August 7, 2015, with the cost of the videoconference to paid by Defendants. The court reporting and transcription will be paid by Plaintiff;

- Defendants' deposition of Plaintiff be held at the office of Plaintiff's counsel, the office of the court reporter, or the Courthouse on or before August 6, 2015;

- Plaintiff's motion for class certification (if any) be filed by September 8, 2015;

- All fact discovery to be completed by October 13, 2015.

Defendants Proposed Resolution

The Defendants propose, should Court not determine that Plaintiff waived written discovery, to modify the Case Management Schedule as follows:

1. Responses to written discovery (including document requests and interrogatories):  Thirty days after the Court issues an Order concerning discovery matters.

2. Plaintiff's deposition of Defendants' 30(b)(6) witness(es): Within 30 days of the deadline to respond to written discovery; all costs to be paid by Plaintiff.

3. Defendants' deposition of Plaintiff:  Within 30 days of the deadline to respond to written discovery.

4. Plaintiff's motion for class certification (if any):  September 8, 2015

5. All fact discovery completed: October 13, 2015

        Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN COLEMAN & GOGGIN, P.C.**

By: /s/ Matthew Johnson
Matthew B. Johnson (MJ 1622)
Attorneys for Defendants Midland Funding, LLC and Midland Credit Management, Inc.
88 Pine Street, 21st Floor
New York, New York 10005-1811
Ph: (212) 376-6433
MBJohnson@mdwcg.com

**POLTORAK PC**

/s/ Elie C. Poltorak
_____
Elie C. Poltorak
Attorneys for Plaintiff
668 Crown St.
Brooklyn, NY 11213
(718) 943-8815
elie@poltoraklaw.com