

ב"ה

August 17, 2015

**VIA ECF:**

The Honorable Brian M. Cogan
United States District Court, Eastern District of New York
225 Cadman Plaza South, 704S
Brooklyn, NY 11201

      Re:    <u>*Huebner v. Midland Credit Management*,</u> **Case No. 14-cv-06046-BMC**

Dear Judge Cogan:

We represent the Plaintiff in this action.

At the Discovery conference held on May 7, 2015, Your Honor directed that the parties serve all document requests by May 24, 2015. On May 22, 2015, Plaintiff sought an extension (Defendants took no position), and by order of even date the Court directed that all discovery be served by May 29, 2015.

Thereafter, all parties served discovery demands on May 29, 2015. However, while Plaintiff duly responded to Defendants' discovery demands, Defendant refused to respond to Plaintiff's discovery demands arguing that Plaintiff had waived discovery.

The parties submitted to the Court a joint letter setting forth their respective positions. By order dated July 21, 2015, the Court directed that:

> Defendants are to respond to plaintiff's written discovery requests by 8/10/15 . . . depositions of plaintiff and defendants' 30(b)(6) witnesses are to be completed by 8/24/15. If the parties cannot work these issues out, the depositions of defendants' 30(b)(6) witnesses will be held in person at the Courthouse at 225 Cadman Plaza East and plaintiff will pay all costs for the travel and lodging of defendants' witnesses as well as the recording costs.



Page 2

Plaintiff complied with all of Defendants' discovery demands, and, pursuant to a deposition notice dated August 12, 2015, Plaintiff is scheduled to be deposed on August 17, 2015.

On August 10, 2015,[1] in anticipation of Defendants' responses to the discovery demands, we notified counsel that we have availability for **August 18, 19, 20, 21, and 24** to depose Defendants' 30(b)(6) witness in the Courthouse.

On August 12, 2015 the parties held a telephonic conference with the Court, wherein, the parties assured the Court that discovery was on track to be completed by the deadline.

Shortly thereafter, while discussing the urgent need to complete Defendants production, including documents held under claims of confidentiality pending entry of a protective order therein, while ensuring that discovery was completed in time to depose Defendants' witness, Defendants' counsel indicated that his witness, may require a few extra days to be produced, at such time, the undersigned requested that since Plaintiff is paying for lodging and travel, he would prefer to use his travel agent to minimize costs.

The next day counsel for Defendants sent an email requesting an extension of a "week or two after August 24" for the 30(b)(6) witness to be deposed. I replied that Plaintiff indicated he would not take a position regarding the request, provided that, Defendants agree to Plaintiff's request regarding travel arrangements—an eminently reasonable request to prevent bickering over costs and delays in producing Defendants 30(b)(6) witness. Defendant unreasonably refused.

---

[1] Defendants were initially served with a deposition demand on May 29, 2015 calling for deposition of Defendants 30(b)(6) witness at 10:00 a.m. Eastern Standard Time, on July 6, 2015 . . . and will continue until completed.



Page 3

Now by letter of even date Defendants seek not a "week or two" but rather a 31day extension to September 24, 2015 to produce its 30(b)(6) witness.

However, the foregoing request of Defendants fabricated as a pretext to garner more time, due to their failure to comply with Plaintiff's discovery demands, is impracticable and improper for the following reasons:

1. From September 14, 2015 through October 6, 2015 Plaintiff and all of his counsel will be unavailable due to the upcoming holidays of Rosh-Hashanah, Yom Kippur Eve, Yom Kippur, Sukkot, and Simchat Torah.

2. Plaintiff and his counsel have held their calendar open for August 18, 19, 20, 21 and 24 to accommodate Defendants in producing its 30(b)(6) witness.

Thus, Defendants request for a 31 day extension sought without conferring with Plaintiff regarding conflicts due to the upcoming high holiday schedule, causes a burden on Plaintiff and his counsel, does not allow Plaintiff adequate time to depose Defendants 30(b)(6) witness, or complete the motion for class certification.

Moreover, Defendants have withheld crucial documents under claims of confidentiality, claiming the need for a protective order, Defendants had ample opportunity to seek a protective order prior to their production deadline, in fact to date, Defendants' have yet to furnish a draft of a proposed protective order.



Page 4

The Court should deny the Defendants request for an extension, order Defendants to produce its 30(b)(6) witness on or before August 24, 2015, require Defendants to produce outstanding discovery at least 72 hours prior to the deposition, and direct Defendants to use Plaintiff's travel agent.

                        Respectfully,

                        POLTORAK PC

                        / s / Elie Poltorak

                        _____

EP:yw                                                  Elie Poltorak