**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LEVI HUEBNER** on behalf of himself and all other similarly situated consumers, <br><br> Plaintiff, <br><br> - against - <br><br> **MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC** <br><br> Defendants. | **Civil Action No. 1:14-cv-06046-BMC** |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, and based on good cause, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure ("FRCP") 26(c)(1), and with the consent of the parties, hereby ORDERED:

1. **Scope of Order.** This Order is intended to facilitate the Parties' production of information and documents as part of voluntary disclosure and in response to discovery requests. Nothing in this Order is to be construed to expand or limit the Parties' discovery obligations. This Order covers the production and use of all Protected Documents (defined below) in this Action that constitute, contain, or disclose, in whole or in part, information which the Designating Party (defined below) designates as "Confidential." This Order is also intended to apply to any documents produced to the Parties by a non-party in connection with a subpoena in this Action.

2. **General Definitions.** For purposes of this Order, the following terms have the following meanings:

a.      Pursuant to FRCP 26(c)(1)(G) "Confidential Information" shall mean trade secrets or other confidential research, development, or commercially sensitive business information, the disclosure of which would cause competitive hardship, that is contained in Protected Documents.

b.      "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential."

c.      "Discovery Materials" shall mean and include, without limitation, Documents, including Electronically Stored Information (ESI), responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes or other items, deposition transcripts and exhibits thereto, and information provided by or on behalf of the Parties or any non-party witness pursuant to subpoena or otherwise in the course of discovery.

d.      "Document" shall mean and include, without limitation, all written material, videotapes and all other tangible items, produced in whatever format (*e.g.*, hard copy, electronic, digital, etc.) and on whatever media (*e.g.*, hard-copy, videotape, computer diskette, CD-ROM, DVD, hard drive, or otherwise) defined as broadly as permitted under FRCP 34.

e.      "Party" or "Parties" shall mean and include the parties to this Litigation.

f.      "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

g.      "Protected Documents" shall mean documents to be produced in this Litigation which contain Confidential Information.

2

3.   **Designating Confidential Information.**

a.      All designations of Confidential Information shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

b.      Documents produced by the Parties prior to the entry of this Order may be reproduced with a Confidential Information designation within ten (10) business days following the entry of this Order.  Parties in possession of documents originally produced without a Confidential Information designation that are subsequently designated Confidential Information must return or destroy copies of documents that were originally produced without a Confidential Information designation within ten (10) business days of receiving the reproduced and Confidential Information designated copies.

c.      The designation of Confidential Information may be made by marking or placing the applicable notice "Subject to Protective Order," "Confidential," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

d.      Any document or any information designated as "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown, or disclosed only as provided in this Order.

e.      The burden of proving that a Protected Document contains Confidential Information is on the Designating Party.   Prior to designating any material as "Confidential," the Designating Party must make a bona fide determination that the material is, in fact, a trade secret or other confidential research, development, or commercial information pursuant to FRCP 26(c)(1)(G).

f.      If a Party disagrees with the "Confidential" designation of any Protected Document, the party will so notify the Designating Party in writing.   Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction.   If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the Designating Party shall move the Court to confirm the confidentiality designation or redaction.   Any opposition to such motion shall be filed in accordance with the Local Rules or other applicable Order of the Court.   In the event that a motion to confirm a confidentiality designation is made in a timely manner, the document or information whose designation or redaction is objected to shall continue to be treated as Confidential, as applicable, until the motion has been resolved by the Court.   In the event that a motion to confirm a confidentiality designation is denied, the Designating Party shall cause the confidentiality legend or redaction to be removed from such documents within ten (10) business days following entry of the Court's order.

4.     **Use and Disclosure of Protected Documents.**

a.      Protected Documents and any copies thereof received pursuant to this Protective Order shall be maintained Confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used for purposes of this Action only, and subject to the limitations set forth herein.   The persons or entities identified in Paragraph 4(b)(i)-(ix) below to whom Protected Documents are disclosed pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all

4

such copies, notes, extracts, summaries, or descriptions of the Protected Documents or any portion thereof as Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Protected Documents other than in accordance with this Order.

      b.      Protected Documents shall be disclosed only to "Qualified Persons."  Qualified Persons are limited to:

      i.      The Court and its personnel;

      ii.      The Parties to this Litigation;

      iii.      Counsel of record in this Litigation, as well as paralegals, technical, administrative, and clerical employees working under the direct supervision of such counsel;

      iv.      Experts and non-attorney consultants retained by the Parties for the preparation or trial of this case;

      v.      A potential, anticipated or actual fact witness whom counsel for the disclosing Party believes in good faith is likely to have knowledge pertaining to the content of the Protected Documents to be disclosed;

      vi.      The author(s) or any recipient of the document;

      vii.      Litigation support consultants and vendors who provide litigation support services (*e.g.*, photocopying, electronic discovery, videotaping, translating, preparing exhibits, or demonstrations, etc.);

      viii.      Court reporters recording or transcribing deposition testimony; and

      ix.      any person expressly named and agreed to in writing by the Parties or by further Order of the Court.

c.      Confidential Information may be quoted or otherwise referred to in documents filed with the Court subject to paragraph 6.

d.      While the Parties may provide Protected Documents in accordance with the provisions of this Protective Order in an electronic form, such documents may not be posted on any website or Internet accessible document repository that is accessible to anyone other than "Qualified Persons" listed above.

e.      All persons described in Paragraph 4(b)(i)-(ix) above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential Information contained therein or the fact that such persons have obtained Protected Documents and Confidential Information.

