```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
LEVI HUEBNER on behalf of himself and all                   :
other similarly situated customers,                         :
                                                            :
                                                            :   ORDER
                           Plaintiff,                       :
                                                            :   14 Civ. 6046 (BMC)
                  - against -                               :
                                                            :
                                                            :
MIDLAND CREDIT MANAGEMENT, INC.                             :
and MIDLAND FUNDING LLC,                                    :
                                                            :
                           Defendants.                      :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is the parties' discovery dispute regarding defendants' motion [44] for a protective order to limit the scope of plaintiff's deposition of defendants' 30(b)(6) representative. Defendants' motion is granted in part and denied in part.

1. Defendants did not waive their objections to plaintiff's Rule 30(b)(6) notice for the same reason the Court found that plaintiff did not waive his right to written discovery in its Order dated July 21, 2015.

2. The parties agree that defendants need not produce anything that is not within their possession, custody, or control, or is privileged.

3. Likewise, defendants' 30(b)(6) representative need not testify about matters outside her knowledge. However, it is incumbent upon defendants to produce a 30(b)(6) witness who is prepared to testify to the full extent of the information known to defendants that is responsive to the Rule 30(b)(6) notice.

4. Defendants shall produce those portions of their policy and training manuals that refer or relate to responding to requests from debtors to designate their debts as disputed.

5. Affirmative defenses that are not raised in the answer may not be the subject of inquiry.

6. Plaintiff's requests for defendants' income tax returns, collection agency licenses, software, and contracts or agreements with Verizon and other creditors need not be produced as they are either irrelevant or the time and cost of introducing them into this litigation is disproportional to the possibility that they would contain or lead to probative evidence. None of these categories is relevant to the claims of plaintiff's class.

7. Defendants need not produce a "plain-English glossary for all codes contained in any documents produced to Plaintiff," as plaintiff may ask the witness to explain anything he does not understand at the deposition.

8. Plaintiff may inquire into the employment history of each employee. The Court assumes that the witness will be educated by defendants to answer questions about any prior complaints or claims within the last five years that defendants have refused, declined, or made it more difficult than legally permissible to mark a debt as "disputed," and defendants shall produce documents referring or relating to any such complaints or claims.

9. This discovery dispute reflects a practice by plaintiff to assert overbroad discovery requests and then drop the mess in the Court's lap to sort out instead of more carefully analyzing what documents and testimony are fairly related to his individual and class claims. If either side does that again, sanctions will be imposed under Rule 37.

**SO ORDERED.**

                                             _____
                                                                  U.S.D.J.

Dated: Brooklyn, New York
           August 19, 2015

2