ב"ה

# POLTORAK PC
### Attorneys & Counselors at Law

September 1, 2015

**VIA ECF:**

The Honorable Brian M. Cogan
United States District Court, Eastern District of New York
225 Cadman Plaza South, 704S
Brooklyn, NY 11201

      Re:    *Huebner v. Midland Credit Management,* **Case No. 14-cv-06046-BMC**

Dear Judge Cogan:

We represent the Plaintiff in this action.

Plaintiff requests that the Court extends Plaintiff's September 1, 2015 deadline to file a motion seeking class certification and direct that Plaintiff's motion for class certification be due within seven (7) days after the Defendants produce those documents indispensable to this action.

Defendants informed Plaintiff that they take no position regarding Plaintiff's request for an extension of the deadline to file his motion seeking class certification.

This case involves two principal subjects. The first subject is the procedure that Midland Credit Management ("MCM") employs when a consumer disputes a debt. The second subject is the procedure that MCM and Midland Funding LLC ("MFL") employed towards Plaintiff, in handling an alleged debt that Verizon New York Inc. allegedly attributed to Plaintiff. Plaintiff's documents requests are limited to the foregoing two subjects. The Class Action involves only the first subject.

At the Discovery conference on held on May 7, 2015, Your Honor directed that the parties serve discovery requests by May 24, 2015, and by August 31, 2015 the fact discovery should be completed. On May 22, 2015, Plaintiff sought a modification of the discovery schedule, the Court scheduled that all written discovery demands to be served by May 29, 2015.

Upon Defendants request, on July 21, 2015, the Court modified the discovery schedule, in which the Court directed Defendants to comply with Plaintiff's discovery requests by August 10, 2015. At the same time, the Court scheduled the motion for class certification due September 1, 2015, and that fact discovery should be completed by October 1, 2015.

At this point, Plaintiff has produced all documents required for disclosure. Plaintiff's deposition was taken on August 17, 2015.



Page 2

On August 17, 2015, the Court ordered that Defendants must produce, within 72-hours, all outstanding documents subject to discovery. Subsequently, the Court ordered that on August 24, 2015, Defendants must produce its 30(b)(6) witness for a deposition.

On August 20, 2015, the Court ordered:

1. "it is incumbent upon defendants to produce a 30(b)(6) witness who is prepared to testify to the full extent of the information known to defendants that is responsive to the Rule 30(b)(6) notice."
2. "Defendants shall produce those portions of their policy and training manuals that refer or relate to responding to requests from debtors to designate their debts as disputed."
3. "Affirmative defenses that are not raised in the answer may not be the subject of inquiry."
4. "The Court assumes that the witness will be educated by defendants to answer questions about any prior complaints or claims within the last five years that defendants have refused, declined, or made it more difficult than legally permissible to mark a debt as "disputed," and defendants shall produce documents referring or relating to any such complaints or claims."

However, Defendants have yet to produce all the documents which the Court found are responsive to the Third Amended Complaint and the Answer. For instance, (1) the Defendants have yet to produce the records of all communications MCM and MFL made to third parties, regarding Plaintiff's alleged Verizon debt. (2) Defendants have not produced training manuals in use at the time of Plaintiff's dispute of the alleged debt and Defendants have yet to produce the log of its consumers who, over the year proceeding to this action, sought to dispute their debt by phone. (3) Defendants have yet to produce any records related to claims made against Defendants within the last five years, the claims involving "requests from debtors to designate their debts as disputed."

As a direct result, Plaintiff is unable to move for class certification until Defendants comply.

It is important that the Court grant the motion for class certification be due within seven (7) days after the Defendants will comply with their outstanding obligations of discovery production.[1] As outlined *infra*, Plaintiff has the likelihood of demonstrating that Defendants mistreated a class of consumers, similar situated to Plaintiff.

---

[1] Excluding the days of the upcoming Jewish holidays.



Page 3

For instance, the manuals Defendants produced in discovery on bate number Midland-060 state:

> "Documentation and Information Relating to Verbal Disputes. In certain situations, the information the consumer provides by telephone may be sufficient to substantiate their dispute. In those situations (described below), the CSS Phone Specialist will take the aforementioned steps to close the account. In other situations, the information will not be sufficient to substantiate the dispute and MCM must either obtain the dispute in writing or obtain documentation to substantiate the dispute (or both). The scenarios, probing questions, and factors set forth below are not exhaustive. The CSS Specialist should consult and utilize these probing questions and factors when discussing a dispute with the consumer,"

At the 30(b)(6) deposition, the Plaintiff inquired whether the Defendants employ that policy to all consumers, or whether they are unique to certain situations. The 30(b)(6) witness testified that the Defendants actively seek to find the reason for the dispute. Additionally, Defendants concede it is their practice to "endeavor" the consumer for a reason when disputing a debt. *See* Answer to Third Amended Complaint paragraph 142 and footnote "1."

