# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION

Wall Street Plaza. 88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

Direct Dial: 212-376-6433
Email: mbjohnson@mdwcg.com

**PENNSYLVANIA**
Allentown
Doylestown
Erie
Harrisburg
King of Prussia
Philadelphia
Pittsburgh
Scranton

**NEW JERSEY**
Cherry Hill
Roseland

**DELAWARE**
Wilmington

**OHIO**
Cincinnati
Cleveland

**FLORIDA**
Ft. Lauderdale
Jacksonville
Orlando
Tampa

**NEW YORK**
Long Island
New York City
Westchester

November 5, 2015

The Honorable Brian M. Cogan
Untied States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Huebner v. Midland Credit Management, Inc. et al., Case No. 14-cv-6046-BMC
            Request for Pre-Motion Conference Regarding Motion to Strike

Dear Judge Cogan:

    I represent Defendants Midland Credit Management, Inc. and Midland Funding, LLC (together, "Midland") in this matter. I write to respectfully request a pre-motion conference to seek leave to file a motion to strike Plaintiff's improper twenty-two page "Letter Regarding Outstanding Discovery Issues." DE 55. In filing that letter, Plaintiff violated the Federal Rules of Civil Procedure, the Local Civil Rules, Your Honor's Individual Practices and the Stipulated Protective Order (DE 43).[1]

    Plaintiff is obligated to confer in good faith prior to moving to compel production. Fed. R. Civ. P. 37(a)(1). Further, Local Civil Rule 37.3 obligates Plaintiff to "attempt to confer in good faith in person or by telephone in an effort to resolve" discovery disputes. To satisfy this requirement, the moving party must provide a certification setting forth "essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." Milton Abeles, Inc. v. Creekstone Farms Premium Beef, LLC, CV 06-3893 (JFB)(AKT), 2009 U.S. Dist. LEXIS 70963, at *8 (citation and punctuation omitted). Your Honor's Individual Practices provide that, in the case of discovery motions, counsel must follow Local Civil Rule 37.3 and, in addition, describe their disputes in a single letter, jointly composed. Individual Practices at III(A)(1). Your Honor's rules further note that strict adherence to the meet and confer rule is required and should be described in the joint submission. Id.

---

[1] In case the Court declines this request, Midland will also submit a letter addressing the substantive points of Plaintiff's Letter in opposition to Plaintiff's requests.

Midland's counsel never heard from Plaintiff's counsel prior to Plaintiff's filing of the present letter. Plaintiff's counsel's paralegal Yoel Weisshaus, who has handled nearly all communications on behalf of Plaintiff with counsel for Midland, contacted the undersigned via email on November 4, 2015. Mr. Weisshaus' email stated that "[t]his is a final attempt to resolve all discovery disputes before moving the Court to compel." Neither Ms. Weisshaus nor any other of Plaintiff's several attorneys made any effort to meet and confer in person or via phone. Midland, through counsel, responded via letter, emailed to Mr. Fogel and copied to Mr. Weisshaus. The letter addressed each of Mr. Weisshaus' demands, rendering motion practice unnecessary. Thereafter, Plaintiff filed his twenty-two page letter motion.

The parties have already filed three joint letters regarding discovery issues in this matter, so Plaintiff's counsels (and Mr. Weisshaus) are clearly familiar with the process. *See* DE 37, 44, 50. Plaintiff disregarded the rule here, much as Plaintiff did when filing DE 48, ostensibly a request to extend time to move for class certification but in fact a letter detailing Plaintiff's side of a discovery dispute.

Local Civil Rule 37.3(c) requires that a party notify the Court of unresolved discovery disputes "by letter not exceeding three pages in length." Plaintiff's letter exceeds this limit by 19 pages. Plaintiff similarly violated this rule in filing an eighteen page "Opposition to Any Further Discovery Delays," responding to Midland's pre-motion letter seeking leave to move for reconsideration. *See* DE 53.

Finally, Plaintiff violates the Stipulated Protective Order agreed between the parties and So Ordered by the Court on August 18, 2015 (DE 43), by filing excerpts of Midland's confidential document production. DE 55 at pages 3-4. Plaintiff notes that the excerpts come from pages that Midland Bates stamped 297-298, but leaves out the fact that those pages are also marked "**CONFIDENTIAL**" and "**For use only with Huebner v. Midland, 14-cv-6046 BMC (E.D.N.Y.).**" The Protective Order provides that confidential information may be quoted in documents filed with the Court subject to the requirement that the parties meet and confer regarding whether the confidential information is relevant to the filing, and if it is, the party seeking to file the excerpt shall apply for leave to file the document under seal.

As Plaintiff improperly filed confidential material as part of DE 55, should the Court not strike the document from the record *sua sponte*, Midland respectfully requests that the Court seal or redact the confidential excerpts found at pages 3-4 of that document. Midland further requests that the Court grant Midland's request for a pre-motion conference.

                    Respectfully,

                    Matthew B. Johnson

cc: All counsel of record