Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

November 19, 2015

Re: *Huebner v. Midland Credit Management, Inc. et al.*, 1:14-cv-06046-BMC

**LETTER REQUESTING PRE-MOTION CONFERENCE FOR RECONSIDERATION**

Dear Judge Cogan:

We represent Plaintiff Levi Huebner ("Plaintiff"). Pursuant to Rule 60(b) and Local Civ. Rule 6.3, Plaintiff respectfully request the Court to schedule a pre-motion conference for reconsideration of the orders dated November 5, 2015 and November 13, 2015. "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Doe v. New York City Dept. of Social Services*, 709 F.2d 782, 789 (2nd Cir. 1983). The Court's orders seem based on a clear error, and they raise fundamental questions that require reconsideration to prevent manifest injustice.

**BACKGROUND**

Plaintiff's obligation to comply with discovery was duly completed as of August 17, 2015. Yet three months later Defendants' obligation to comply with discovery has yet to be satisfied despite numerous orders of this Court.

On July 21, 2015 the Court ordered, "Defendants are to respond to plaintiff's written discovery requests by 8/10/15." (ECF 07/21/2015). On August 17, 2015 the Court ordered, "To the extent not all written discovery was produced, it must be produced at least 72 hours before the 30(b)(6) deposition or the Court may impose sanctions on defendants." (ECF 08/17/2015). On September 4, 2015, the Court entered on the docket "Any supplemental discovery that is ordered must be produced by 10/9/15." (ECF 09/04/2015). On October 15, 2015, the Court ordered,[1] "In light of defendants failure to comply with the Court's prior

---

[1] The October 15, 2015 order decided a motion Defendants' motion for partial reconsideration (ECF 52), which sought to reconsider this Court's discovery order dated September 21, 2015.

order any supplemental discovery must be produced by October 30, 2015." (ECF 54 ¶ 7). "Additionally, plaintiff is entitled to re-depose defendants' 30(b)(6) witness, by telephone or video, on any issues for which supplemental discovery has been ordered and produced. This deposition must now take place by November 6, 2015." (ECF 54 ¶ 8). The Court also modified "its September 21, 2015 Order as follows: plaintiff's motion for class certification is due by November 13, 2015. Defendants' motion for summary judgment, as well as any opposition to class certification, is due by December 1, 2015." (ECF 54 ¶ 9). The Court has given Midland every leeway possible. The Court has repeatedly threatened Midland with sanctions for its failure to comply with discovery orders. Yet, the Court has taken no action to enforce its orders on Midland.

Pursuant to the Court's October 15, 2015 Order, on or before October 30, 2015 the defendants were required to produce: (1) all calls where a consumer debt was marked as disputed, for example, the accounts where the code '050' was used to mark a debt as disputed and '261' was used when a consumer refused to provide a reason for disputing the debt; (2) all complaints stored with Operations' and Legal departments in their respective electronically searchable database limited to those received from November 8, 2013 to May 29, 2015; (3) all communications made to third parties regarding the alleged debt that Verizon attributed to Plaintiff; (4) all documents demonstrating the validity of that alleged debt; and (5) those portions of their policy and training manuals that refer or relate to responding to requests from debtors to designate their debts as disputed. (ECF 54).

In particular, on September 21, 2015, the Court ordered, it is "incumbent on plaintiff to search these [supplemental] records and determine whether there are sufficient grounds for his putative class action." (ECF 51 ¶ 5). The Court reaffirmed that principle on October 15, 2015, "Plaintiff is responsible for the costs of reviewing the records and determining whether there is an ascertainable class." (ECF ¶ 5).

Albeit belated, on November 2, 2015, Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC ("MFL") (collectively "Midland" or "Defendants") produced a CD of the complaints only of lawsuits it was ordered to produce. Midland did not produce any complaints that the Consumer Financial Protection Bureau ("CFPB") has launched against them. Moreover, Midland has failed to produce items (1), (3), (4), and (5). On November 4, 2015, Plaintiff contacted Midland's counsel to inquire whether Midland intends to comply with the Court's September 21, 2015 and October 15, 2015 orders. In particular, Plaintiff inquired (by email) whether Midland will produce the log of consumers whose alleged debt was designated as disputed. On November 4, 2015 at 3:50 p.m.,

Midland's counsel informed Plaintiff (by letter) for the very first time that it will not produce the "call/dispute log," despite being ordered by the Court and will not produce to Plaintiff any other documents.

