```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
LEVI HUEBNER on behalf of himself and all                   :
other similarly situated customers,                         :
                                                            :           ORDER
                                      Plaintiff,            :
                                                            :   14 Civ. 6046 (BMC)
                        - against -                         :
                                                            :
MIDLAND CREDIT MANAGEMENT, INC.                             :
and MIDLAND FUNDING LLC,                                    :
                                                            :
                                      Defendants.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before me is plaintiff's motion [ECF No. 58] requesting a pre-motion conference so it can seek reconsideration of this Court's Order, dated November 13, 2015. Given the length of this letter, as well as the arguments made by plaintiff, I am designating this letter as plaintiff's motion for reconsideration. The motion is granted in part and denied in part as follows.

1. Plaintiff asks this Court to reconsider its decision to impose sanctions on plaintiff for its frivolous filing. Plaintiff argues sanctions were improper because it was not provided notice or an opportunity to be heard. However, as plaintiff acknowledges, on November 5, 2015, the Court warned the parties that sanctions would likely be imposed if the parties remained unable to resolve these disputes. Plaintiff was adequately on notice about the possible imposition of sanctions and chose to file its frivolous motion anyway.

2. Plaintiff asks this Court to reconsider its decision that its latest motion [ECF No. 57] was frivolous and failed to comply with the jointly stipulated Protective Order. Plaintiff specifically complains that this Court's Order is unclear and did not specifically state how plaintiff could comply with the terms of the Protective Order. Defendants marked items

plaintiff relied upon in one of its many discovery letters as "Confidential" per terms of the Protective Order. Plaintiff was free to challenge this designation per section 3(f) of the Order. This provision states that: "[i]f a Party disagrees with the "Confidential" designation of any Protected Document, the party will so notify the Designating Party in writing. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation or redaction. If the objection cannot be resolved by agreement with ten (10) business days of the date of service of the written objection, the Designating party shall move the Court to confirm the confidentiality designation or redaction."

3. Plaintiff notified defendants on November 9, 2015 that they disagreed with certain confidential designations. The parties then conferred and discussed filing a joint letter. According to plaintiff, defendants refused to cooperate and said they would file a motion seeking to confirm the confidential designation. This is the proper procedure per the terms of the Protective Order. Although defendants expressed an intent to comply with this procedure, plaintiff did not allow them to do so because he filed his frivolous premotion conference request before defendants' ten days had elapsed.

4. Additionally, plaintiff's protestations that its latest lengthy submission from November 13, 2015, was an attempt to comply with the Court's November 5, 2015 Order requiring a joint discovery dispute letter, is mistaken. That Order was in response to plaintiff's one-sided letter [ECF No. 55] outlining a discovery dispute. However, the current dispute regarding confidentiality designations is governed by the terms of the Protective Order.

5. Plaintiff also seeks clarification or reconsideration of this Court's order that "plaintiff is free to quote from, or rely upon, confidential documents in its submissions to the Court if it follows proper procedures to protect confidentiality." The Court fails to see how this

language requires additional clarification. But, in the interest of resolving this dispute, I highlight language from section 6(b) of the Protective Order which details specific procedures to follow if a party wishes to use a portion of, or information from, a protected document. "[T]hat party shall e-file an "Application for Leave to file Document Under Seal" . . . specifying precisely what the parties wish to be kept under seal and making a particularized showing of good cause as to why the court should grant the request." If plaintiff wishes to use information that has been designated as confidential in its motion for class certification, or any other filings, plaintiff should follow the procedures set forth in the Protective Order.

6. Finally, plaintiffs complain that defendants have not made a complete document production. Some of the items that the plaintiff demands have already been rejected by the Court. Plaintiff cannot keep demanding the same documents that the Court has already said need not be produced. What defendants did have to produce is: (1) records of calls from consumers where a debt was marked as disputed, or where a consumer refused to provide a reason for disputing a debt; (2) all documents from Operations' electronically searchable database of complaints received from November 8, 2013 to May 29, 2015; (3) any outstanding communications to third parties regarding the alleged debt; (4) documents demonstrating the validity of the alleged debt; and (5) those portions of their policy and training manuals that

refer or relate to responding to requests from debtors to designate their debts as disputed. Defendants are required to file a certification by November 23, 2015 that they have produced all such documents in their possession, custody, or control.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       November 19, 2015