**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEVI HUEBNER on behalf of himself and all other similarly situated consumers,<br><br>                    Plaintiff,<br><br>     -against-<br><br>MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING LLC,<br><br>                    Defendants. | **CASE NO. 1:14-cv-06046-BMC**<br><br>**CERTIFICATION OF DOCUMENTS PRODUCED** |

Pursuant to the Court's Order of November 19, 2015, Defendants Midland Credit Management, Inc. and Midland Funding LLC (together, "Midland") are to certify to the Court that Midland has provided the certain documents in Midland's possession, custody or control to Plaintiff. The categories of documents and Midland's production certifications are set forth below.

     1.     Records of calls from consumers where a debt was marked as disputed, or where a consumer refused to provide a reason for disputing a debt.

     Response: On November 4, 2015, Midland notified Plaintiff that it would make the information sought available to Plaintiff's counsel for *in camera* review at Midland's counsel's office in Manhattan, the same way that Plaintiff

1

made available an unredacted copy of his CreditCheck Total documents.[1] Midland was concerned Plaintiff's attorneys could use a list of phone numbers of consumers who disputed a debt with Midland for purposes other than in connection with the present suit, namely to identify new clients for themselves and possibly to provide to other plaintiffs' attorneys around the country. Midland's offer to allow Plaintiff's counsel to review the requested information *in camera* was intended to reduce this risk. "Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, 2006 U.S. LEXIS 3301, *3 (E.D.N.Y. May 23, 2006).

Plaintiff rejected Midland's invitation for *in camera* review. Midland certifies, however, that it did make these documents available for Plaintiff's counsels' review.

As Plaintiffs' counsels continue to refuse Midland's invitation, on November 23, 2015, Midland sent Plaintiff a CR ROM via Federal Express containing a list of all calls to MCM made between October 15, 2013 and October 15, 2014 that resulted in an account being coded 261 and 050. Included in this list are the dates each account was coded 261 and 050, the names and addresses associated with each account and the phone numbers associated with each account.

---

[1] Midland's counsel did in fact travel to Plaintiff's office to review Plaintiff's unredacted CreditCheck Total documents.

2. All documents from Operations' electronically searchable database of complaints received from November 8, 2013 to May 29, 2015.

Response: MCM compiled and provided to Plaintiff all complaints filed against Midland from November 8, 2013 to May 29, 2015. The complaints were sent on a CR ROM via Federal Express Priority Overnight delivery on October 30, 2015. Not included in this production, however were any Consumer Financial Protection Bureau ("CFPB") complaints, as Midland is not at liberty to provide these documents to third parties.

On January 27, 2015, the CFPB issued a Compliance Bulletin providing that persons in possession of confidential consumer complaint information may not disclose such information to third parties. Exhibit A. Pursuant to the Dodd Frank Act, the CFPB issued regulations governing the use of confidential supervisory information ("CSI"). *See* 12CFR Part 1070. "Confidential information" includes "confidential consumer complaint information," which means information received by the CFPB pursuant to 12 U.S.C. 5493 (which authorizes the CFPB to collect and track consumer complaints regarding consumer financial products or services at 5493(b)(3)) and 12 U.S.C. 5534 (governing responses to consumer complaints) that comprises or documents consumers complaints or inquiries concerning covered entities, to the extent such information is exempt from disclosure pursuant to 5 U.S.C. 552(b) (governing open meetings and exemptions thereto). 12 CFR 1070.2(f).

CSI includes communications between the CFPB and a supervised financial institution, such as Midland, related to the CFPB's supervisory

3

activities and other information created by the CFPB in the exercise of its supervisory authority. Ex. A at page 3. Subject to limited exceptions, supervised financial institutions may not disclose such information even when, as in this case, a confidentiality order is in place. Ex. A at page 4 (citing 12 CFR 1070.41(a)). Midland risks violating the law if it relies upon provisions of a non-disclosure agreement to justify disclosing CSI in a manner other than those permitted. Ex. A at page 5 (citing 12 CFR 1070.42(b)(2)(ii)) (barring release of CSI without prior written approval from the CFPB). As such, as noted by Plaintiff, Midland did not produce any CFPB complaints.

3.      Any outstanding communications to third parties regarding the alleged debt.

Response: Midland certifies that it has produced all such communications. The communications Midland provided are reports from MCM to the consumer reporting agencies ("CRAs"), which MCM provided until it requested that the CRAs delete all information it reported concerning Plaintiff's account. Along with this information, Midland provided a key to the codes used in reporting such information.

At the meet and confer, Plaintiff argued that because "Midland Funding" appears on his CreditCheck Total document, MF must have reported information to the CRAs. As was explained to Plaintiff's counsel, MF does not report information to the CRAs. MCM reports information to the CRAs on MF's behalf. If MF appears on Plaintiff's CreditCheck Total document, it is because MCM reported that Plaintiff owed a debt owned by MF.

4

4. Documents demonstrating the validity of the alleged debt.

Response: Midland certifies that it has provided documents to Plaintiff demonstrating the validity of his debt. In its initial production, among the documents that Midland provided to Plaintiff were documents Bates stamped Midland-014 to Midland-015. Midland-014 is a term agreement executed on behalf of several Verizon entities, including Verizon New York, Inc., and MF, under which Verizon sold accounts, including Plaintiff's account, to MF on July 22, 2013. Document Midland-015 is a printout created by MCM from records provided by, among other Verizon entities, Verizon New York, Inc., setting forth the information that MF received concerning Plaintiff's account from Verizon. Included in this information is Plaintiff's account number, billing telephone number (acknowledged by Plaintiff acknowledged to be his telephone number), date of last payment, name and address associated with the account (Plaintiff's name and address) and the outstanding balance. This document makes clear that at the time MF purchased accounts from Verizon, Verizon represented that Plaintiff's debt was due and owing.

5. Those portions of their policy and training manuals that refer or relate to responding to requests for debtors to designate their debts as disputed.

Response: Midland certifies that it has provided Plaintiff those portions of its policy and training manuals that refer or relate to responding to requests for debtors to designate their debts as disputed.

5

**Conclusion**

Midland respectfully suggests that Plaintiff possessed or had access to all documents needed for him to move for class certification prior to the Court's deadline. Though Midland does not believe that certification would have or should have been granted, fault for not moving for class certification by the Court's deadline lies solely with Plaintiff.

Dated: New York, New York
       November 23, 2015

                          Respectfully submitted,

                          MARSHALL DENNEHEY WARNER
                          COLEMAN & GOGGIN, P.C.

By:         /s/        
     Matthew B. Johnson (MJ 1622)
     Attorneys for Defendants Midland Credit
     Management, Inc. and
     Midland Funding, LLC
     88 Pine Street, 21st Floor
     New York, New York 10005
     (212) 376-6433