**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM
A PROFESSIONAL CORPORATION

| | |
|---|---|
| **PENNSYLVANIA** | **OHIO** |
| Allentown | Cincinnati |
| Doylestown | Cleveland |
| Erie | |
| Harrisburg | **FLORIDA** |
| King of Prussia | Ft. Lauderdale |
| Philadelphia | Jacksonville |
| Pittsburgh | Orlando |
| Scranton | Tampa |
| **NEW JERSEY** | **NEW YORK** |
| Cherry Hill | Long Island |
| Roseland | New York City |
| | Westchester |
| **DELAWARE** | |
| Wilmington | |

Wall Street Plaza. 88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

Direct Dial: 212-376-6433
Email: mbjohnson@mdwcg.com

December 5, 2015

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Huebner v. Midland Credit Management, Inc. et al., No. 1:14-cv-06046-BMC
      Response to Pre-Motion Conference Request Regarding Motion to Reconsider

Dear Judge Cogan:

My firm represents Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC, (collectively "Midland"). We write in opposition to Plaintiff's request for a pre-motion conference.[1]

Motions for reconsideration are entrusted to the discretion of the court. Keller Painting Corp. v. Torcon, Inc., 12-CV-1061 (ADS)(ARL), 2014 U.S. Dist. LEXIS 161516, at *4 (E.D.N.Y. Nov. 18, 2014). Such a motion is appropriate when the moving party believes that the court overlooked important "matters or controlling decisions" that would be expected to have altered the conclusion reached by the court. Baumgarten v. Suffolk County, 12-CV-0171(JS)(AKT), 2014 U.S. Dist. LEXIS 116145, at *3-4 (E.D.N.Y. Aug. 19, 2014). The Court has not overlooked any such matters or decisions, therefore Plaintiff's request for leave to file a motion for reconsideration should be refused.

Plaintiff provides a skewed review of the discovery history of this case that is generally irrelevant to Plaintiff's request for relief, addressing disputes already raised with the Court and resolved. Midland addresses Plaintiff's main points of contention.[2]

Class Certification: Plaintiff again seeks an extension of time to move for class certification. As long ago as September 2, 2015, the Court found that "plaintiff's letter [ECF 48] makes it clear that he has grounds to move for class certification known to him, but that motion is already not in compliance with this Court's scheduling order." Despite this,

---

[1] Plaintiff's Request exceeds the Court's limit for such requests by four pages.
[2] Midland notes that it already responded to each issue raised by Plaintiff via letter provided to Plaintiff on November 29, 2015. See Exhibit A.

Honorable Brian M. Cogan
December 5, 2015
Page 2

---

Plaintiff continues to drag out this case. It is not clear what Plaintiff believes he lacks that keeps him from moving for class certification, though Midland avers that no class may properly be formed.

Plaintiff's Point One: In Plaintiff's filing of Nov. 4, 2015, he identified the question of fact and law concerning the putative class as "whether MCM may inquire into the reason why a consumer seeks to designate a debt as disputed. The class is readily identified as the consumer accounts where the code '050' was used to mark a debt as disputed and '261' was used when a consumer refused to provide a reason for disputing the debt." ECF 55 at pp. 11-12. "Therefore, Plaintiff properly seeks the log of Defendants [sic] consumer accounts who [sic], over the year preceding this action, the code '050' was used to mark a debt as disputed and '261' was used for refusing to provide a reason for disputing the debt." Id. at p. 12. In Plaintiff's November 19, 2015, filing, Plaintiff identified as outstanding "production of all calls where a consumer debt was marked as disputed, in particular those accounts where the code '050' was used to mark a debt as disputed and '261' was used when a consumer refused to provide a reason for disputing the debt." ECF 58 at p. 4 n.3.

Midland produced a log of all calls all calls to MCM made between October 15, 2013 and October 15, 2014 that resulted in an account being coded 261 and 050, including the dates each account was coded 261 and 050, the names and addresses associated with each account and the phone numbers associated with each account. Now Plaintiff asserts that what he meant to request was a list including "those accounts that are only designated 261 along with those accounts that are only designated 050." ECF 62 at p. 6. Notably, this newly proposed list would specifically exclude those marked both 050 and 261.

