To:    Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

December 15, 2015

Re:    *Huebner v. Midland Credit Management, Inc. et al.*, 1:14-cv-06046-BMC

## LETTER REQUESTING PRE-MOTION CONFERENCE

Dear Judge Cogan:

We represent Plaintiff Levi Huebner ("Plaintiff"). Pursuant to Rule 23(d), Plaintiff respectfully requests that the Court schedule a pre-motion conference to address a complication in cross moving for summary judgment before class certification.

Plaintiff proposes the solution−and requests such relief−a scheduling order-granting Plaintiff leave to cross move for *Partial Summary Judgment* addressing the applicable law and facts, while reserving the issues of liability to a subsequent motion after the consideration of class certification. Accordingly, Plaintiff requests that the cross motion for *partial summary judgment* be due three weeks from the Court's determination of this application. In the alternative, if this application is denied, Plaintiff request that the cross motion for *summary judgment* together with Plaintiff's motion for class certification be due four weeks from the Court's determination of this application.

## BACKGROUND

On December 1, 2015, Defendants Midland Credit Management, Inc. (MCM") and Midland Funding LLC ("MFL") (collectively "Midland") filed papers for summary judgment. On December 6, 2015, the Court ordered supplemental production and deposition by Midland before filing for class certification. The Court ordered, "None of these rulings affect the schedule for the resolution of defendants' pending motion for summary judgment." (ECF 12/06/2015). Accordingly, the time to cross move for summary judgment is assumed to be before class certification. In particular, Plaintiff contemplates that summary judgment will resolve this case in its favor.

It is fair to say that there is no clear answer to the question whether it is appropriate for the court to determine motions for summary judgment prior to rendering a decision on class certification. On the one hand, the Second Circuit in *Schweizer v. Trans Union Corp*

December 15, 2015
Page 2

---

136 F.3d 233, 239 (2d Cir. 1998) held in a Fair Debt Collection Practices Act claim that summary judgment before determining whether a class action should be certified was well within the discretion of the district court. On the other hand, two years later, the same court observed that it would be "difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits." *Philip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir. 2000) (quoting *Bieneman v. Chicago,* 838 F.2d 962, 964 (7th Cir. 1988) (per curiam)).

The district courts in this circuit remain split on the issue as well. *Compare, e.g., Policemen's Annuity & Ben. Fund of the City of Chicago v. Bank of Am., NA*, No. 12 CIV. 2865, 2014 WL 2086426, at *2 (S.D.N.Y. May 5, 2014) ("There is nothing in Rule 23 which precludes the court from examining the merits of plaintiffs claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion precedes resolution of the issue of class certification."), with, *In re Cablevision Consumer Litig.*, No. 10 CV 4992, 2014 WL 1330546, at *15-16 (E.D.N.Y. Mar. 31, 2014) (decision on class certification should precede decision on the merits).

"Courts have held that in general, issues relating to class certification should be decided before a decision on the merits is rendered." *Reynolds v. Barrett*, 741 F.Supp.2d 416, 424 (W.D.N.Y. 2010) also *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 44 (W.D.N.Y. 2009). However, "a defendant may waive the protections Rule 23(c) offers and elect to have the merits decided before the class certification question and before notice is sent to the class." *Tschudy v. JC Penney Corporation, Inc.*, 11cv1011 JM (KSC) (SD Cali. August 28, 2015). [I]t is a 'recognized tactic' for a defendant to move for summary judgment before a judge determines whether to certify a class." *Dicuio v. Brother International Corporation*, Civ. Action 11-1447 (FLW)(TJB) (D. New Jersey May 27, 2015). "Defendants here never invoked that right [of class certification], however. As stated, they thereby implicitly waived that right." *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 48 (W.D.N.Y. 2009).[1]

---

[1] Before drafting the instant application, Plaintiff contacted Defendants by email to address this very concept of filing summary judgment before class certification. Defendants responded, "It's not up to me to resolve issues of procedure for Plaintiff, though I'll not stand in the way of any reasonable request" and "Midland is not particularly concerned with obtaining the protection of *res judicata* as to Plaintiff's putative class because Plaintiff fails to state a claim." Thus, Plaintiff contemplates that cross moving for summary judgment will justify judgment in Plaintiff's favor.

Here, the narrower question is, whether the Plaintiff can move for summary judgment before class certification, see *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 47 (W.D.N.Y. 2009)("pre-certification dispositive motions filed by plaintiffs and defendants implicate different concerns"). One thing is for certain, Plaintiff must cross move Midland's summary judgment, "class members remained free to assert any claims they might have against the defendants, who assumed the risk that summary judgment in their favor would have only *stare decisis* effect on the members of the putative class." *Mendez* at 47. Nonetheless, the Second Circuit said, "it difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits." *Philip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir. 2000) (quoting *Bieneman v. Chicago,* 838 F.2d 962, 964 (7th Cir. 1988) (per curiam).

## CONCLUSION

Rather than inflating the split raised by the many decisions addressing whether it is appropriate for a Plaintiff to cross move for summary judgment before class certification, Rule 23(d) allow the Court to determine the course of the proceedings, proposed extent of the judgment, and deal with the procedural matters.   Therefore, Plaintiff requests a pre-motion conference, to seek a scheduling order-granting Plaintiff leave to cross move for *Partial Summary Judgment* addressing the applicable law and facts, while reserving the issues of liability to a subsequent motion after the consideration of class certification.  Plaintiff requests that the cross motion for *partial summary judgment* be due three weeks from the Court's determination of this application. In the alternative, if this application is denied, Plaintiff requests that the cross motion for *summary judgment* together with Plaintiff's motion for class certification be due four weeks from the Court's determination of this application.

          Respectfully submitted,

          **POLTORAK PC**

          By:     /s/ Jacob T. Fogel

          Jacob T. Fogel Esq.
          *Counsel for Plaintiff Levi Huebner*

          26 Court Street, Suite 908
          Brooklyn, NY 11242
          Tel: (718) 855-4792