**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
ATTORNEYS-AT-LAW   WWW.MARSHALLDENNEHEY.COM
A PROFESSIONAL CORPORATION

Wall Street Plaza. 88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

| | |
|---|---|
| **PENNSYLVANIA** | **OHIO** |
| Allentown | Cincinnati |
| Doylestown | Cleveland |
| Erie | |
| Harrisburg | **FLORIDA** |
| King of Prussia | Ft. Lauderdale |
| Philadelphia | Jacksonville |
| Pittsburgh | Orlando |
| Scranton | Tampa |
| **NEW JERSEY** | **NEW YORK** |
| Cherry Hill | Long Island |
| Roseland | New York City |
| | Westchester |
| **DELAWARE** | |
| Wilmington | |

Direct Dial: 212-376-6433
Email: mbjohnson@mdwcg.com

December 15, 2015

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Huebner v. Midland Credit Management, Inc. et al., No. 1:14-cv-06046-BMC
      Response to Plaintiff's Pre-Motion Conference Request Regarding Summary
      Judgment

Dear Judge Cogan:

My firm represents Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC, (collectively "Midland"). We write in opposition to Plaintiff's request for a pre-motion conference seeking leave to file a cross-motion for partial summary judgment.

Plaintiff fails to set forth the basis for his proposed motion for summary judgment. Your Honor's Individual Practice Rules require that a party seeking leave to file a motion must submit a letter "setting forth the basis for the anticipated motion." Without knowing the basis of the proposed motion, the Court cannot evaluate whether Plaintiff's proposed motion would have any merit or would waste judicial resources. Midland respectfully suggests that this is cause to deny Plaintiff's request.

Further, Plaintiff's request is untimely. Midland requested, and the Court granted, leave to move for summary judgment at the status conference held on September 4, 2015. Plaintiff did not suggest that he also wished to move for summary judgment at that hearing or at any time until today, over three months later. Plaintiff provides no good cause, or even cause, for his delay.

Finally, Plaintiff provides a confusing analysis of whether it would be proper for him to move for summary judgment given that he has not yet moved for class certification. On September 2, 2015, the Court noted that "plaintiff's letter makes it clear that he has grounds to move for class certification known to him, but that motion is already not in compliance with this Court's scheduling order." Then, on November 24, 2015, the Court issued an order providing that "plaintiff has until 12/8/2015 to submit his class

Honorable Brian M. Cogan
December 15, 2015
Page 2

---

certification motion. Plaintiff is warned that this will be the final extension." The Court never modified this deadline, nor did Plaintiff request that the Court do so. As this deadline passed one week ago today, it is not clear why Plaintiff still believes that he can move for class certification in this matter.

      For these reasons, Midland respectfully requests that the Court deny Plaintiff's request for a pre-motion conference and, to the extent Plaintiff's letter constitutes a request to extend the deadline by which to move for class certification, Midland opposes that request as well.

                                 Respectfully submitted,

                                 /s/ *Matthew B. Johnson*