To:    Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

December 15, 2015

Re:    *Huebner v. Midland Credit Management, Inc. et al.*, 1:14-cv-06046-BMC

**REPLY LETTER TO DEFENDANTS OPPOSITION**

Dear Judge Cogan:

    We represent Plaintiff Levi Huebner ("Plaintiff"). This letter is in reply to Defendants Midland Credit Management, Inc. (MCM") and Midland Funding LLC ("MFL") (collectively "Midland") response dated December 15, 2015.

    Midland has no basis for its opposition to Plaintiff filing a cross-motion for summary judgment. The Federal Rules of Civil Procedure provides "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FRCP 56(b). There are no pre-qualifications required to invoke the "right to file" for summary judgment. To the extent that Plaintiff did not set forth the basis for summary judgment, attached is Plaintiff's initial draft of the Local Rule 56.1 Statement setting forth the uncontested facts, to be reviewed on cross summary judgment.

    Moreover, Midland deliberately, yet again−misconstrue− the Court's order dated December 6, 2015, which granted partial reconsideration to the order dated November 24, 2015, which provided in relevant part: "defendants' discovery certification is adequate. In light of the fact that defendants produced additional discovery materials to plaintiff on 11/23/2015, plaintiff has until 12/8/2015 to submit his class certification motion."

    The basis for reconsideration of the November 24 order was that Midland misconstrued the Court's previous discovery orders and did not comply with production of the call log. Therefore the Court ordered, "granting in part and denying in part [62] Motion for Pre Motion Conference . . . as follows: (1) Defendants have to produce all calls with EITHER codes 050 or 261 by 12/18/15. That was always the Court's clearly expressed intent. . . . (3) Plaintiff may take a further 90 minute deposition of defendants' Rule 30(b)(6) witness limited solely to the additional documents produced under (1) above, said deposition to occur within two weeks of production; . . . (4) None of these rulings affect the schedule for the resolution of defendants' pending motion for summary judgment." By its own terms, the

Court kept the summary judgment schedule but reconsidered the November 24 scheduling order so Plaintiff can complete outstanding discovery before filing for class certification; thus, setting the schedule of summary judgment ahead of class certification.

Rather than inflating the split raised by the many decisions addressing whether it is appropriate for a Plaintiff to cross move for summary judgment before class certification, Rule 23(d) allow the Court to determine the course of the proceedings, proposed extent of the judgment, and deal with the procedural matters.   Therefore, Plaintiff requests a pre-motion conference, to seek a scheduling order-granting Plaintiff leave to cross move for *Partial Summary Judgment* addressing the applicable law and facts, while reserving the issues of liability to a subsequent motion after the consideration of class certification.  Plaintiff requests that the cross motion for *partial summary judgment* be due three weeks from the Court's determination of this application. In the alternative, if this application is denied, Plaintiff requests that the cross motion for *summary judgment* together with Plaintiff's motion for class certification be due four weeks from the Court's determination of this application.

Respectfully submitted,

**POLTORAK PC**

By:    /s/ Jacob T. Fogel

_____

Jacob T. Fogel Esq.
*Counsel for Plaintiff Levi Huebner*