UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVI HUEBNER on behalf of himself and all others similarly situated, | Civil Action No.:   CV 14-6046 (BMC) |
| Plaintiff, | |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., and MIDLAND FUNDING LLC, | |
| Defendants. | |

### ATTORNEY DECLARATION
### IN SUPPORT OF EX PARTE APPLICATION

I, Gustavo F. Bruckner, of Pomerantz LLP ("Pomerantz"), state the following as true under the laws governing prohibiting perjury:

1. I am an attorney admitted to the practice of law in the State of New York and am appearing in the above-captioned action ("Action") in the U.S. District Court for the Eastern District of New York.

2. I make the following declaration voluntarily upon the knowledge of the facts and events known to me.

3. I submit this declaration in support of the *Ex Parte* application ("Application") shortening time for notice and expediting the hearing of Pomerantz's motion to withdraw as counsel, filed herewith, pursuant to Eastern District of New York Local Rules 1.9 and 6.1, subsection (d).

4. Good cause exists for the Court to grant this Application because a conflict of interest has emerged between Pomerantz and Plaintiff Levi Huebner ("Plaintiff") that prevents Pomerantz from adequately representing Plaintiff from Defendants' motion for sanctions

("Sanctions Motion") against Plaintiff and Plaintiff's counsel, Poltorak P.C. and Pomerantz, now pending before this Court.

5. Should the Court refuse to grant this Application, Pomerantz will be in the untenable— and potentially unethical— situation of arguing a position that will adversely affect either its own, or its client's interests.

6. The above-captioned Action was dismissed by Order of the Court on June 6, 2016. Defendants filed a Sanctions Motion on June 13, 2016. Plaintiff and Plaintiff's counsel's (Pomerantz included therein) response to said Motion is due by July 12, 2016.

7. Should the Court refuse to grant this Application, Pomerantz attorneys' professional judgment would be adversely affected by their desire to protect their own financial, business, property and other personal interests. Several arguments and defenses avail themselves to Pomerantz that are not available to Plaintiff or Plaintiff's other counsel— who continue to represent Plaintiff.

8. Some examples of such defenses include Defendants' arguments concerning their notice of intent to seek sanctions and their argument concerning delay, neither of which pertain to Pomerantz. Defendants have acknowledged they "did not directly warn the Pomerantz attorneys to dismiss the action as Midland had made its views clear prior to their appearance and the Pomerantz attorneys moved with reasonable speed to bring this action to conclusion."

9. ███████████████████████████████████████████████████████

10. As a result of the imminent deadline for a defense to the Sanctions Motion, Pomerantz is forced to bring the instant Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 1st day of July, 2016.

Dated: July 1, 2016

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Gustavo F. Bruckner*

Gustavo F. Bruckner
600 Third Avenue
New York, NY 10016
T: (212) 661-1100
F: (212) 661-8665
gfbruckner@pomlaw.com

## **VERIFICATION**

I, Gustavo F. Bruckner, verify pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, that I conducted a reasonable inquiry to the facts and laws stated in the foregoing declaration, and certify in good faith that under the circumstances:

1. The factual allegations stated in the foregoing related to myself and Plaintiff Levi Huebner are true to the best of my knowledge.

Dated: July 1, 2016

Respectfully submitted,

**POMERANTZ LLP**

By: */s/ Gustavo F. Bruckner*

Gustavo F. Bruckner
600 Third Avenue
New York, NY 10016
T: (212) 661-1100
F: (212) 661-8665
gfbruckner@pomlaw.com