UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVI HUEBNER on behalf of himself and all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., and MIDLAND FUNDING LLC, <br><br> *Defendants.* | Civil Action No.:   CV 14-6046 (BMC) |

### REPLY MEMORANDUM IN SUPPORT OF POMERANTZ'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF LEVI HUEBNER

Pomerantz LLP ("Pomerantz"), respectfully submits this Reply Memorandum in Support of its Motion to Withdraw as Counsel for Plaintiff Levi Huebner ("Plaintiff"), pursuant to Eastern District of New York Local Rule 1.4.[1]

### PRELIMINARY STATEMENT

Local Rule 1.4 of the Eastern District of New York and the New York Rules of Professional Conduct permit a lawyer to withdraw from representation of a client at the Court's authorization. *See* E.D.N.Y. LR 1.4 ("An attorney who has appeared as attorney of record for a party may be relieved" by Court order upon showing of "satisfactory reasons for withdrawal"); N.Y.R.P.C. Rule 1.3 ("A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but the lawyer may withdraw as permitted under these Rules.").

Plaintiff retained Pomerantz in this litigation for two discrete tasks: first, Pomerantz

---

[1] This Reply Memorandum relates to Plaintiff's Affirmation in Opposition to Pomerantz's Motion to Withdraw, filed with the Court on July 21, 2016. Pomerantz previously filed a separate Reply in Response to Defendants' Opposition to Pomerantz's Motion to Withdraw (ECF No. 110).

1

would assist Plaintiff and his counsel in responding to Defendants' Motion for Summary Judgment filed December 1, 2015 (ECF No. 66). Declaration of Gustavo F. Bruckner ("Bruckner Decl."), ¶ 4. Second, Pomerantz would assist Plaintiff and his counsel in researching, drafting and filing a Motion to Certify Class. *See* Court Order, Dec. 14, 2015 (ordering filing of Motion to Certify Class within two weeks of final 30(b)(6) deposition); *Id*. Pomerantz attorneys entered appearances in late December 2015 and early January 2016; Pomerantz timely accomplished both tasks as of January 27, 2016, and then filed a reply in support of its Motion to Certify Class on February 17, 2016 (ECF No. 83, 91, 94). No further filings in this action occurred until the Court's order of June 6, 2016, granting the Motion for Summary Judgment and denying the Motion to Certify Class (ECF No. 95).

During the entire period of time in which Pomerantz has been retained in this action, co-counsel Poltorak PC, its attorney Elie Poltorak as well as its of counsel attorneys, Jacob Fogel, Leopold Gross and Steven Goldman, have all maintained their appearances, either individually or on behalf of Poltorak PC. None of these counsel have at any point sought to withdraw their appearances in this Court. Other than Pomerantz's Motion to Withdraw, the only remaining matter in this Court is Defendants Midland Credit Management, Inc.'s, and Midland Funding, LLC's ("Defendants") Motion for Sanctions (ECF No. 98).  Pomerantz responded on its behalf to Defendant's Motion for Sanctions regarding the opposition to summary judgment and motion for class certification filed by Pomerantz – the only matters handled by Pomerantz since its attorneys filed their appearances.

Notices of Appeal of this Action were timely filed by Plaintiff *pro se* and by Poltorak PC (ECF No. 105, 106). Those Appeals are currently pending in the Second Circuit Court of Appeals.

Poltorak PC and its of counsel have continuously represented Plaintiff throughout the entire duration of this Action and are in the best position to know the facts prior to Pomerantz attorneys having filed their appearances.  Messrs. Poltorak and Fogel are best situated to represent Plaintiff in any further proceedings, including  Defendants' Motion for Sanctions which primarily addresses Plaintiff's and his counsel's conduct prior to Pomerantz attorneys filing appearances in this Action. (ECF No. 98).

Finally, Plaintiff has acknowledged that Pomerantz is under no obligation to represent his interests in appellate proceedings. Therefore, Pomerantz's role in this action is finished, and it should be permitted to withdraw.

**ARGUMENT**

Plaintiff's Affirmation in Opposition to Pomerantz's Motion to Withdraw (filed July 21, 2016) ("Affirmation in Opposition") fails to address the many legal and factual grounds Pomerantz proffered in support thereof. Although Plaintiff stated in a conclusory manner that there is no conflict, Plaintiff failed to adequately respond to any of Pomerantz's arguments and cited no legal authority therein. In addition to the inherent conflict Pomerantz identified in its Motion to Withdraw, Pomerantz and the Plaintiff have developed a fundamental disagreement on how to proceed and an irreconcilable breakdown in communication has occurred. Plaintiff will not be adversely affected by Pomerantz's withdrawal.

Moreover, there has been an irreconcilable breakdown in communication between Pomerantz and Plaintiff that has strained the relationship beyond repair.  Poltorak PC and Fogel have actively and continuously represented Plaintiff in this Action, and have never withdrawn or ceded full authority over this Action to Pomerantz. Bruckner Decl., ¶ 5. Furthermore, Plaintiff, an attorney admitted to practice in the Eastern District of New York, has filed multiple similar

cases under the same law on behalf of other litigants in the Eastern District of New York and demonstrated his ability to represent himself as gleaned from his representation of clients in those earlier cases, as well as from his action here including the filing of a notice to appeal and his opposition to this motion. Therefore, Pomerantz respectfully requests that the Court grant its Motion to Withdraw.

