UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVI HUEBNER on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., and MIDLAND FUNDING LLC,<br><br>*Defendants.* | Civil Action No.:   CV 14-6046 (BMC)<br><br>**Oral Argument Requested** |

**POMERANTZ'S SUR-REPLY TO DEFENDANTS'
REPLY MENORANDUM IN SUPPORT OF MOTION FOR SANCTIONS AGAINST
<u>PLAINTIFF'S COUNSEL</u>**

**POMERANTZ LLP**

Gustavo F. Bruckner
600 Third Avenue
New York, NY 10016
T: (212) 661-1100
F: (212) 661-8665
gfbruckner@pomlaw.com

Jayne A. Goldstein
1792 Bell Tower Lane, Suite 203
Weston, FL 33326
T: (954) 315-3454
F: (954) 315-3455
jagoldstein@pomlaw.com

Perry Gattegno
10 S LaSalle, Suite 3505
Chicago, IL 60603
T: (312) 377-1181
F: (312) 377-1184
pgattegno@pomlaw.com

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................... 2

   A. Pomerantz's Claims Were Colorable ..................................................................... 2

      1. Pomerantz Provided Evidence of The Status of Plaintiff's Credit History ...... 4

      2. Pomerantz Did Not Argue That a Dispute Eliminates a Debt .......................... 5

      3. Pomerantz Did Not Misconstrue Evidence About Midland's Coding System . 6

      4. Plaintiff's Citation to *DeSantis* Was With Color ............................................ 6

      5. Pomerantz Advanced A Colorable Claim ........................................................ 7

   B. Pomerantz Did Not Needlessly Multiply The Litigation ....................................... 7

   C. Pomerantz Brought The Litigation To A Close Quickly And Diligently .............. 8

   D. Defendants' §1692k(a)(3) Claim For Sanctions Against Pomerantz Is Barred ... 10

II. CONCLUSION ............................................................................................................. 10

i

# TABLE OF AUTHORITIES

**Cases**

*Braunstein v. Az. Dep't of Transp.*
  683 F.3d 1177 (9th Cir. 2012) ............................................................................................ 9

*DeBauche v. Trani*
  191 F.3d 499 (4th Cir. 1999) .............................................................................................. 9

*DeSantis v. Computer Credit, Inc.*
  269 F.3d 159 (2d Cir. 2001) ............................................................................................... 6

*Eisemann v. Greene*
  204 F.3d 393 (2nd Cir. 2000) ........................................................................................... 10

*Friedman v. Self Help Cmty. Servs.*
  2015 U.S. Dist. LEXIS 32872 (E.D.N.Y. 2015) ............................................................ 2, 7

*Gagasoules v. MBF Leasing LLC*
  286 F.R.D. 205 (E.D.N.Y. 2012) ....................................................................................... 1

*Hasbrouck v. Arrow Fin. Servs. LLC*
  2011 U.S. Dist. LEXIS 53928 (N.D.N.Y. 2011) ............................................................. 10

*Hooks v. Forman, Holt, Eliades & Ravin, LLC*
  717 F.3d 282 (2nd Cir. 2013) ......................................................................................... 4, 5

*Huebner v. Midland Credit Mgmt.*
  2015 U.S. Dist. LEXIS 16677 (E.D.N.Y. 2015) ............................................................... 3

*Huebner v. Midland Credit Mgmt.*
  2015 U.S. Dist. LEXIS 57535 (E.D.N.Y. 2015) ............................................................... 3

*Huebner v. Midland Credit Mgmt.*
  2016 U.S. Dist. LEXIS 73211 (E.D.N.Y. 2016) ...................................................... passim

*Hyde v. Midland Credit Mgmt., Inc.*
  567 F.3d 1137 (9th Cir. 2009) ..................................................................................... 2, 10

*Peterson v. BMI Refractories*
  124 F.3d 1386 (11th Cir. 1997) ......................................................................................... 9

*Popson v. Galloway*
  2010 U.S. Dist. LEXIS 75960 (W.D. Pa. 2010) ............................................................. 10

*Roadway Exp., Inc. v. Piper*
  447 U.S. 752 (1980) .......................................................................................................... 9

