UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVI HUEBNER on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC., and MIDLAND FUNDING LLC,<br><br>*Defendants.* | Civil Action No.:   CV 14-6046 (BMC)<br><br>**Oral Argument Requested** |

**POMERANTZ'S OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OF COURT ORDER
<u>GRANTING MOTION TO WITHDRAW</u>**

**POMERANTZ LLP**

Gustavo F. Bruckner
600 Third Avenue
New York, NY 10016
T: (212) 661-1100
F: (212) 661-8665
gfbruckner@pomlaw.com

Jayne A. Goldstein
1792 Bell Tower Lane, Suite 203
Weston, FL 33326
T: (954) 315-3454
F: (954) 315-3455
jagoldstein@pomlaw.com

Perry Gattegno
10 S LaSalle, Suite 3505
Chicago, IL 60603
T: (312) 377-1181
F: (312) 377-1184
pgattegno@pomlaw.com

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND .............................................................................................. 2

   A. Pomerantz Never Argued Defendants Are Seeking Sanctions Under Rule 11 ................... 4

   B. Pomerantz's Relationship with Plaintiff Has Been Irreparably Damaged .......................... 5

III. ARGUMENT ....................................................................................................................... 6

   A. Legal Standard for Granting a Motion for Reconsideration ............................................... 6

   B. An Irreconcilable Breakdown in the Attorney-Client Relationship Precludes Pomerantz's Further Representation of Plaintiff ...................................................................................... 7

   C. Plaintiff, Poltorak P.C. And His Other Counsel Are in the Best Position to Respond to Sanctions Motion and Plaintiff Will Not be Prejudiced by Pomerantz's Withdrawal ................ 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Arum v. Miller*
　304 F. Supp. 2d 344 (E.D.N.Y. 2003) .................................................................................. 6

*Chambers v. NASCO, Inc.*
　501 U.S. 32 ............................................................................................................................ 4

*Cower v. Albany Law Sch. of Union Univ.*
　2005 U.S. Dist. LEXIS 10977 (S.D.N.Y. 2005) ................................................................. 7

*Diaz v. New York Comprehensive Cardiology, PLLC*
　43 Misc. 3d 759 (N.Y. Supr. Ct., 2nd JD) (2014) ............................................................... 9

*Ford v. Principal Recovery Group, Inc.*
　2011 U.S. Dist. LEXIS 111535, 20-22 (W.D.N.Y. Sept. 29, 2011) .................................. 4

*Holcombe v. US Airways Group, Inc.*
　2014 U.S. Dist. LEXIS 141340 (E.D.N.Y.) ........................................................................ 6

*Kontis v. Karahalis*
　409 Fed. Appx. 418 (2d Cir. 2011) ....................................................................................... 4

*Koon Chun King Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co.*
　2009 U.S. Dist. LEXIS 17964 .............................................................................................. 7

*Kropelnicki v. Siegel*
　290 F.3d 118 (2d Cir. 2002) .................................................................................................. 4

*Martin Giordano*
　2016 U.S. Dist. LEXIS 61007 (E.D.N.Y. May 9, 2016) .................................................... 4

*McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*
　727 F. Supp. 833 (S.D.N.Y. 1989) ....................................................................................... 6

*Neilson v. Colgate-Palmolive Co.*
　1997 U.S. Dist. LEXIS 1978 (S.D.N.Y. 1997) ................................................................... 7

*Oliveri v. Thompson*
　803 F.2d 1265 (2d Cir. 1996) ................................................................................................ 4

*Schlaifer Nance & Co. v. Estate of Warhol*
　194 F.3d 323 (2d Cir. 1999) .................................................................................................. 4

*Shrader v. CSX Transp., Inc.*
   70 F.3d 255 (2d Cir. 1995) ........................................................................................... 6

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*
   956 F.2d 1245 (2d Cir. 1992) ....................................................................................... 6

*Williams v. County of Nassau*
   779 F. Supp. 2d 276 (E.D.N.Y. 2011) ......................................................................... 6

**Other Authorities**
18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 ................. 6

Model Code § 1.16(b) ........................................................................................................ 7

**Rules**
22 N.Y.C.R.R. § 1200.15(c) .............................................................................................. 7

Pomerantz LLP ("Pomerantz") respectfully submits this memorandum in opposition ("Opposition") to plaintiff Levi Huebner's ("Plaintiff") motion seeking reconsideration ("Reconsideration Motion") of the Court's order dated August 5, 2016, granting Pomerantz's motion to withdraw as counsel for Plaintiff ("Withdrawal Motion").

