# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

CARL HUBBARD,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Carl Hubbard is a natural person.

8. The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Midland Credit Management, Inc. is a Kansas corporation operating from an address at 8875 Aero Drive, Suite 200, San Diego, California, 92123.

12. The Defendant's registered agent in the state of Colorado is Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18. Sometime before 2010 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to HSBC (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with HSBC.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Defendant is in the business of purchasing delinquent consumer accounts, typically paying no more than ten cents on the dollar.

23. The Defendant then collects the accounts or hires other entities to collect the accounts.

24. The Defendant claims to have purchased the Account.

25. On information and belief the Defendant paid less than ten cents on the dollar for the Account.

26. The Account was placed or otherwise transferred to the Defendant in 2010 for collection.

27. The Plaintiff disputes the Account.

28. The Plaintiff requests that the Defendant cease all further communication on the Account.

29. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

30. The Defendant acted at all times mentioned herein through its employee(s).

31. On December 22, 2010 the Plaintiff and one of the Defendant's female employees had a telephone conversation while the Defendant was attempting to collect the Account from the Plaintiff.

32. During the telephone call / conversation on December 22, 2010 between the Defendant's female employee and the Plaintiff, the Defendant's female employee stated: Good afternoon, Midland Credit. May I have your MCM account number please.

33. During the telephone call / conversation on December 22, 2010 between the Plaintiff and the Defendant's female employee, the Plaintiff stated: 8534508853.

34. During the telephone call / conversation on December 22, 2010 between the Defendant's female employee and the Plaintiff, the Defendant's female employee stated: It's regarding the unpaid balance on the HSBC Mastercard.

35. During the telephone call / conversation on December 22, 2010 between the Plaintiff and the Defendant's female employee, the Plaintiff stated: I'm calling to tell you I want to dispute that Account.

36. During the telephone call / conversation on December 22, 2010 between the Defendant's female employee and the Plaintiff, the Defendant's female employee stated: Your what sir?

37. During the telephone call / conversation on December 22, 2010 between the Plaintiff and the Defendant's female employee the Plaintiff stated: I'm gonna, I'm disputing that.

38. During the telephone call / conversation on December 22, 2010 between the Defendant's female employee and the Plaintiff, the Defendant's female employee stated: Ok, no problem go ahead and put your dispute in writing.

39. The Plaintiff disputed the Account with the Defendant in December 2010.

40. The Defendant was aware that the Account was disputed in December 2010.

41. Prior to February 2011 the Plaintiff disputed the Account with the Defendant.

42. Prior to February 2011 the Defendant was aware that the Account was disputed.

43. Prior to February 2011 the Defendant was informed that the Account was disputed.

44. Prior to February 2011 the Defendant was aware that on December 22, 2010 the Plaintiff stated: I'm disputing that - regarding the Account.

45. In February 2011 the Defendant communicated information regarding the Account to Experian, a credit reporting agency.

46. A redacted copy of relevant portion of the Plaintiff's credit report with the Defendant's entry is attached as Exhibit 1.

47. In February 2011 the Defendant communicated to Experian that the balance on the Account was: $1,075.

48. In February 2011 the Defendant communicated to Experian that the original creditor on the Account was: HSBC BANK NEVADA N.A.

49. In February 2011 the Defendant failed to communicate to Experian that the Account was disputed.

50. In February 2011 the Defendant did not communicate to Experian that the Account was disputed.

51. Prior to February 2011 the Defendant did not communicate to Experian that the Account was disputed.

52. As of March 18, 2011 the Defendant did not communicate to Experian that the Account was disputed.

53. Prior to March 18, 2011 the Defendant did not communicate to Experian that the Account was disputed.

54. The Defendant's purpose for communicating the information on the Account to Experian was to attempt to collect the Account.

55. The information communicated to Experian by the Defendant in February 2011 on the Account conveyed information regarding the Account directly or indirectly to Experian.

56. The information communicated to Experian by the Defendant in February 2011 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

57. The only reason that the Defendant communicated the information regarding the Account in February 2011 to Experian was to attempt to collect the Account.

58. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian.

59. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

60. Upon information and belief in 2010 the Defendant reported information to Experian on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

61. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

62. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

63. Upon information and belief in 2010 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

64. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect to Transunion.

65. Upon information and belief in 2010 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

66. Upon information and belief in 2010 the Defendant reported information to Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

67. Upon information and belief the Defendant was the Plaintiff in over 1000 cases filed in the State of Colorado Court system in 2010 while attempting to collect debt(s) from individuals residing in the state of Colorado.

68. The telephone call / conversation between the Plaintiff and the Defendant and / or the female employee of the Defendant on December 22, 2010 conveyed information regarding the Account directly or indirectly to the Plaintiff.

69. The telephone call / conversation between the Plaintiff and the Defendant and / or the female employee of the Defendant on December 22, 2010 constituted a "communication" as defined by FDCPA § 1692a(2).

70. On information and belief the Defendant made an audio recording(s) of its telephone call / conversation with the Plaintiff on December 22, 2010.

71. On information and belief the Defendant has a copy or copies of the audio recording(s) of its telephone call / conversation with the Plaintiff on December 22, 2010.

72. The Defendant's action(s) constitute false and misleading representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

73. The Defendant's action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

74. As a consequence of the Defendant's action(s), the Plaintiff has sustained actual damages.

## COUNT I, FDCPA VIOLATIONS

75. The previous paragraphs are incorporated into this Count as if set forth in full.

76. The acts and omissions of the Defendant constitute violations of the FDCPA, including but not limited to § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

77. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff