**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**
ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM
A PROFESSIONAL CORPORATION

Wall Street Plaza. 88 Pine Street, 21st Floor · New York, NY 10005
(212) 376-6400 · Fax (212) 376-6490

PENNSYLVANIA: Allentown, Doylestown, Erie, Harrisburg, King of Prussia, Philadelphia, Pittsburgh, Scranton
NEW JERSEY: Cherry Hill, Roseland
DELAWARE: Wilmington
OHIO: Cincinnati, Cleveland
FLORIDA: Ft. Lauderdale, Jacksonville, Orlando, Tampa
NEW YORK: Long Island, New York City, Westchester

Direct Dial: 212-376-6433
Email: mbjohnson@mdwcg.com

November 23, 2016

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    Huebner v. Midland Credit Management, Inc. et al., No. 1:14-cv-06046-BMC
       Report to Court regarding Issuance of Sanctions against Plaintiff and Counsel

Dear Judge Cogan:

My firm represents Defendants Midland Credit Management, Inc. ("MCM") and Midland Funding, LLC, (collectively "Midland"). As suggested by the Court, the Parties attempted to reach a settlement regarding sanctions, but were unable to come to an agreement. Instead, Plaintiff, through his counsel and paralegal, demanded justification and precedent supporting the Court's rulings.

Therefore, Midland respectfully submits proof of its fees incurred in its motion for sanctions and its opposition to class certification as ordered in Docket Entry 134. Midland's costs were minimal, therefore it seeks only to recover its attorney fees. Attached hereto as Exhibit A is an itemization of Midland's fees incurred in connection with Plaintiff's Motion for Class Certification, which total $10,100. Attached hereto as Exhibit B is a minimally redacted itemization of Midland's fees incurred in connection with its Motion for Sanctions, which total $15,750. These itemizations were previously served upon opposing counsel (excluding the Pomerantz counsel) via US mail and e-mail.

Should Plaintiff seek a stay of the judgment in this matter to appeal the potential award to the Second Circuit, Midland respectfully requests that Plaintiff and counsel provide the Court a supersedeas bond in the full amount of the sanctions as may be awarded. *See, e.g., Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 99 Civ. 9294 (CSH), 2003 U.S. Dist. LEXIS 15068, at *1-2, 2003 WL 22048775 (S.D.N.Y. Aug. 29, 2003) (requiring provision of supersedeas bond pursuant to Fed. R. Civ. P. 62(d) to obtain a stay).

Honorable Brian M. Cogan
November 23, 2016
Page 2

---

    Midland would be pleased to provide further information regarding its invoices upon request of the Court.

                                       Respectfully Submitted,

                                       Matthew B. Johnson

MBJ/mbb
Cc via ECF: *All counsel of record*