5.    **Designation of Deposition Testimony.**

a.      Deposition testimony that counsel for the Party or non-party witness tendering such testimony, in good faith, believes refers to Protected Documents or information obtained therefrom shall be designated as "CONFIDENTIAL," as applicable, by such counsel by making a statement on the record for inclusion in the deposition transcript or, in writing, within thirty (30) calendar days after receipt of the transcript.

b.      When Protected Documents or information obtained therefrom is designated as Confidential in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

6

c.      To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony or trial testimony dealing with the Protected Documents or information.

d.      Any court reporter or transcriber who reports or transcribes testimony in this Action shall agree that all Confidential Information designated as such under this Order shall remain Confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

6.   **Filing Under Seal.**

a.      The parties must use best efforts to minimize the need to file documents under seal. Prior to filing any document designed as "Confidential Materials" under seal, the parties shall confer on whether the confidential information contained in the "Confidential Materials" is relevant to the issue addressed in a filing or whether a stipulation of certain facts or redaction of the confidential information may eliminate the need for sealing the document. If the confidential information is not relevant to the filing, a document should be filed with such confidential information redacted.

b.      If any party seeks to file or lodge with the Court any portion of any Protected Document or information taken from a Protected Document, that party shall e-file an "Application for Leave to File Document Under Seal" providing either a) the case caption, docket

number, assigned judge, and date of the order that authorized filing under seal; or, b) if there is no such preexisting order, the statute, regulation, or other legal basis that authorizes the filing under seal; and specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the Court should grant the request.  The Docket Entry will be public, but the attached Motion and Proposed Sealed Document(s) will be sealed. The Court will e-file an Order ruling on the Motion. If the Order grants the Motion for leave to e-file a Sealed Document(s), the attorney shall file the Sealed Document(s) again, using the appropriate Event and Sealed Document event. If the Order denies the Motion for Leave to e-file a Sealed Document(s), the attorney may then choose to either e-file it as a public document or not file it.

c.      Any party or person who believes that a filing should not have been made under seal may raise the question with the Court by letter, with copies served on all parties.

d.      Within ninety (90) days after the conclusion of this case, counsel for the Party who has received Protected Documents shall either: (a) return to the Designating Party the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, or (b) securely destroy the Protected Documents, including any documents which any such Party disclosed to any Qualified Person, and certify in writing such destruction to the Designating Party.

7.    **Inadvertent Production.**

     a.    Inadvertent or unintentional production of documents or information containing information which should have been designated as Confidential shall not be deemed a waiver in whole or in part of the Party's claims of confidentiality.   If a Party has inadvertently or unintentionally produced information which should have been designated as Confidential, the producing Party will notify the receiving Party within twenty-one (21) days of discovery of the inadvertent production and request that the Confidential designation be applied to such documents or information.   If a receiving party objects to the producing Party's Confidentiality designation, it will notify the producing Party of its objections in writing within seven (7) business days of receipt of the notification described above.   Within seven (7) business days, the producing Party may then move the Court for an order compelling the protection of such information.   Pending the Court's ruling, a receiving Party agrees to maintain the documents as Confidential under the terms of this Order.

     b.    Inadvertent or unintentional production of documents or information containing information which should have been designated as privileged shall not be deemed a waiver in whole or in part of the Party's claims of privilege.   Pursuant to Fed. R. Evid. 502(b)-(d), if a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the producing Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the producing Party within seven (7) business days of such request unless the receiving party intends to

9

challenge the producing Party's assertion of privilege or immunity.  If a receiving party objects to the return of such information within the seven (7) business day period described above, the producing Party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving Party may retain the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information.

8.    **Right to Use Own Information.**

a.    Nothing in this Order shall limit any Party's right to disclose to any person, or use for any purpose, its own information and documents.

9.    **Subpoena or Order.**

a.    If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as Confidential, counsel for the receiving Party must promptly notify counsel for the Designating Party in writing, and in no event, more than five (5) business days after receiving the subpoena or order.  Counsel for the receiving Party also must inform, in writing, the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.

10.   **Modification.**

a.    This Protective Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the Parties or pursuant to further Court Order.   If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

10

11.   **Duration.**

a.   After termination of this Litigation, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this Litigation.

b.   This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**IT IS SO STIPULATED**

Dated:   Brooklyn, New York
         July 18, 2015

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN COLEMAN & GOGGIN, P.C.**

By:   /s/ Matthew Johnson
      Matthew B. Johnson (MJ 1622)
      Attorneys for Defendants Midland
      Funding, LLC and Midland Credit
      Management, Inc.
      88 Pine Street, 21st Floor
      New York, New York 10005-1811
      Ph: (212) 376-6433
      MBJohnson@mdwcg.com

11

**POLTORAK PC**


/s/ Elie C. Poltorak
Elie C. Poltorak
Attorneys for Plaintiff
668 Crown St.
Brooklyn, NY 11213
(718) 943-8815
elie@poltoraklaw.com



**PURSUANT TO STIPULATION, IT IS SO ORDERED:**


DATED: _____          _____
                                 Hon. Brian M. Cogan
                                 United States District Judge