Because Defendants concede to endeavor consumers in furnishing a reason for disputing a debt, they concede to endeavor consumers for the Reason Requirement alleged in the Third Amended Complaint. The basis for class certification is just that, Defendants endeavor consumers into furnishing a reason when disputing a debt. Therefore, a log showing each consumer who called MCM to dispute a debt is also subject to the initial disclosure, as discuss *infra*. [2] Pursuant to FRCP Rule 23(b)(1)(B) such log is relevant to giving appropriate notice to some or all class members.

Indeed, Defendants have a history and practice to "endeavor" and inducing consumers to furnish a reason to dispute a debt. *See Garcia v. Midland Credit Management* (D.Colo. 6-9-2014) (plaintiff insisted the debt is **nonexistent**—as not owing the debt, but Midland refused to accept the dispute, which was made orally); *Randall v. Midland Funding, LLC*, Dist. Court, D. Nebraska 2009 (Defendants failed to indicate the dispute, thus, plaintiff stated a claim under 15 U.S.C. § 1692e(8)); *Barris v. Midland Funding LLC*, Dist. Court, D. New Jersey 2015 (Defendants failed to communicate that a disputed debt as disputed); *Gomez v. Midland Funding, LLC*, Dist. Court, ND Illinois 2014 (Plaintiff sued for the failure to communicate that the debt was disputed); *Oberther v. Midland Credit Management, Inc.*, Dist. Court, D. Massachusetts 2014 ("Here, just as in Pollard, the [communication] would cause an unsophisticated consumer to be uncertain as to the effect of disputing the debt....To give the required notice of a right to dispute the debt while simultaneously and inaccurately disparaging the benefit of the right is to cause the consumer to think that the right to dispute has less benefit than is actually the case"); *Orrick v. Midland Credit Management, Inc.*, Dist. Court, D. Colorado 2013 (Plaintiff contended

---

[2] Plaintiff seeks a call log showing each consumer who called MCM to dispute a debt between October 17, 2013 and December 15, 2014. The log request is limited to the listing of names and addresses.



Page 4

Midland knowingly failed to advise that the debt was in dispute); *Bauer v. Midland Credit Management*, *Inc*., Dist. Court, MD Florida 2012 (The plaintiff states that he told Defendant's representatives that he disputed three alleged debts; but Defendant failed to communicate that a disputed the debts); *Hubbard v. Midland Credit Mgmt.*, 2013 U.S. Dist. LEXIS 162086; and *Mejia v. Midland Funding LLC*, 2015 U.S. Dist. LEXIS 89889 (Plaintiff sued because he "could not dispute the debt unless he had a reason to do so, and that any dispute would have to be in writing").

It is noteworthy that Defendants are obligated pursuant to FRCP 26(a)-(b) to produce (1) the records of all communications either MCM or MFL made to third parties, regarding Plaintiff's alleged Verizon debt; (2) the call log of its consumers who, over the year preceding to this action, sought to dispute their debt by phone; (3) records related to claims made against Defendants within the last five years, the claims involving "requests from debtors to designate their debts as disputed." FRCP 26(a)(1)(A)(i) controls the disclosure, regardless if Plaintiff made a written demand.  To date, Defendants did not satisfy its obligations under FRCP 26(a) and Plaintiff documents request.

In sum, Plaintiff should not be prejudiced by Defendants failure to furnish discovery.

In order to afford the time needed, (1) for the Defendants to brief the Court on their delay in complying with the outstanding discovery obligations, by way of joint letter; and (2) to entertain a motion for class certification upon Defendants production of documents indispensable to this action, Plaintiff requests that the Court extend the time for Plaintiff's motion for class certification to be due within seven (7) days after the Defendants comply with their outstanding discovery obligations.

**POLTORAK, PC**

By:  /s/ Jacob Fogel
     Jacob Fogel
     Of Counsel

668 Crown Street
Brooklyn, NY 11213
Telephone: (718) 943-8815
Direct:       (917) 974-2728

*Attorneys for Plaintiff*