Plaintiff understood, that the Court's prior orders, dated September 21, 2015 and October 15, 2015, already resolved all the discovery disputes. Plaintiff understood that, the email communication and the letter from Midland's counsel, constituted a meet and confer, leaving no dispute to resolve but Midland's willful disregard of the Court's orders. Pursuant to FRCP Rule 37(b), a willful defiance to a Court's discovery order is not a "dispute" but a contempt of court. Therefore, Plaintiff understood a motion to compel did not require a "joint letter" because the purpose of a "joint letter" is to address discovery disputes, and have the Court resolve "disputes" but instead sought a pre-motion conference. *See Dynamic Worldwide Logistics v. Exclusive Expressions* 14 Civ. 1370 (ER) (SDNY 9-14-2015) at *12 ("pre-motion conference prior to filing motions in order to explore the possibility of obviating the motion through consent of the parties, limiting the scope of the issues to be decided, or advising the proponent of the Court's preliminary view that such a motion would be futile").[2]

More importantly, the Plaintiff faced a dilemma. On August 17, 2015, the Court ordered that "To the extent not all written discovery was produced, it must be produced at least 72 hours before the 30(b)(6) deposition or the Court may impose sanctions on defendants, including monetary sanctions or precluding defendants from proving issues on which they are alleged to have blocked discovery." (ECF 08/17/2015). On August 24, 2015, the 30(b)(6) deposition was taken. However, Midland had failed to produce of all the records it was required to produce before that deposition. Came September 18, 2015, on the heels of the Plaintiff filing its first joint letter regarding compelling discovery, Midland produced a number of documents it had not produce earlier under the pretense that the documents did not exist. Furthermore, the September 21, 2015 and October 15, 2015 orders required a supplemental 30(b)(6) deposition due to Midland's failure to produce discovery at least 72 hours before the first deposition. Thus, even if Plaintiff conducted the supplemental deposition while Midland failed to produce items (1), (3), (4), and (5)—as the Court ordered on October 15, 2015—Plaintiff would then be required to re-depose Midland's witness for a

---

[2] In general, the purpose of a joint letter or pre-motion conference serves to expedite the resolution of conflicts in a matter of days as opposed to weeks. A formal motion, pursuant to FRCP Rule 7(c), requires the minimum of 14 days for notice before deciding a motion.

third time at a later date (after compliance). Regardless, Plaintiff could not proceed with the supplemental deposition when Midland refused to comply with the Court's order to produce.

On November 4, 2015, Plaintiff moved for a pre-motion conference, for leave to proceed with a formal motion to compel, in the alternative, to proceed with a formal motion to preclude or strike the Answer. (ECF 55). By letter dated November 5, 2015, Midland crossed moved arguing the parties had not met and conferred and that Plaintiff had quoted documents that Midland designated as "confidential." (ECF 56). The Court did ***not*** await Plaintiff's opposition to ECF 56. Rather, on Thursday, November 5, 2015, the Court ordered "Parties' Motions for Premotion Conferences [ECF Nos. 55, 56] are DENIED without prejudice to renewal with a joint discovery dispute letter as required by this Court's Individual Practice Rules." (ECF 11/05/2015). The Court did ***not*** specify the time by when the parties should file the joint letter.

On Monday, November 9, 2015 at 10:28 a.m., Plaintiff emailed Defendants a list of issues they seek to meet and confer regarding a Joint Letter.[3] On November 9, 2015, at 4:29

---

[3] The following outline was sent to Midland and these issues were discussed at the teleconference:

> *"1) The improper designation of documents as confidential. Plaintiff objects designating as "confidential" the manual labeled as Initiating a Verbal Dispute, which is 295, 296, 297, 298, 299, 300, 301, 302, and 303. Plaintiff also objects designating as "confidential" the pages MIDLAND'S #026, 060. First, pursuant to the Protective Order 2(a), Confidential information are only those documents that will cause "competitive hardship." These pages do not contain any trade secrets. Second, Defendants may not designate every single page in the discovery as confidential. If Defendants will not allow Plaintiff to quote these documents, Plaintiff will submit a Joint Letter, plaintiff will request from the Court to revoke designating MIDLAND'S #026, 060, 295, 296, 297, 298, 299, 300, 301, 302, and 303 as "confidential."*
>
> *2) The failure to produce all documents ordered by the Court. Currently outstanding are the following items of the Court's prior orders: (1) production of all calls where a consumer debt was marked as disputed, in particular those accounts where the code '050' was used to mark a debt as disputed and '261' was used when a consumer refused to provide a reason for disputing the debt; (3) production of communications made to third parties regarding the alleged debt that Verizon attributed to Plaintiff, in particular those made in the name of MFL; (4) production of documents demonstrating the validity of that alleged debt; and (5) those portions of their policy and training manuals that refer or relate to responding to requests*

(Continued over →)

p.m., counsel for the parties, Jacob Fogel for Plaintiff and Andrew Schwartz and Matthew Johnson for Midland, met and conferred on the outlined issues for approximately 57 minutes. During the conference Midland took the position that they did not have to furnish items (1), (3), (4) and (5) and Midland refused to resolve the issue regarding improperly marking the documents as confidential.

The following day, on November 10, 2015 at 11:42 a.m., Plaintiff furnished a draft of a Joint letter to Midland. The Joint Letter sought to first resolve the "confidential" designation to Midland's bates #026, 060, 295, 296, 297, 298, 299, 300, 301, 302, and 303 (referred by Plaintiff as "Individual Pages"). On November 12, 2015, at 6:04 p.m. Midland furnished its response to Plaintiff's portion of the letter. On Friday, November 13, 2015 at 2:47 p.m. after the Plaintiff has submitted the final draft, Midland decided to change course, and refused to cooperate in filing a joint discovery dispute letter, rather Midland demanded that they will unilaterally file a motion seeking to confirm the confidentiality designation. Plaintiff objected to Midland's refusal because on November 5, 2015 the Court had ordered a joint discovery dispute letter addressing the very same issues.

Notably, the Court required the parties to address the "confidential" dispute under "renewal with a joint discovery dispute letter as required by this Court's Individual Practice

---

> *from debtors to designate their debts as disputed, in particular the manual titled "General Disputes and Supporting Documentation."*
>
> *Regarding item (1) the Defendants cannot withhold these list of accounts for two reasons. One, the Court ordered it is incumbent on Plaintiff to review the list and identify class members. Second, Plaintiff must be able to serve the class with class certification notice. Regarding (3) the credit reports show that in the name of Midland Funding separate communications were made to the credit bureaus. Defendants have so far only produced the items that Midland Credit communicated. Regarding (4) if Defendants do not have any documents showing the validity of the alleged debt, then Plaintiff requests that Defendants be precluded from alleging that the alleged debt is valid. Regarding (5) the Initiating a Verbal Dispute manual refers to the General Disputes and Supporting Documentation, pursuant to the Court's discovery orders they are subject to production.*
>
> *3) The Answer contends repeatedly that Midland Credit does not require a reason to designate a debt as disputed. However, the Initiating a Verbal Dispute manual demonstrates in detail that Midland Credit does require a reason to designate a debt as disputed. Plaintiff requests that Midland concede to the Reason Requirement, otherwise Plaintiff will ask the Court to entertain a motion to strike the Answer for fraud upon the Court."*

---

Rules." (ECF 11/05/2015). However, after failing to comply with discovery, yet again on the eve of another deadline, Midland delayed any resolution and refused to cooperate with the joint letter. What was Plaintiff to do? The Court's Individual Practice Rules does not prescribe the procedure. Midland's contention that it will "request a pre-motion conference by individual letter" simply defied that ECF 11/05/2015 directive to file a joint discovery dispute letter.

Given the foregoing backdrop, Plaintiff had no choice but to request an extension and a pre-motion conference by individual letter, to revoke the "confidential" designation to Midland's bates #026, 060, 295, 296, 297, 298, 299, 300, 301, 302, and 303 (referred as "Individual Pages"). (ECF 57). Plaintiff also asked the Court to schedule a time by when the parties may move to compel, preclude or in limine, prior to filing for class certification. At the same time, Plaintiff informed the Court that Midland refused to cooperate on completing the draft of a joint letter.