It is unclear what Plaintiff believes production of any of the above lists would establish. Plaintiff's Third Amended Complaint asserts that MCM requires that consumers who call to dispute a debt are required to furnish a reason to dispute the debt. ECF 35 at ¶ 102. Plaintiff asserts that MCM code 050 is the code MCM uses "when a consumer disputes an account." ECF 55 at p. 2 n.2. Plaintiff asserts that code 261 is used "when the consumer refused to furnish a reason for disputing the debt." Id. Presumably, accounts marked 050 would not be those of putative class members; by definition, those accounts were marked disputed. The existence of accounts marked both 050 and 261 appears to doom Plaintiff's class theory, as these are accounts marked disputed despite the consumers' refusal to furnish a reason for disputing the debt. This is underscored by the fact that Plaintiff's account was *not* marked as disputed – code 050 – but was coded for deletion and all efforts to collect were ceased (i.e. the information Plaintiff seeks is neither relevant nor applicable to Plaintiff).

In any event, Midland furnished Plaintiff with a CD including the log of accounts marked 050 and 261, as described above. In addition, on November 4, 2015, Midland sent Plaintiff a letter offering to make available to Plaintiff "the list of all calls where a consumer debt was marked as disputed" for *in camera* review. This list contained a total of 553,107 accounts, some of which included accounts marked both 050 and 261.

Honorable Brian M. Cogan
December 5, 2015
Page 3

---

Midland remains concerned that, despite the issuance of a protective order, Plaintiff seeks this list to improperly solicit claims. Such a list, improperly employed, would be of great value as each caller on the list at least potentially believes that Midland attempted to collect a debt which the caller disputed their respective debt obligation. As Midland noted, "courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, 2006 U.S. LEXIS 3301, *3 (E.D.N.Y. May 23, 2006). Midland remains willing to provide the larger list to Plaintiff for *in camera* review, which it believes would serve Plaintiff's needs, while maintaining that this list has no relevance to the Plaintiff's baseless claims. Plaintiff's account was not furnished to the credit bureaus as "disputed;" rather MCM requested deletion of information regarding the account.

Plaintiff's Point II: Plaintiff alleges that Midland may have failed to produce records of communications with third parties. Midland certifies that it has produced all outstanding communications to third parties regarding Plaintiff's debt. Midland produced notes regarding MCM's credit reporting of Plaintiff's accounts and its deletion requests (Ex. B, provided to Plaintiff in discovery as Midland-005) as well as MCM's e-OSCAR electronic deletion requests and a key to its codes (Ex. C, to be filed under seal, provided to Plaintiff in discovery as Midland-286 to -290). Midland certifies that after MCM's final request for deletion of Plaintiff's account, Midland issued no further communications with third parties (other than Plaintiff and the Court) regarding Plaintiff's account and that no other records are available. Midland has repeatedly informed Plaintiff that MF never reported his account. MCM reported that Plaintiff owed a debt to MF, thereafter MCM requested deletion of that debt information on Plaintiff's credit reports with the credit bureaus.

Plaintiff's Point III: Plaintiff asserts that he was denied the chance to re-depose Midland's 30(b)(6) witness. Midland has outlined the various productions it made to Plaintiff. *See* ECF 60. Despite receipt of this production, Plaintiff *never asked* to re-depose Midland's 30(b)(6) witness, nor did Plaintiff seek an extension of his November 6, 2015, deadline to re-depose Midland's witness until his improper November 4, 2015, filing (ECF 55, denied by the Court on November 5, 2015), and now, in the present letter motion. Plaintiff's opportunity to re-depose Midland's corporate representative has passed.

For these reasons, Midland respectfully requests that the Court deny Plaintiff's request for leave to move for reconsideration.

Respectfully submitted,

/s/ *Matthew B. Johnson*