> **I.   There Has Been An Irreconcilable Breakdown In Communication Between Pomerantz And Plaintiff That Renders Future Representation Impossible**

An attorney may withdraw from representation of a client when the client insists upon taking action with which the lawyer has a fundamental disagreement or when there is an irreconcilable conflict between attorney and client. *Koon Chun King Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co.*, 2009 U.S. Dist. LEXIS 17694, at *6-7 (citing Model Code § 1.16(b); 22 N.Y.C.R.R. § 1200.15(c)) (E.D.N.Y. 2009); *Dowler v. Cunard Line, Ltd.*, 1996 U.S. Dist. LEXIS 9100, at *5 (S.D.N.Y. 1996) ("irreconcilable differences are a proper basis for withdrawal…") (citing *Generale Bank v. Wassel*, 1992 U.S. Dist. LEXIS 2001 (S.D.N.Y. 1992) and *Sansiviero v. Sanders*, 117 A.D.2 794, 795 (2d Dept. 1986)). Further, an attorney seeking withdrawal on such basis may be "general in nature" when "such generality was intentional in order to avoid revealing attorney-client confidences and prejudicing plaintiff before the Court." *Neilson v. Colgate-Palmolive Co.*, 1997 U.S. Dist. LEXIS 1978, at *4 (S.D.N.Y. 1997). When the plaintiff "will be in the same position, practically speaking, whether his attorney withdraws or not," permissive withdrawal should be granted. *Koon Chun King Kee*, 2009 U.S. Dist. LEXIS 17694, at *7.

Pomerantz has aimed to balance providing the Court sufficient detail of the issues it has encountered while maintaining Plaintiff's attorney-client privilege. *See Neilson, supra*, 1997 U.S. Dist. LEXIS 1978, at *4. Without breaching any duty, Pomerantz can state that there is a

4

breakdown in the relationship, and that Plaintiff does not agree with Pomerantz's advice moving forward. If the Court wishes to be apprised of greater detail, Pomerantz requests that such information be addressed pursuant to an order, *in camera*.

Plaintiff is currently represented by attorneys from Poltorak PC and Messrs. Fogel, Gross and Goldman.[2] As noted earlier, Poltorak and its attorneys have not sought withdrawal of their appearances and have represented Plaintiff since the inception of this Action over two years ago. Accordingly, Poltorak PC attorneys are the most likely to have the information and institutional memory to carry out any further and effective representation. Further, the withdrawal of Pomerantz will not adversely affect Plaintiff, as regardless of Pomerantz's status in this action, Plaintiff will need to rely on the information and first-hand experience of Poltorak PC and its attorneys in defending Plaintiff regarding the conduct alleged by Defendants which occurred prior to Pomerantz's appearance in this Action, as well as the proceedings in the Second Circuit filed by Plaintiff and Mr. Fogel. *See Koon Chun King Kee*, 2009 U.S. Dist. LEXIS 17694, at *7. Accordingly, Pomerantz's Motion for Withdrawal should be granted.

    **II.**    **Plaintiff's Counsel Poltorak PC and its Attorneys Continue to Actively Represent Plaintiff And Have Remained Active Throughout The Pendency Of Pomerantz's Representation of Plaintiff**

Plaintiff's counsel, Poltorak PC, has not relinquished all of its duties to Pomerantz. Bruckner Decl., ¶ 5. Indeed, after Pomerantz attorneys entered their appearances, Poltorak PC personnel worked closely with Pomerantz both in preparing Plaintiff's Motion to Certify Class and Plaintiff's Response to Defendants' Motion for Summary Judgment. *Id.*. Aside from generating relevant documents, Poltorak PC personnel have conducted legal research and advanced legal theories in support of the Opposition to Summary Judgment and Motion for Class

---

[2] Pomerantz wishes to express it concern for Mr. Poltorak's general wellbeing, although as discussed herein, it appears he is still able to communicate with his colleagues despite Plaintiff's representations to the contrary.

5

Certification filed by Pomerantz. Additionally, Poltorak PC personnel reviewed the drafts of the pleadings, and were signatories to the two pleadings. Further, Mr. Fogel, took deposition testimony on August 24, 2015 in carrying out his representation of Plaintiff. (ECF No. 85, Ex. 2) In addition, on July 6, 2016, Mr. Fogel also filed a Notice of Appeal on behalf of Poltorak PC and Mr. Poltorak himself (ECF No. 106).[3]

Poltorak PC personnel never informed Pomerantz of their intention to relinquish Plaintiff's representation fully to Pomerantz. Bruckner Decl., ¶ 5. Nor have they ever filed a request to withdraw their appearance on the record. Pomerantz's engagement on behalf of Plaintiff was to assist Plaintiff with responding to the Defendant's Motion for Summary Judgment and subsequently to file Plaintiff's Motion to Certify Class. *Id*. at ¶ 4. Poltorak PC, meanwhile, has represented Plaintiff from the outset of the litigation, and none of the attorneys who entered an appearance on the record prior to Pomerantz have sought to withdraw. In his Affirmation in Opposition, Plaintiff further states that Poltorak PC "remained on this case only to preserve the right of appeal regarding issues affecting" Mr. Poltorak himself, and that otherwise "a substitution of counsel would have been filed at the time Pomerantz entered this case."