*Rodriguez v. It's Just Lunch, Int'l*
   300 F.R.D. 125 (S.D.N.Y. 2014) .................................................................................. 8

*Schlaifer Nance & Co v. Estate of Warhol*
   194 F.3d 323 (2nd Cir. 2000) ............................................................................... 2, 4, 5

*Storey v. Cello Holdings*
   347 F.3d 370 (2nd Cir. 2003) ........................................................................................ 3

*United Realty Advisors v. Verschleiser*
   2015 U.S. Dist. LEXIS 71015 (S.D.N.Y. 2015) ....................................................... 8, 9

*Zuk v. E. Penn. Psychiatric Inst.*
   103 F.3d 294 (3rd Cir. 1996) ........................................................................................ 9

**Statutes**
15 U.S.C. §1692k(a)(3) .................................................................................................. 2, 10
28 U.S.C. §1927 ...................................................................................................... 1, 2, 8, 10

Pomerantz LLP respectfully submits this Sur-Reply to Midland Credit Management, Inc. and Midland Funding, LLC's ("Defendants") Reply Memorandum ("Reply") in Support of Motion for Sanctions ("Sanctions Motion") against Plaintiff's[1] counsel, Pomerantz.[2]

Contrary to Defendants' allegations, Pomerantz had factual and legal grounds to contest Defendants' Motion for Summary Judgment and to move for class certification. Defendants' argument for sanctions is based, in hindsight, on the mere fact that the Court did not sustain Plaintiff's action. The Court's dismissal of arguments, however, does not render Pomerantz's actions sanctionable pursuant to 28 U.S.C. §1927 ("§1927").[3] Defendants invoke §1927, which allows sanctions when an attorney "multiplies the proceedings…unreasonably and vexatiously,"[4] but fail to allege facts required to show that Pomerantz acted in bad faith or with improper purpose *in any way*. Indeed, their portrayal of Pomerantz's six-week involvement as "harassing" and an "attempted shakedown"[5] is devoid of facts evidencing such a "course of conduct."[6] There is no

---

[1] Plaintiff Levi Huebner ("Plaintiff") is not party to this Sur-Reply. Pomerantz is filing on its own behalf.
[2] Pomerantz respectfully repeats its request for oral argument in this matter should the Court have any questions regarding the representations and arguments herein, or any earlier filed matters.
[3] Although Defendants now claim generally that "Plaintiff's arguments against Midland's motion for summary judgment were entirely unsupported by the facts and the law" (Reply at 2) they never made the claim at the time the pleadings were submitted to provide Plaintiff required notice pursuant to Rule 11 or with an opportunity to cure any alleged defect.

   Defendants casually reference Rule 11 throughout their filings, but admit that they "ha[ve] not directly invoked" Rule 11. Reply at 1, 9; *see also*, *e.g.*, Sanctions Motion at 4. Moreover, Defendants admit that they did not provide Pomerantz with the 21-day safe harbor requirements. Sanctions Motion at 7, n.1; Reply at 9. Curiously, they claim that what they first described as a "collegial" conversation with Pomerantz (ECF No. 103, p. 2) was one in which they "warned" Pomerantz that they intended to seek fees and costs. Reply at 2. Nevertheless, there is no dispute that at no time did Defendants provide Pomerantz with the required notice under Rule 11. *See* ECF No. 111, p. 11.

   Furthermore, as discussed in Pomerantz's Motion to Withdraw (ECF No. 102), Pomerantz was never privy to the emails attached as Exhibits to the Sanctions Motion warning Plaintiff and his counsel of Defendants' intent to seek sanctions before Pomerantz's appearance. In sum, Rule 11 sanctions have not been directly or constructively raised by Defendants against Pomerantz at any time during these proceedings, nor have the Defendants ever provided Pomerantz with Rule 11's required notice or the opportunity to invoke Rule 11'a safe harbor. Rule 11, therefore, is not before the Court as a ground to invoke sanctions against Pomerantz.
[4] 28 U.S.C. §1927; *see also, Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 216 (E.D.N.Y. 2012).
[5] Defendants' claim of an "attempted shakedown" is further confounded by the fact that Pomerantz never made a demand for settlement upon Defendants.
[6] *Gagasoules,* 286 F.R.D. at 216 ("Unlike Rule 11 sanctions which focus on particular papers, the inquiry under §1927 is on a course of conduct.") (Internal quotes and citations omitted).