## I. INTRODUCTION

Plaintiff's Reconsideration Motion should be denied because, *inter alia,* it is grounded in inaccuracies and mischaracterizations regarding Pomerantz's representations to the Court and alleged changes in Pomerantz's "position." Contrary to Plaintiff's allegations, Pomerantz has *never* argued that defendants Midland Credit Management, Inc. and Midland Funding LLC (collectively "Defendants") have sought sanctions against Pomerantz pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11").[1] Plaintiff's representations that Pomerantz changed its position are unequivocally false as demonstrated by the record and as discussed in greater detail herein.

Plaintiff's motion should also be denied because Plaintiff and his other counsel withheld material information and never informed Pomerantz of Defendants' repeated warnings of sanctions made to them. Indeed, throughout this entire sanctions motion practice, neither Plaintiff nor his other counsel have ever stated otherwise. As the Court's Order dated August 5, 2016 (ECF No. 118) noted, the failure to disclose that information constitutes a conflict of interest even if Rule 11 has not been invoked. Further, Plaintiff's filing of his Reconsideration Motion replete with inaccuracies and allegations of Pomerantz changing its position is indicative of an irreconcilable breakdown in communication and dissonance of the broader attorney-client relationship. Moreover, it is without doubt that the vast majority of conduct complained of by

---

[1] *See* Pomerantz's Opposition to Defendants' Motion for Sanctions. ECF No. 111, p. 10; *see also* Pomerantz's Sur-Reply to Defendants' Reply in Support of Motion for Sanctions. ECF No. 119, p. 10; *see also* Pomerantz's Motion to Withdraw as Counsel for Plaintiff. ECF No. 108-2, p. 2.

1

Defendants' Sanctions Motion pre-dates Pomerantz attorneys' involvement in this matter, which evinces that Plaintiff and his other counsel are better positioned to defend against such allegations in Defendants' Sanctions Motion. Accordingly, Pomerantz respectfully requests that the Court deny Plaintiff's Reconsideration Motion in its entirety.

## II. FACTUAL BACKGROUND

Defendants filed their Sanctions Motion on June 13, 2016, following a Court order granting their Motion for Summary Judgment. ECF No. 98.[2] Defendants sought sanctions against Plaintiff pursuant to § 1692k(a)(3) and against his counsel, Elie Poltorak, Leopold Gross, Jacob T. Fogel, Steven Goldman, and Pomerantz, pursuant to § 1927 and the Court's inherent authority. The Sanctions Motion is 15 pages long, yet only two paragraphs and a footnote relate to Pomerantz's conduct—with the footnote stating that, "Midland did not directly warn the Pomerantz attorneys to dismiss the action… the Pomerantz attorneys moved with reasonable speed to bring this action to conclusion."[3] On the other hand, Defendants stated that they issued multiple warnings *to Plaintiff* regarding their intent to seek its fees and costs. ECF No. 98, p. 7. To that end, Defendants attached seven (7) emails to the Sanctions Motion as exhibits which were sent *to Plaintiff's other counsel, Messrs. Poltorak and Fogel* ECF No. 99-3-4, 99-6-10. Neither Plaintiff nor any of his other counsel has, to this day, shared any of these emails with Pomerantz, or mentioned any of Defendants' many warnings regarding sanctions.[4] Defendants have also admitted they did not send warnings to Pomerantz. ECF No. 98, p. 7, fn. 1.

Pomerantz based its Withdrawal Motion and its Reply Memorandum, in part, on its good faith belief that a conflict of interest and an irreconcilable breakdown in communication emerged

---

[2] Many of the facts recited in Pomerantz's Withdrawal Motion are pertinent to the discussion herein. Pomerantz incorporates those facts herein by reference.
[3] Defendants' Sanctions Motion. ECF No. 98, p. 6, ¶ 2, p. 7, fn. 1, and p. 10, § 2.
[4] It should also be noted that all of these emails are dated prior to Pomerantz's involvement in this matter.

between it and Plaintiff. Pomerantz maintained that it had several arguments and defenses concerning notice of Defendants' intention to seek sanctions and Defendants' arguments concerning delay which did not concern Pomerantz because Defendants admitted they "did not directly warn the Pomerantz attorneys to dismiss the action as Midland had made clear prior to their appearance and the Pomerantz attorneys moved with reasonable speed to bring this action to conclusion." ECF No. 98, p. 7, fn. 1. Pomerantz further argued that it did not receive any of the warnings attached to the Sanctions Motion and had not engaged in a vast majority of the conduct complained of in the Sanctions Motion. This breakdown in the attorney-client relationship was further evidenced when Plaintiff disagreed with Pomerantz's advice regarding how Plaintiff should proceed under the circumstances.