On November 13, 2015 at 3:54 p.m., Plaintiff filed its letter seeking a pre-motion conference. At 5:25 p.m., 90 minutes later, the Court concluded without a hearing:

> *"ORDER denying [57]. Plaintiff's letter asks the Court to revoke certain 'confidential' designations applied to defendant's documents. Plaintiff's motion is denied as frivolous and plaintiff is sanctioned in the amount of $350 payable to the Clerk within 7 days under Rule 16(f)(1)(C) for again attempting to delay this action. First, plaintiff has failed to follow proper procedures for challenging confidential designations set forth in the jointly stipulated Protective Order [43]. Second, per the terms of the Protective Order, plaintiff is free to quote from, or rely upon, confidential documents in its submissions to the Court if it follows proper procedures to protect confidentiality. These procedures are clearly outlined in the Protective Order and plaintiff should avail itself of these procedures, if necessary, in filing its class certification motion. Plaintiff's request for an extension of time to file its class certification motion is DENIED. Plaintiff's class certification motion must be filed by 11/16/2015. Ordered by Judge Brian M. Cogan on 11/13/2015. (Weisberg, Peggy)"*

### **THE COURT'S ORDER SEEMS TO RAISE FUNDAMENTAL QUESTIONS THAT REQUIRE RECONSIDERATION:**

1. Why did the Court enter a sanction without affording the alleged "offending" party an opportunity to be heard before the sanction was issued?

   The Court has punished Plaintiff for attempting to have Midland comply with this Court's discovery orders. "*In Ames Dep't Stores, Inc. v. Sayre Cent. Corp*, 76 F.3d 66, 70 (2d Cir. 1996), we held that 'due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions.'" *In RE Stein v. Ulster*

---

*Savings Bank*, 127 F.3d 292, 294 (2nd Cir. 1997). The Court erred in not providing Plaintiff an opportunity to be heard.

2. The finding that Plaintiff's motion was "frivolous" contravenes the Stipulated Protective Order which directs that very filing:

   "Any party or person who believes that a filing should not have been made under seal may raise the question with the Court by letter, with copies served on all parties." (ECF 43 ¶ 6(C). "To sustain sanctions under Rule 16(f), an order must be unambiguous" if the "use of the word 'should' in this context created ambiguity sufficient to justify vacating the sanctions." *Ashlodge, Ltd. v. Hauser*, 163 F.3d 681, 684 (2nd Cir. 1998). Plaintiff did just that, the ECF 57 letter raised his objection to sealing ECF 55 so he can quote the same document in all pleadings. Moreover, the Court ordered "Parties' Motions for Premotion Conferences [ECF Nos. 55, 56] are DENIED without prejudice to renewal with a joint discovery dispute letter as required by this Court's Individual Practice Rules." (ECF 11/05/2015). The conclusion of "frivolous" is paradox to the Court's 11/05/2015 order and the Protective Order, which directed Plaintiff to make such motion to opposing the "confidential" designation.

3. The Court's Order dated November 13, 2015 contravenes the Order dated November 5, 2015. Can Plaintiff "quote" the confidential documents, yes or no?

   Though Plaintiff's letter (ECF 55) did "quote" the material improperly designated as "confidential," the Court "directed to seal 55 as plaintiff's filing of this document violates the Stipulated Protective Order," now the Court's Order dated November 13, 2015 directs "plaintiff is free to quote from, or rely upon, confidential documents in its submissions to the Court." The Court's directives regarding how Plaintiff should appear before this Court are inconsistent.

4. The Court seemingly overlooked Midland's disregard of this Court's multiple Orders and penalized Plaintiff for attempting to enforce Midland's obligation to comply with discovery directives required in the prior orders. How did Plaintiff attempt to delay this action?