Pomerantz, however, was never told that it alone was responsible for comprehensive representation of Plaintiff until Plaintiff's recent representation to this Court. In stark contrast to such Plaintiff's recent representation, no Poltorak attorney has heretofore filed to withdraw its appearance on behalf of Plaintiff. Given the well-established rules in the Eastern District of New York and the New York Rules of Professional Conduct, the absence of any request or motion to withdraw representation of Plaintiff by any Poltorak attorney supports Pomerantz's understanding that Poltorak and its attorneys continue to represent Plaintiff. Clearly, the

---

[3] It is unclear whether Mr. Fogel is acting as an attorney "of counsel" to Poltorak PC and Mr. Poltorak or whether he is independently representing them, but there is no question that Mr. Fogel filed a notice of appearance and a Notice of Appeal on July 6, 2016.

communication between Pomerantz and Plaintiff has broken down in each party's understanding of its duties and obligations to the point where Pomerantz can no longer represent Plaintiff.

Further, Mr. Fogel filed a Notice of Appeal on behalf of both Poltorak PC and Mr. Poltorak himself on July 6, 2016 (ECF No. 106). Undoubtedly, Mr. Fogel and Mr. Poltorak and/or Poltorak PC are in contact with one another as to their status in this action. In light of Plaintiff's statement in his Affirmation in Opposition that Poltorak PC remained in the suit because it wished to retain its rights to appeal, it is evident that Poltorak PC is still ready, willing and able to conduct investigations, review filings, and draft its own papers in this action. Poltorak PC is still actively participating in the litigation and can continue to do so on behalf of Plaintiff if it can do so for itself.

### III.     Additional Counsel Other Than Pomerantz And Poltorak Remain Plaintiff's Counsel Of Record

It bears noting that aside from Pomerantz and Poltorak PC, three other attorneys filed appearances on behalf of Plaintiff in this matter. Leopold Gross noticed his appearance as counsel for Plaintiff on April 28, 2015, and filed a Reply in Opposition to Order to Show Cause on that day (ECF No. 25); Steven Goldman noticed his appearance on September 5, 2015 (ECF No. 49), and defended Plaintiff's deposition on August 17, 2015 (ECF No. 85, Ex. 1). Mr. Gross and Mr. Goldman did not notice their appearances as part of Poltorak PC, but rather as separate, unaffiliated legal counsel. Mr. Fogel, as discussed *supra*, noticed his appearance on May 7, 2015, and has filed multiple motions and briefs throughout the litigation (e.g., ECF No. 50, 53, 55, 71). Mr. Fogel has additionally taken depositions on Plaintiff's behalf (e.g., ECF No. 85, Ex. 2) and has filed with the Court on behalf of Poltorak PC, as recently as July 8, 2016 (ECF No. 106). As a result, these attorneys share a responsibility to represent Plaintiff until they seek to withdraw from the matter.

7

Even in the absence of his various legal counsel, Plaintiff has demonstrated that he will not be prejudiced by Pomerantz's withdrawal by filing his notice of appeal *pro se* and by successfully and timely filing his opposition to Pomerantz's motion to withdraw. Indeed, Plaintiff has handled several Fair Debt Collection Practices Act lawsuits and is well versed on the substantive and procedural law (as detailed in Pomerantz's filings). *See Diaz v. New York Comprehensive Cardiology, PLLC*, 43 Misc. 3d 759, 762 (N.Y. Supr. Ct., 2nd JD) (2014) (where plaintiff is an attorney, he is subject to less risk of prejudice due to withdrawal of counsel). Therefore, no prejudice will result if the Court grants Pomerantz's motion. *Cp. Koon Chun King Kee, supra*, 2009 U.S. Dist. LEXIS 17694, at *7.

## CONCLUSION

For the reasons stated herein, Pomerantz respectfully requests that its Motion to Withdraw as Counsel for Plaintiff in this Action be granted, along with such other and further relief as the Court deems just and proper.

Dated: July 27, 2016
New York, New York

    Respectfully submitted,

    **POMERANTZ LLP**

    By: */s/ Gustavo F. Bruckner*

    Gustavo F. Bruckner
    600 Third Avenue
    New York, NY 10016
    T: (212) 661-1100
    F: (212) 661-8665
    gfbruckner@pomlaw.com

    Jayne A. Goldstein (pro hac vice)
    1792 Bell Tower Lane, Suite 203

8

        Weston, FL 33326
        T: 561-270-0795
        F: 954-315-3454
        jagoldstein@pomlaw.com

        Perry Gattegno (pro hac vice)
        10 S LaSalle, Suite 3505
        Chicago, IL 60603
        T: (312) 377-1181
        F: (312) 377-1184
        pgattegno@pomlaw.com

        *Counsel for Plaintiff*