1

evidence that Pomerantz delayed or multiplied proceedings; instead, the facts show that Pomerantz's filings conformed to the Court's schedule, which brought this action to a timely conclusion.

Defendants also improperly seek to invoke sanctions against Pomerantz pursuant to 15 U.S.C. §1692k(a)(3). That statute, however, only provides a basis to sanction plaintiffs, not counsel. *Hyde v. Midland Credit Mgmt., Inc.*, 567 F.3d 1137, 1141-42 (9th Cir. 2009) ("§1692k(a)(3) does not authorize award of attorney's fees and costs against a plaintiff's attorneys.").[7] Further, Defendants cited no authority to support finding that Pomerantz should be held liable for actions taken by Plaintiff or its other attorneys prior to Pomerantz's entry of appearance in this matter. Accordingly, Pomerantz respectfully requests that the Court deny Defendants' Sanctions Motion against Pomerantz in its entirety.

## I.     ARGUMENT

### A.     Pomerantz's Claims Were Colorable

In a motion for sanctions,[8] "an action is frivolous if…it is based on an indisputably meritless legal theory or presents factual contentions [which are] clearly baseless." *Friedman v. Self Help Cmty. Servs.*, 2015 U.S. Dist. LEXIS 32872, at *18 (E.D.N.Y. 2015). Conversely, "[a] claim is colorable when it reasonably *might* be successful." *Schlaifer Nance & Co v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 2000) ("The question is whether a reasonable attorney…could have concluded that facts such facts actually *had been established*.")(Emphasis original).

Pomerantz set forth reasonable arguments based on the facts and law present at the time of its filings to oppose the Motion for Summary Judgment and the Motion to Certify Class. *See*

---

[7] As the defendant in that case, Defendants should have known better than to seek to invoke §1692k(a)(3) here.
[8] To avoid re-stating legal authority for the elements for sanctions pursuant to §1927, we direct the Court to Pomerantz's Response to Sanctions Motion, ECF No. 111, pp. 4-5.

2

*generally* ECF No. 111. The Sanctions Motion is based on a *post hoc* review of the case, quoting repeatedly from the Court's opinion issued *after* Pomerantz submitted its filings to argue that because the Court denied Plaintiffs' arguments, they must have been "colorless" when initially made. *See Huebner v. Midland Credit Mgmt.*, 2016 U.S. Dist. LEXIS 73211 (E.D.N.Y. 2016) ("*Huebner III*"); Reply, *e.g.*, at 3, 4, 6; *cf. Storey v. Cello Holdings*, 347 F.3d 370, 391 (2d Cir. 2003) ("Although all of Cello's arguments may not ultimately have prevailed, none are patently contrary to existing law, especially as it existed **at the time the papers were signed**.") (Emphasis added).

Defendants rely heavily on *Huebner I*,[9] wherein the Court held that Defendants "wanted a smidgen of detail about the dispute." Reply at 5. However, Defendants ignore this Court's subsequent Order, which acknowledged that Plaintiff's new allegations "would have materially changed the posture of this case" had they been raised earlier. *Huebner v. Midland Credit Mgmt.*, 2015 U.S. Dist. LEXIS 57535, at *19 (E.D.N.Y. 2015) ("*Huebner II*").[10] When it entered its appearance and drafted its briefs, Pomerantz reviewed the Court's prior opinions, **the most recent** of which suggested that new facts altered any prior "law of the case."