Pomerantz also supported its withdrawal on the fact that Plaintiff is an attorney licensed in the State of New York and a member of the bar of the Eastern District of New York, that has represented clients in five other cases in the Eastern District of New York that he has filed under the same statute as alleged in the underlying action here. ECF No. 108-2, p. 6. Moreover, attorneys from Plaintiff's other counsel, Messrs. Poltorak, Gross, Fogel, and Goldman have never filed a motion or sought to withdraw from the underlying action, which they filed on behalf of Plaintiff, and, furthermore, Plaintiff, pro se and Mr. Fogel, on behalf of Poltorak, P.C. filed Notices of Appeal.[5]

As a result, Pomerantz filed its Withdrawal Motion on the grounds that Plaintiff would not be prejudiced given his own status and experience as an attorney and given his ongoing representation by Messrs. Poltorak, Gross, Fogel, and Goldman, and to allow Pomerantz to

---

[5] Messrs. Poltorak, Gross, Fogel, and Goldman all continue to represent the Plaintiff and continue to receive all ECF notices in this case.

3

defend itself against the Sanctions Motion without having to defend Plaintiff on whose behalf Pomerantz believed it had conflicting interests and defenses.

A.     **Pomerantz Never Argued Defendants Are Seeking Sanctions Under Rule 11**

Contrary to Plaintiff's representations, Pomerantz's Withdrawal Motion *never* argued that Defendants were seeking sanctions pursuant to Rule 11. ECF No. 108.[6] Nor did Pomerantz argue that Defendants were seeking sanctions against it pursuant to Rule 11 in Defendants' Sanctions Motion.  Pomerantz explicitly identified the authority under which Defendants are seeking costs and fees: against Plaintiff "pursuant to 15 U.S.C. §1692k(a)(3) and against Plaintiff's counsel pursuant to 28 U.S.C. § 1927 and the Court's inherent authority."[7] Pomerantz did not include Rule 11 in that list.

In its defense against Defendants' Sanctions Motion addressed to the work performed in this action by Pomerantz attorneys, discussion of Rule 11 was unavoidable given the emphasis Defendants placed on the notice it provided Plaintiff, and in light of the fact that the cases cited by Defendants in support of their Sanctions Motion extensively relied upon analysis of Rule 11.[8] Nevertheless, Pomerantz has consistently stated in its filings with the Court that Defendants are not seeking sanctions under Rule 11. In its Opposition to the Sanctions Motion filed July 12, 2016,[9] Pomerantz stated, "In addition to the other infirmities of Defendants' Sanctions Motion, it is worth noting that Defendants ***did not seek*** sanctions against Pomerantz under Rule 11 of the Federal Rules of Civil Procedure." (emphasis added). In its Sur-Reply to Defendants Reply in

---

[6] Pomerantz's Withdrawal Motion was initially filed as part of an ex parte application filed July 1, 2016, which the Court subsequently ordered to be unsealed and refiled—which Pomerantz did as ECF No. 108.
[7] ECF No. 108-2, p. 2, Introduction.
[8] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 41-43, 47-48, 50-52, 53-54; *Ford v. Principal Recovery Group, Inc.*, 2011 U.S. Dist. LEXIS 111535, 20-22 (W.D.N.Y. Sept. 29, 2011); *Kontis v. Karahalis*, 409 Fed. Appx. 418, 424 (2d Cir. 2011); *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002); *Martin Giordano*, 2016 U.S. Dist. LEXIS 61007, 35-36, 51, 53-56 (E.D.N.Y. May 9, 2016); *Oliveri v. Thompson*, 803 F.2d 1265, 1274-1281 (2d Cir. 1996); and *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333-337 (2d Cir. 1999).
[9] ECF No. 111, p. 10, § B.

4

Support of their Sanctions Motion filed August 10, 2016, Pomerantz states, "Defendants have stated that their motion is not based on Rule 11, and have admitted they did not provide notice to protect Pomerantz's due process rights. Thus, there is no basis to find sanctions under Rule 11." As these excerpts make crystal clear, Pomerantz has never represented to the Court that Defendants' Sanctions Motion is based on Rule 11. Therefore, Plaintiff's representations to the contrary in his Reconsideration Motion have no basis in fact whatsoever and are not grounds for reconsideration.