   On July 21, 2015 wherein the Court ordered, "Defendants are to respond to plaintiff's written discovery requests by 8/10/15." On August 17, 2015 the Court ordered, "To the extent not all written discovery was produced, it must be produced at least 72 hours before the 30(b)(6) deposition or the Court may impose sanctions on defendants." On September 4, 2015, the Court entered on the docket "Any supplemental discovery that is ordered must be produced by 10/9/15." On October 15, 2015, the Court ordered, "In light of Midland's failure to comply with the Court's prior order any supplemental discovery must be produced by October 30, 2015." (ECF 54 ¶ 7). "Additionally, plaintiff is entitled to re-depose defendants' 30(b)(6) witness, by telephone or video, on any issues for which supplemental discovery has been ordered and produced. This deposition must now take place by November 6, 2015." (ECF 54 ¶ 8). On November 4, 2015, Plaintiff moved by letter for a pre-motion conference to compel (ECF 55), and Midland crossed move to strike that letter for quoting "confidential designated documents (ECF 56).

> The Court ordered "Parties' Motions for Premotion Conferences [ECF Nos. 55, 56] are DENIED without prejudice to renewal with a joint discovery dispute letter as required by this Court's Individual Practice Rules." (ECF 11/05/2015). On November 9, 2015, Plaintiff met and conferred with Midland. Midland refused to provide its response until November 12, 2015 after the close of business, and then refused to participate in a joint letter. As a direct result, on November 13, 2015, Plaintiff filed the letter individually in order to avoid delaying this case any further. Thus, the Court erred by accusing Plaintiff of attempting to delay this action, while ignoring Midland's repeated conduct that actually did delay this action.

5. The Court has repeatedly threatened Midland with sanctions for its failure to comply with discovery orders. Why the Court has has taken no action to enforce its orders on Midland, yet when Plaintiff, attempts to enforce compliance and request extension, specifically due to Midland's non-compliance Plaintiff is sanctioned?

> On May 7, 2015, the Court ordered the parties to complete discovery by July 8, 2015. (ECF 05/07/2015). Came July 21, 2015, Plaintiff completed discovery production, yet Midland did not produce any discovery. (ECF 37). Notably, Midland was not sanctioned for its 1st delay, rather; the Court ordered "Defendants are to respond to plaintiff's written discovery requests by 8/10/15." (ECF 07/21/2015).

> On August 12, 2015, Midland reported to the Court that "they are complying with the current discovery schedule." (ECF 08/12/2015). Late night August 16, 2015, Midland filed a unilateral motion for extension of time to complete discovery. (ECF 40). Notably, Midland was not sanctioned for its 2nd delay, rather; the Court order "Defendants must produce the 30(b)(6) witness for deposition by 8/24/15 and should have produced all outstanding written discovery by 8/10/15. **To the extent not all written discovery was produced, it must be produced at least 72 hours before the 30(b)(6) deposition or the Court may impose sanctions on defendants, including monetary sanctions or precluding defendants from proving issues on which they are alleged to have blocked discovery.**" (ECF 08/17/2015) (Emphasis added). Accordingly, the due date to produce discovery was August 20, 2015.

> Came August 18, 2015, Midland had not still not produced discovery but moved to delay the action by filing for a protective order. (ECF 44). The Court ordered "This discovery dispute reflects a practice by plaintiff to assert overbroad discovery requests and then drop the mess in the Court's lap to sort out instead of more carefully analyzing what documents and testimony are fairly related to his individual and class claims. If either side does that again, sanctions will be imposed under Rule 37." (ECF 45). Notably, the Court did not sanction Midland for this 3rd delay.

> On September 9, 2015, Plaintiff moved for an extension of time to file for class certification, because Midland has still not completed discovery. (ECF48). The Court ordered "plaintiff's letter makes it clear that he has grounds to move for class certification known to him, but that motion is already not in compliance with this Court's scheduling order. If he wanted to move for class certification and seek deferral of the motion pending resolution of a motion to compel, he could have done that. But what he cannot do is wait until 34 minutes before the time he was authorized to file for

class certification and then request an indefinite delay without any indication that **the circumstances that allegedly caused that delay (defendants' non−production) are ever going to change.** (ECF 09/02/2015). Yet, Midland was not sanctioned for delaying the case a 5th time by failing to produce discovery.

Thereafter, on September 18, 2015, Midland had still not completed discovery. (ECF 50). The Court ordered "As the Court has previously held, "any supplemental discovery must be produced by October 9, 2015." (ECF 51 ¶ 7). Yet, Midland was not sanctioned for its 6th delay of this action.