Pomerantz also reviewed discovery materials produced prior to its appearance. In particular, Pomerantz reviewed Defendants' internal document showing Plaintiff's account as still open more than a year after Plaintiff disputed the debt, despite Defendants' testimony that it was closed. *See* ECF No. 85, Ex. 4 at Midland-001 (dated October 31, 2014).[11] Pomerantz reviewed Defendants' guides, which stated, *inter alia*, that accounts should be coded 050 when consumers

---

[9] *Huebner v. Midland Credit Mgmt.*, 2015 U.S. Dist. LEXIS 16677 (E.D.N.Y. 2015).
[10] *See also, id.*, at *4 (acknowledging that *Huebner I* "was based on only a partial view of the facts (and it appears now that it was)…").
[11] The Court disagreed with Plaintiff's interpretation of this document in its granting of the Motion for Summary Judgment. *Huebner III*, 2016 U.S. Dist. LEXIS 73211, at *13 n. 5. However, the Court's ruling does not render Pomerantz's good faith arguments sanctionable.

3

call to dispute debts; that *all* New York residents who dispute a debt are to be coded 050; that New York City consumers may dispute a debt verbally at *any* time; and that Defendants *must* honor such request. *See* ECF No. 83, p. 3. Pomerantz also reviewed 30(b)(6) testimony, which confirmed many of those facts but stated that Defendants sometimes circumvented their procedure by coding accounts 289 (closed) rather than 050 (disputed). *Id.*; *see also* ECF No. 85, Ex. 3 at 32:14-17, 31:17-21. Pomerantz reasonably argued that issues of fact existed, *e.g.*, because Defendants: (1) ignored their policies and never marked Plaintiff's account as disputed even though he was a New York consumer who verbally disputed a debt; (2) asked Plaintiff for reasons for his dispute; and (3) despite Defendants' testimony, produced documents showing the account as open far after it was allegedly closed. Pomerantz bolstered its arguments with accurate citation to relevant case law. *See, e.g.,* ECF No. 83, p. 9 (citing *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2nd Cir. 2013)). Though these arguments did not prevail, Defendants have not shown that they were baseless. *See Schlaifer*, 194 F.3d 323 at 337.

Moreover, Pomerantz cited relevant case law that supported basic principles that, *e.g.*, Plaintiff had an absolute right to dispute his debt whether it was actually owed or not; that a single FDCPA violation establishes civil liability; and that the law is interpreted by the least sophisticated consumer standard. ECF No. 83, pp. 8-9. Pomerantz proffered reasonable arguments of law supplemented by germane facts stating why the Court should not grant summary judgment. The record of the Motion for Summary Judgment establishes that Pomerantz had a colorable basis in fact and law which rebuts Defendants' claims for sanctions.

### 1.     Pomerantz Provided Evidence of The Status of Plaintiff's Credit History

Defendants argue that Plaintiff failed to produce a credit report that was "freely available" to him. Reply at 3. This is a red herring because the misconduct alleged by Plaintiff related to

4

Defendants' systemic questioning of debtors seeking to dispute debts. Plaintiff did submit the CreditCheck Total report, which the Court found not to be sufficient for FDCPA purposes. *Huebner III*, 2016 U.S. Dist. LEXIS 73211, at *10-11. Pomerantz cited case law stating that this report could be seen as competent evidence of the open status of Plaintiff's account. *See, e.g.*, ECF No. 83, p. 14. Defendants disregarded Pomerantz's arguments and evidence that Plaintiff's account still was open after Defendants claimed it had been closed. *See* ECF No. 83, p. 15; *see also* Ex. 18 at Midland-287, Midland-290. These arguments were colorable. *See Schlaifer*, 194 F.3d at 337.