### B.  Pomerantz's Relationship with Plaintiff Has Been Irreparably Damaged

Pomerantz's relationship with Plaintiff has deteriorated beyond repair. Aside from withholding material information, such as the email correspondence discussed *supra*, Plaintiff's Reconsideration Motion itself is further evidence of the deterioration in the attorney-client relationship, with Plaintiff's erroneous allegations that Pomerantz stated the Sanctions Motion was pursuant to Rule 11, and that Pomerantz is now changing its defense. *See* ECF No. 120, ¶¶ 11 and 12 ("consistent with Defendants admission, that Rule 11 is not invoked, Pomerantz now takes the same position and admits that Rule 11 notice is not an issue;" "This belated admission by Defendants and the change in Pomerantz's defense evidences that the Court has overlooked factual issues and misinterpreted or misapplied relevant case law in its order dated August 5, 2016").

As noted above, Pomerantz never stated that Rule 11 was invoked by Defendants as a basis for their Sanctions Motion or for Pomerantz's Withdrawal Motion, and that position has never changed. For Plaintiff to challenge Pomerantz's credibility on this issue and allege otherwise demonstrates a fundamental rupture in the relationship between Plaintiff and

5

Pomerantz which undermines the trust and confidence necessary for an attorney-client relationship. In sum, the attorney-client relationship here is broken beyond repair.

## III. ARGUMENT

### A. Legal Standard for Granting a Motion for Reconsideration

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked — matters ... that might reasonably be expected to alter the conclusion reached by the court." *Holcombe v. US Airways Group, Inc.,* 2014 U.S. Dist. LEXIS 141340, 3-6 (E.D.N.Y.) quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Holcombe, supra*, at 4-5 quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)(quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). A party seeking reconsideration may not "treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings." *Holcombe, supra*, at 4-5 quoting *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 833 (S.D.N.Y. 1989). "A motion for reconsideration is not an opportunity to relitigate claims that have already been adjudicated." *Holcombe, supra*, at 4-5 quoting *Williams v. County of Nassau*, 779 F. Supp. 2d 276, 279 (E.D.N.Y. 2011).

In seeking this extraordinary remedy, Plaintiff failed to meet the strict standard outlined above. Plaintiff's Reconsideration Motion is based on the false premise that Pomerantz based its

Withdrawal Motion on the fact that "they have not received a FRCP Rule 11 notice;" (ECF No. 120-1, p. 3, ¶ 8) it is also seemingly based on the incorrect interpretation that the Court's order granting the Withdrawal Motion was based strictly through the lens of Rule 11. Again, Pomerantz never represented that the Sanctions Motion is based on Rule 11, but cites Plaintiff's failure to share the email exhibits attached to the Sanctions Motion as an example of Plaintiff withholding information and as a defense Plaintiff does not have. With regard to Plaintiff's withholding of those communications warning of Defendants' intent to seek sanctions, the Court stated, "Pomerantz has a defense that might not only exonerate it on the Rule 11 motion, *but might further implicate its client for withholding material information from it*. That is a sufficiently functional conflict of interest to warrant withdrawal." (emphasis added). ECF No. 118, p. 2. Plaintiff fails to raise any new evidence or arguments that would alter the Court's ruling because the Order found a functional conflict that would support a defense to a lack of notice under Rule 11, which is the usual course followed for a sanctions motion, and because the Court properly found that Plaintiff withheld material information from Pomerantz. Plaintiff does not dispute the fact that he did not provide Pomerantz with the notices attached to Defendants' Sanctions Motion.

### B. An Irreconcilable Breakdown in the Attorney-Client Relationship Precludes Pomerantz's Further Representation of Plaintiff

As Pomerantz argued in its Withdrawal Motion, withdrawal is permissive where, *inter alia*, the client insists upon taking action with which the lawyer has a fundamental disagreement. *Koon Chun King Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co.*, 2009 U.S. Dist. LEXIS 17964, at *6-7 (citing Model Code § 1.16(b); 22 N.Y.C.R.R. § 1200.15(c)). Likewise, withdrawal is permitted when there is "an irreconcilable conflict between attorney and client." *See, e.g., Cower v. Albany Law Sch. of Union Univ.*, 2005 U.S. Dist. LEXIS 10977 (S.D.N.Y.

7

2005); *Neilson v. Colgate-Palmolive Co.*, 1997 U.S. Dist. LEXIS 1978, at *4 (S.D.N.Y. 1997).