Instead of complying, on October 5, 2015, Midland again unilaterally moved for an extension of several months to comply with discovery. (ECF 52). Mindful, that Plaintiff had already completed discovery since August 17, 2015, and that Midland moved without filing a joint letter. However, despite being its 7th delay of this action Midland was not sanctioned. Rather this Court ordered, "This Court previously held that any supplemental discovery must be produced by October 9, 2015. In light of defendants failure to comply with the Court's prior order any supplemental discovery must be produced by October 30, 2015." (ECF 54 ¶ 7).

October 31, 2015 already passed, Midland did not comply with the Court's supplemental discovery order. On November 4, 2015, Plaintiff moved for a pre-motion conference to compel discovery. (ECF 55). The Court denied the application "without prejudice to renewal with a joint discovery dispute letter as required by this Court's Individual Practice Rules." (ECF 11/05/2015). The Court noted that despite all failures by Midland to comply with discovery, "The parties are advised that if they remain unable to resolve these issues, it is highly likely that a substantial sanction will be resolved on one or both sides under Rule 37 as this is a petty dispute between lawyers who have proven utterly unable to work together in a professional manner." (ECF 11/05/2015). Notably, Midland was not sanctioned for its 8th delay of this action.

Finally, on November 13, 2015, after a meet and confer and completing the draft of a joint letter, Plaintiff moved for a pre-motion conference to revoke from certain documents the improper "confidential" designation. (ECF 57). This time after a week of dragging out its response, Midland unilaterally refused to cooperate with the submission of a joint letter. Notwithstanding, that this was Midland's 9th delay, the Court ordered the submission of a joint letter, and notwithstanding that Midland has already delayed this action for over three months and not less than nine times by failing to produce discovery, yet the Court *sua sponte* sanctioned Plaintiff "for again attempting to delay this action." (ECF 11/13/2015).

Notably, without discovery Plaintiff Cannot complete the supplemental deposition of the 30 (b)(6) witness or file his motion for class certification, thus, Plaintiff is befuddled as to why Midland's disregard of this Court's discovery orders remains unabated, and unchecked, yet Plaintiff is sanctioned for attempting in good faith to enforce Midland to comply with this Court's orders.

## **ARGUMENTS**

> I. *The Court erred in depriving Plaintiff from due process by sua sponte entering a sanction order without affording the Plaintiff an opportunity to be heard before its issuance.*

The standard is well established, due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions.  "*In Ames Dep't Stores, Inc. v. Sayre Cent. Corp*, 76 F.3d 66, 70 (2d Cir. 1996), we held that 'due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions.'" *In RE Stein v. Ulster Savings Bank*, 127 F.3d 292, 294 (2nd Cir. 1997).  "Nonetheless, when, as here, the court issues sanctions *sua sponte* without offering the offender the opportunity to withdraw the offending submission, our 'review is more exacting than under the ordinary abuse-of-discretion standard,' because in such cases the court simultaneously acts 'as accuser, fact finder, and sentencing judge.'"  *Muhammad v. Walmart Stores East, L.P.*, 732 F.3d 104, 108 (2nd Cir. 2013) citing *ATSI Commons., Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009).

The Plaintiff's letter (ECF 55) did "quote" the material that Midland improperly designated as confidential; the Court "directed to seal 55 as plaintiff's filing of this document violates the Stipulated Protective Order."  In its November 5, 2015 text order, the Court directed the parties to file a "joint dispute discovery letter" addressing their contentions, including those raised by Midland in ECF 56.  The Court did not specify the time by when that joint dispute discovery letter should be filed.  The parties met and conferred on November 9, 2015, and were almost ready to proceed with filing that joint dispute discovery letter when Midland abruptly decided to jump ship and not participate.  Thereafter, on November 13, 2015, Plaintiff did just that and complied with the Court's order, addressed the issues, and informed the Court that Midland refused to participate in a joint letter.  In contrast, the Court's Order dated November 13, 2015 holds "plaintiff is free to quote from, or rely upon, confidential documents in its submissions to the Court."  The Court's November 13, 2015 Order does not specify how Plaintiff's motion attempted to cause a delay of the action.  "[T]he subject of a sanctions motion must receive specific notice of the conduct alleged to be sanctionable and the standard by which the conduct will be assessed, and an opportunity to be heard on that matter."  *Streeteasy, Inc. v. Chertok*, 752 F.3d 298, 310 (2nd Cir. 6-5-2014).  Yet, in contrast to *Stein*, the Court did NOT provide notice to Plaintiff, and did not provide an opportunity to be heard, before imposing any kind of sanctions.  The

Court erred in depriving Plaintiff from due process by *sua sponte* entering a sanction order without affording the opportunity to be heard before hand.