### 2. Pomerantz Did Not Argue That a Dispute Eliminates a Debt

Defendants misconstrue Pomerantz's argument that a genuine issue of fact existed as to whether Defendants communicated that Plaintiff disputed his debt when sending information to third parties, responding with the misstated argument as "a dispute does not eliminate a debt." Reply at 3. Not so; Pomerantz argued (1) Plaintiff disputed his debt verbally; (2) Defendants sent information to credit reporting agencies ("CRAs") but failed to state that Plaintiff disputed; (3) Defendants disregarded their own coding policies to avoid triggers to communicate the dispute; and (4) Defendants misrepresented in testimony that Plaintiff's account was deleted by virtue of use of the 289 code. *See* ECF No. 83, pp. 12-15. As support, Pomerantz cited Defendants' communications to CRAs reflecting an open balance and their internal account log stating the same. *Id.* at 14-15. It also cited deposition testimony which contradicted the previous documents, that Plaintiff's account was closed by virtue of the use of code 289. *Id.* at 13-14. For legal support, Pomerantz cited applicable cases explaining why these acts violated the FDCPA. *Id.* at 16 (citing, *e.g.*, *Hooks*, 717 F.3d at 286). Defendants latch onto the Court's statement that this argument "would obviously turn the consumer credit markets upside down." Reply at 4. In reviewing *Huebner III*, though, the Court referred instead to the idea that "when a consumer disputes an

5

account, it exonerates him from the liability." *Huebner III*, 2016 U.S. Dist. LEXIS 73211, at *12. Again, Pomerantz did not argue that disputes eliminate debts; it argued that issues of fact existed as to whether Defendants communicated Plaintiff's dispute to the CRAs. ECF No. 83, p. 12. The argument was based in law and fact; while the Court disagreed, it was not baseless or sanctionable.

### 3. Pomerantz Did Not Misconstrue Evidence About Midland's Coding System

Defendants claim that Pomerantz "mischaracterized" Defendants' dispute codes. Reply at 4. However, Pomerantz pointed out discrepancies between deposition testimony and Defendants' manuals and compared them to how Defendants handled Plaintiff's account. ECF No. 83, pp. 13-14. Based on those discrepancies, such as a failure to mark his account with code 050, Pomerantz argued (in light of the document showing Plaintiff's account as open), Defendants consciously marked his account with a code averting the need to communicate that Plaintiff's debt was disputed. *Id.* at 14. In light of Defendants' statements to Plaintiff that he needed reasons to dispute, Pomerantz argued that Defendants had denied his fundamental FDCPA right to dispute. *Id.* at 17-20. Defendants have not suggested why this argument, even if rejected by the Court, was unsupported by any fact or law; they merely label it "frivolous." Reply at 4.

### 4. Plaintiff's Citation to *DeSantis* Was With Color

Defendants seize on Pomerantz's citation to a relevant case for a simple premise and distort it into a different argument altogether. Pomerantz cited *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159 (2d Cir. 2001), for the proposition that "the consumer's right to take the position, at least initially, that the debt is disputed does not depend on whether the consumer has a valid reason not to pay." *Id.* at 162; ECF No. 83, p. 20. Pomerantz argued Plaintiff needed no *valid* reason to dispute the debt at the outset; a consumer may initiate a dispute and trigger FDCPA protections for any reason, whether or not a debt appeared in Defendants' system. ECF No. 83, p. 18-19. Defendants

handily outline the facts preceding Plaintiff's dispute. *See* Reply at 5 (Plaintiff told there would be no charge for work performed, yet charged anyway). As the least sophisticated consumer might put it, because he was told there would be no charge, the debt was nonexistent. Yet Defendants told Plaintiff that his "was not a dispute." ECF No. 83, p. 20. Pomerantz argued that the questions Defendants asked Plaintiff interfered with his right to dispute; while the Court disagreed, the claim's facts and law were not baseless.

### 5. Pomerantz Advanced A Colorable Claim

Pomerantz cited cases stating that the FDCPA is a strict liability statute, arguing that the Court should not consider Defendants' intent in trying to collect a non-existent debt. *See* ECF No. 83, p. 24-25. But Defendants struggle to re-cast Plaintiff's argument, which never stated that "Midland was obligated to verify the debt prior to attempting to collect…" Reply at 6. Pomerantz set forth pertinent law and facts about the work performed on Plaintiff's phone line to argue that an issue of fact existed as to whether there was a valid debt at all. The Court allowed that "there may come a point in a verbal exchange" where Pomerantz's arguments would defeat a Motion for Summary Judgment but found that this was not such a case. *Huebner III*, 2016 U.S. Dist. LEXIS 73211, at *15-16. Accordingly, as is true through its filings, this was not an "indisputably meritless legal theory." *See Friedman*, 2015 U.S. Dist. LEXIS 32872, at *18. Thus, no sanctions are appropriate from Plaintiff's Response to Motion for Summary Judgment.