Here, Plaintiff's allegations in the instant motion evidence "an irreconcilable conflict between attorney and client." Plaintiff attacks Pomerantz's credibility and accuses it of changing its defense to suit its own needs, and not that of the Plaintiff. But, as demonstrated above, Plaintiff's allegations regarding any purported change in Pomerantz's position as to Rule 11 and its defenses are contradicted by the clear language in the filings on the record. This fundamental rupture between Plaintiff's and Pomerantz's representations, together with the fact that Plaintiff has never denied the fact that he did not disclose to Pomerantz the existence of any of Defendants' seven emails threatening sanctions prior to Defendants disclosure to Pomerantz in their Sanctions Motion, evidences that the attorney-client relationship is irreconcilably in conflict. The latter fact establishes a defense for Pomerantz that Plaintiff does not have, but in proffering such a defense Plaintiff's failure to disclose is made an issue that may implicate a pattern or practice of behavior that has been alleged by Defendants to be sanctionable.

Out of an abundance of caution, Pomerantz has refrained from sharing attorney-client privileged information, or other confidential information, in order to meet its ethical duties of confidentiality to its client.[10] Further, so as not to prejudice Plaintiff in its defense of the Sanctions Motions, Pomerantz attempted to demonstrate both a conflict of interest and an irreconcilable breakdown in the relationship without disclosing any privileged information.[11] Whereas Pomerantz acted with caution to protect Plaintiff's continuing defense of the Sanctions Motion, Plaintiff's instant motion has broadly challenged Pomerantz on credibility grounds that, if true, could undermine Pomerantz's defense thereto. Neither Pomerantz nor any of its attorneys

---

[10] Indeed, Pomerantz twice contacted the New York Bar Association, without divulging any facts, for guidance on the scope of information that it could disclose so as not to violate its obligations under the attorney-client privilege.
[11] Although the New York code may allow disclosure of privileged information for an attorney to defend itself from sanctions, Pomerantz has refrained from such disclosure on the record, however, it reiterates that it will do so, *in camera,* should the Court request.

have ever been accused, much less found, of violating its duty to any court, or of making untruthful statements or unsupported legal or factual arguments to any court. Plaintiff's allegations in its Reconsideration Motion to the contrary demonstrates an irreconcilable conflict.

> C. **Plaintiff, Poltorak P.C. And His Other Counsel Are in the Best Position to Respond to Sanctions Motion and Plaintiff Will Not be Prejudiced by Pomerantz's Withdrawal**

The bulk of the Sanctions Motion—all but two paragraphs and a footnote—deals with events that occurred prior to Pomerantz's involvement in this Action.[12] As such, Plaintiff, and his other counsel, Messrs. Poltorak, Gross, Fogel, and Goldman, are better positioned to respond the Sanctions Motion because they have a better understanding of the relevant facts, and they have received all of the material communications. Moreover, a plaintiff that is an attorney, as is the case here, is subject to less risk of prejudice due to withdrawal of counsel. *Diaz v. New York Comprehensive Cardiology, PLLC*, 43 Misc. 3d 759, 762 (N.Y. Supr. Ct., 2nd JD) (2014).

As the Court properly noted in its August 5 Order, "[A]lthough plaintiff claims that his other counsel are unable to continue representing him, none of them have moved to withdraw from this action and they are still his counsel of record," and, "[P]laintiff is himself an attorney, has appeared in a dozen cases in this Court, and has appeared as counsel of record in cases in the Second Circuit as well."[13] If nothing else, Plaintiff's Reconsideration Motion demonstrates his ability to file motions and draft memoranda of law, such that he can adequately represent himself in the remaining issues in this case. Accordingly, he will not be prejudiced by the Court denying his Reconsideration Motion.

---

[12] Pomerantz responded to the Sanctions Motion regarding its conduct. ECF Nos. 111 and 119.
[13] Indeed, Plaintiff, Mr. Fogel on behalf of Poltorak, P.C. have filed Notices of Appeal in this matter.

9

## **CONCLUSION**

For the reasons stated herein, Pomerantz respectfully requests that the Court deny the Reconsideration Motion in its entirety.

Respectfully submitted,

Dated: New York, New York
August 26, 2016

**POMERANTZ LLP**

By: */s/ Gustavo F. Bruckner*

Gustavo F. Bruckner
600 Third Avenue
New York, NY 10016
T: (212) 661-1100
F: (212) 661-8665
gfbruckner@pomlaw.com

Jayne A. Goldstein
1792 Bell Tower Lane, Suite 203
Weston, FL 33326
T: (954) 315-3454
F: (954) 315-3455
jagoldstein@pomlaw.com

Perry Gattegno
10 S LaSalle, Suite 3505
Chicago, IL 60603
T: (312) 377-1181
F: (312) 377-1184
pgattegno@pomlaw.com