> II. ***The finding that Plaintiff's motion was "frivolous" contravenes the Stipulated Protective Order and contravenes the Court directive to file a joint discovery dispute letter addressing the issue of confidentiality.***

In *Hollon v. Merck & Co., Inc.*, 589 Fed.Appx. 570, 571 (2nd Cir. 10-20-2014) the Second Circuit explained, "A district court has inherent power to impose sanctions if: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith." Citing *Walters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir.2009). "A claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." *Hollon* at id. The Second Circuit therefore vacated a sanction because "the district court did not make the requisite factual findings of bad faith . . . characterized by a high degree of specificity." *Id*. Here the Court concluded "per the terms of the Protective Order, plaintiff is free to quote from, or rely upon, confidential documents in its submissions to the Court if it follows proper procedures to protect confidentiality. These procedures are clearly outlined in the Protective Order and plaintiff should avail itself of these procedures, if necessary, in filing its class certification motion." (ECF 11/13/2015). However, the Court did not specify the specific procedure that Plaintiff ignored. The Protective Order only requires redactions or sealing "confidential information." (ECF 43 ¶ 6(a). "Confidential information" is only materials "the disclosure of which would cause competitive hardship." (ECF 43 ¶ 2(a). Plaintiff application to the Court on November 13, 2015 sought to revoke designating as "confidential" materials Plaintiff believes would not cause Midland a competitive hardship. Indeed, Plaintiff followed the procedure outlined in the Protective Order by filing his motion on November 13, 2015, which is "Any party or person who believes that a filing should not have been made under seal may raise the question with the Court by letter, with copies served on all parties." (ECF 43 ¶ 6(C).

Moreover, pursuant to the Protective Order, "Any party or person who believes that a filing should not have been made under seal may raise the question with the Court by letter, with copies served on all parties." (ECF 43 ¶ 6(C). A plain reading of that provision does not require a "joint letter." However, pursuing to the Court's order "Parties' Motions for Premotion Conferences [ECF Nos. 55, 56] are DENIED without prejudice to renewal with a joint discovery dispute letter as required by this Court's Individual Practice Rules." (ECF

11/05/2015).   Plaintiff sought to file a joint discovery dispute letter.  Indeed, Plaintiff met and conferred with Midland on November 9, 2015.  Midland provided to Plaintiff its "defendants response."  However, after further editing the document, Defendants jumped ship and refused to participate in the joint discovery dispute letter.  Plaintiff moving the Court and informing the Court thereafter that Midland refused to participate in a joint discovery dispute letter did not equate as frivolous or as bad faith. It is axiomatic; Plaintiff filed his motion the same day, not to delay the action one bit.  The Court's conclusion that Plaintiff attempted to "delay the action" by filing a pleading that had a "colorable basis" is a clear error warranting the Court to reconsider its decision to *sua sponte* issue a sanction against Plaintiff.  If anything, the confusion that led the Court to issue its sanction requires that Court reconvene the parties to reorganize the Case Management Plan to allow the parties to move for preclusion, compelling, or in limine, before filing for class certification or summary judgment.  The Court has not provided any reason, nor have Defendants, why the Plaintiff is not entitled to utilize a formal court procedure to move for preclusion, compelling, or in limine.