### B.     Pomerantz Did Not Needlessly Multiply The Litigation

Defendants argue that Pomerantz needlessly multiplied the proceedings by filing Plaintiff's Motion to Certify Class; but all Pomerantz did was comply with the Court's order to file such motion by the date it was filed. Pomerantz relied on authority to demonstrate that courts in this circuit have certified classes when defendants utilize scripts. ECF No. 111 at 7. Defendants'

7

attempt to distinguish *Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125 (S.D.N.Y. 2014) does not itself render Pomerantz's argument frivolous. Defendants instruct their staff in their manuals to "ask probing questions" about consumers' disputes and promulgate multiple lists of probing questions instructing employees how and when to ask particular questions. *See* ECF No. 93, p. 3 (citing ECF No. 85, Ex. 9 at Midland-028, Ex. 13 at Midland-300). Pomerantz argued that the directive to ask probing questions (which Defendants termed "various inquiries," Reply at 8) resulted in equivalent treatment of consumers who call to dispute debts. Pomerantz further argued these policies had a chilling effect, because Defendants' scripts resulted in illegal pushback when consumers tried to exercise FDCPA rights. In sum, Pomerantz reasonably argued that the use of scripted material resulted in substantially similar treatment of all consumers who tried to dispute a debt but were required to provide a reason for their dispute. *See* ECF No. 93, pp. 1-3, 8-9. As the basis for sanctions, Defendants again faultily rely on *Huebner III*, which did not exist when Pomerantz filed the Motion to Certify Class.[12] Reply at 7. They cite no facts or law prior to *Huebner III* to support their argument, instead stating in a conclusory fashion that the probing questions in Defendants' manuals "are not inherently intrusive." Reply at 7. The case law Pomerantz set forth – and FDCPA policy discussed in Pomerantz's filings – makes clear that consumers have a fundamental right to dispute their debt. *See* ECF No. 93 at 1-2.

### C. Pomerantz Brought The Litigation To A Close Quickly And Diligently

Pomerantz neither delayed nor multiplied any proceedings in this case, which is required for §1927 sanctions. *United Realty Advisors v. Verschleiser*, 2015 U.S. Dist. LEXIS 71015, at *5-6 (S.D.N.Y. 2015). §1927 does not penalize attorneys for losing arguments. *Id.* "As a statute with a punitive thrust, §1927 is to be strictly construed." *Id.* (Internal quote omitted). "[E]ven

---

[12] Likewise, Defendants rely on *Huebner III* to state that the proposed class "was clearly not ascertainable." Reply at 7. The same unsupported arguments carry no more water here than they do with regards to commonality.

8

unreasonable and vexatious conduct [] is not sanctionable unless it results in proceedings ***that would not have been conducted otherwise***." *Id.* (Internal quote omitted; emphasis added)[13]; *see Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 762 (1980) ("§1927 does not distinguish between winners and losers...It is concerned only with limiting the abuse of court processes.").

Pomerantz diligently ended the proceedings in compliance with the Court's December 30 2015 scheduling order ("Order"). Its attorneys appeared on December 28, 2015, and January 7-8, 2016. ECF Nos. 77, 79, 82. On January 8, *a single day after appearing*, Pomerantz took a 30(b)(6) deposition in compliance with the Order. ***One week later***, on January 15, per the Order, Pomerantz filed Plaintiff's Response to Motion for Summary Judgment. ECF Nos. 83, 85. ***Two weeks after that***, on January 27, again per the Order, Pomerantz filed Plaintiff's Motion to Certify Class. ECF No. 91.[14] The filings that Defendants now claim multiplied proceedings took Pomerantz ***21 days*** to complete, in litigation that lasted ***20 months***.