> III. ***The Court's Order dated November 13, 2015 flatly contradicts the order dated November 5, 2015 and they both conserve the Protective Order.***
>
> ***The November 13, 2015 Order violates Plaintiff's right to due process by inadvertently ruling that if Defendants refuse to cooperate on a joint letter, Plaintiff has no recourse to revoke an improper confidential designation.***
>
> ***The Protective Order violates Plaintiff's right to due process by not providing a method by which Plaintiff can move to revoke an improper designation as "confidential" without delaying the action.***

The November 13, 2015 flatly contradicts the order dated November 5, 2015. On November 4, 2015, Plaintiff's letter "quoted" the material Defendants improperly designated as "confidential."  (ECF 55).  The content of these quotes were not confidential in nature to cause a competitive hardship; likewise, Plaintiff did not attach any document that requires its sealing.   Defendants crossed moved to strike.  (ECF 56). The Court "directed to seal <u>55</u> as plaintiff's filing of this document violates the Stipulated Protective Order."  (ECF 11/05/2015).  Now the Court's Order dated November 13, 2015 directs "plaintiff is free to quote from, or rely upon, confidential documents in its submissions to the Court if it follows proper procedures to protect confidentiality."  (ECF 11/13/2015).  The Court's directives regarding how Plaintiff should appear before this Court are inconsistent.  If the Court is of

the mindset that Plaintiff may quote Midland's confidential designated document than ECF 55 must be unsealed as well restored to the Calendar; because the Court erred in sealing that document. If the Court is in the mindset that Plaintiff cannot quote Midland confidential designated documents, then it was an error for the Court to rule that "is free to quote from, or rely upon, confidential documents in its submissions to the Court." (ECF 11/13/2015).

The November 13, 2015 Order violates Plaintiff's right to due process by inadvertently ruling that if Defendants refuse to cooperate on a joint letter, Plaintiff has no right to move the Court to revoke an improper confidential designation. *See Diaz v. Paterson*, 547 F.3d 88, 95 (2nd Cir. 2008) ("Parties whose rights are to be affected are entitled to notice and an opportunity to be heard at a meaningful time and in a meaningful manner"). Plaintiff has indentified a right that affects him personally; he seeks to quote documents that utterly refute the Answer. "The Due Process Clause does not necessarily require that a person be given an opportunity to be heard orally in a testimonial setting; the opportunity for written submissions may be sufficient." *Karpova v. Snow*, 497 F.3d 262, 270 (2nd Cir. 2007). "The liberty interest and legal issues involved determine the kind of hearing necessary." *Id*. "Therefore, in this context so long as those that are to decide have before them claimant's legal arguments and do not act on a one-sided or incomplete record, the Due Process Clause is satisfied." *Id* at 207-271. The court has set abbreviated deadlines to this case, by when certain pleadings must be made. On the one hand, if Plaintiff wishes to address the Court with a quote of a document that go to the core of the merits, under the Protective Order he must miss the abbreviated deadline to wait ten (10) business days for Midland to decide whether to move to confirm the confidentiality (ECF 43(e)(f), while Plaintiff at the same is improperly forced to miss the deadline to assert his rights. On the other hand, the Court mistakenly ruled that if Midland refuses to cooperate with Plaintiff on a joint discovery dispute letter to address the improper "confidential" designation then Plaintiff is not entitled to any other method to revoke that improper "confidential" designation. The Court's mistake appears to tell the records that the Protective Order only gives Midland the right to address the "confidential" designation and does not give Plaintiff any meaningful time and opportunity to address the issue directly with the Court; the Court's Order wrongly implies that Plaintiff has no rightful process to revoke an improper "confidential" designation without compromising abbreviated deadlines.

**WHERFORE** Plaintiff respectfully requests that the Court reconsider its *sua sponte* order accusing Plaintiff of attempting to "delay the action" with a *sua sponte* sanction, and instead the Court should enter an order to reconvene the parties to reorganize the Case

November 19, 2015
Page 14

Management Plan to allow the parties to move for preclusion, compelling, or in limine, before filing for class certification or summary judgment, and allow Plaintiff to move to revoke Defendants improper designation of "confidential" to Midland's individual Pages #026, 060, 295, 296, 297, 298, 299, 300, 301, 302, and 303.

Respectfully submitted,

**POLTORAK PC**

By:    /s/ Jacob T. Fogel

Jacob T. Fogel Esq.
*Counsel for Plaintiff Levi Huebner*

26 Court Street, Suite 908
Brooklyn, NY 11242
Tel: (718) 855-4792
Fax: (718) 228-9272