All of these deadlines were set by the Court prior to Pomerantz's appearance. All of these filings would have occurred whether Pomerantz participated or not, as the Court had already ordered Plaintiff to complete them by the dates listed herein. Pomerantz likewise requested ***no*** other relief prior to the Court's decision on June 6, 2016. Pomerantz did not file or participate in ***any*** proceedings of which Defendants now complain that would not have occurred anyway. *Verschleiser*, 2015 U.S. Dist. LEXIS 71915, at *5-6. To boot, Pomerantz fulfilled its duties with alacrity, as Defendants' own Sanctions Motion concedes. *See* ECF No. 98, p. 7 n. 1 (Pomerantz "moved with reasonable speed to bring this action to conclusion."). Defendants now backtrack to

---

[13] The same is true in other circuits around the country. *See, e.g., Peterson v. BMI Refractories*, 124 F.3d 1386, 1396-97 (11th Cir. 1997); *Braunstein v. Az. Dep't of Transp.,* 683 F.3d 1177, 1189 (9th Cir. 2012); *DeBauche v. Trani,* 191 F.3d 499, 511–12 (4th Cir. 1999); *Zuk v. E. Penn. Psychiatric Inst.,* 103 F.3d 294, 297 (3rd Cir. 1996).
[14] On February 17, 2016, in compliance with the Court's rules regarding timelines to file reply briefs, Pomerantz filed a Reply in Support of Motion to Certify Class. ECF No. 94.

9

claim that Pomerantz needlessly multiplied the litigation, which the facts simply do not bear. This alone defeats Defendants' claims under §1927 and the Court's inherent authority.

### D. Defendants' §1692k(a)(3) Claim For Sanctions Against Pomerantz Is Barred

Defendants also seek sanctions pursuant to 15 U.S.C. §1692k(a)(3), which only applies to plaintiffs and not counsel. Reply at 1; *see* ECF No. 111 at 9. Therefore, any such recovery against Pomerantz is barred. *See Popson v. Galloway*, 2010 U.S. Dist. LEXIS 75960, at *23-24 (W.D. Pa. 2010)("§1692k(a)(3)…provides a mechanism for sanctions against a plaintiff."). Movants "must provide evidence of plaintiff's bad faith (**as opposed to counsel's bad faith**)…" *Hasbrouck v. Arrow Fin. Servs. LLC*, 2011 U.S. Dist. LEXIS 53928, at *20 (N.D.N.Y. 2011)(Emphasis added).[15]

## II. CONCLUSION

Under §1927 or the Court's inherent authority Defendants must prove: (1) the challenged actions are entirely without color and (2) taken for reasons of harassment, delay or other improper purpose.[16] They have failed on both counts. Defendants have stated that their motion is not based on Rule 11, and have admitted they did not provide notice to protect Pomerantz's due process rights. Thus, there is no basis to find sanctions under Rule 11. No basis exists to support sanctions against Pomerantz under §1692k(a)(3), either, as that statute does not apply to counsel. Although the Court ultimately granted Defendants' Motion for Summary Judgment and denied class certification, Defendants have not proffered any, much less sufficient, facts showing that Pomerantz acted anything but diligently and competently in this case. Indeed, Defendants' prior filings clearly admit as much. Defendants' Sanctions Motion should be denied in its entirety with respect to Pomerantz.

---

[15] Defendants cite this *exact* language in their Sanctions Motion. ECF No. 98, p. 9. They have full knowledge that §1692k(a)(3) bars sanctions against Pomerantz, especially considering that they were party to *Hyde*, *supra*. Defendants' claim is itself in bad faith and should be denied.

[16] *See Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000).

10

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: New York, New York<br>August 10, 2016 | **POMERANTZ LLP**<br><br>By: */s/ Gustavo F. Bruckner*<br><br>Gustavo F. Bruckner<br>600 Third Avenue<br>New York, NY 10016<br>T: (212) 661-1100<br>F: (212) 661-8665<br>gfbruckner@pomlaw.com<br><br>Jayne A. Goldstein<br>1792 Bell Tower Lane, Suite 203<br>Weston, FL 33326<br>T: (954) 315-3454<br>F: (954) 315-3455<br>jagoldstein@pomlaw.com<br><br>Perry Gattegno<br>10 S LaSalle, Suite 3505<br>Chicago, IL 60603<br>T: (312) 377-1181<br>F: (312) 377-1184<br>pgattegno@pomlaw.com |