UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEVI HUEBNER on behalf of himself and all other similarly situated consumers,<br><br>          *Plaintiff,*<br><br>- against -<br><br>MIDLAND CREDIT MANAGEMENT, INC., and MIDLAND FUNDING LLC,<br><br>          *Defendants.* | Case: 14-cv-6046 (BMC) |

**PLAINTIFF'S DECLERATION IN OPPOSITION TO DEFENDANTS PROOF OF FEES**

   Plaintiff by his attorney Leopold Gross respectfully submits this Declaration in opposition to the proposed proof of fees (the "Application") filed by to Midland Credit Management, Inc. ("MCM") and Midland Funding LLC (collectively "Defendants").

   1.  By order dated November 11, 2016 this Court directed "the sanction will be limited to the attorneys' fees and costs incurred in connection with the motion for sanctions and some portion of the attorneys' fees and costs incurred with opposing the class certification motion" . (ECF 134, Page 12).

   2.  I make the foregoing opposition without waiver to all the issues Plaintiff and his counsels might otherwise have that is appealable. Plaintiff makes no admission or acknowledgement regarding the charges claimed by Defendants and reserves all rights. Plaintiff makes the following opposition as limited by the current posture of the case, and reserves the right to appeal the basis for sanctions.

   3.  Plaintiff disputes Defendants' application as unreasonable. Defendants' timesheet reveals that Defendants failed to assist the Court in deciding the motion for class

certification. Defendants' timesheet also reveals Defendants are requesting fees for work related to Pomerantz LLP ("Pomerantz"), wholly not related to Plaintiff.

### PROCEDURAL HISTORY PRIOR TO PLAINTIFF'S FILLING HIS OPPOSITION TO MIDLAND'S POST JUDGEMENT MOTION

4. On June 6, 2016, this Court issued the Order granting summary judgment to Defendants and denying Plaintiff's motion for class certification filed by Defendants. (ECF 95).

5. One week later, on June 13, 2016 Defendants filed its post judgement motion seeking fees and costs. (ECF 97-99).

#### *i. POMERANTZ'S OPPOSITION TO MIDLAND'S POST JUDGMENT MOTION*

6. On June 24, 2016, Pomerantz filed a letter motion for pre-motion conference regarding withdrawal as counsel of Plaintiff. (ECF 100).

7. By order dated June 24, 2016 this Court ordered that "the promotion conference is waived. Counsel may file his motion to withdraw under seal to the extent that it discloses privileged communications. To the extent it does not, however, it should be publically filed in redacted form." (ECF 101).

8. On July 1, 2016, Pomerantz motion to withdraw was filed under seal. (ECF 102).

9. On July 6, 2016, Defendants filed its opposition to motion to withdraw under seal. (ECF 103).

10. On July 6, 2016, Pomerantz filed its Reply to Defendants' opposition to the withdrawal motion under seal.

11. By electronic order dated July 7, 2016 this Court ordered "Pomerantz LLP is directed to ECF file an exparte, unredcated version of its motion with the Court. Plaintiffs are hereby Ordered to file their opposition to defendants' Motion for Sanctions as scheduled on 7/12/2016; these responses should also be filed ex parte. After reviewing the parties' submissions in response to the Motion for Sanctions the Court will rule on Pomerantz LLP's Motion to Withdraw as counsel prior to ruling on the Motion for Sanctions."

12. On July 11, 2016, Plaintiff sought an extension of time to respond to defendants' post judgement motion 30 days after the Court determines Pomerantz's motion to withdraw. (ECF 109).

13. On July 11, 2016, Pomerantz filed ex-parte an unredacted motion to withdraw. (ECF 108).

14. By electronic order dated July 11, 2016 this Court directed that "Plaintiff Huebner's time to file opposition to defendants' motion for sanctions is stayed pending further Order. With regard to the Pomerantz firm's opposition to the sanctions motion, that filing should only pertain to the Pomerantz firm's exposure to the motion. . . Upon review of that filing, the Court will rule on the Pomerantz firm's filling, and set a schedule for plaintiff to file his own opposition, whether by the Pomerantz firm, if it remains his counsel, or by another lawyer who the plaintiff may retain, or pro se."

15. Subsequently, by electronic order dated July 11, 2016 this Court directed that "Just to make sure there is no confusion, the Pomerantz firm's opposition of sanctions on it, and on it only, is not stayed, and should be filed, ex parte and under seal, as previously ordered. The opposition of plaintiff Huebner as to why sanctions should not be imposed on him is stayed pending further Order."

16. On July 12, 2016, Pomerantz filed its MOL in opposition to Defendants' motion for sanctions (the "Pomeranzt Opposition"). (ECF 111).

17. On July 21, 2016, Plaintiff filed his opposition to the Pomerantz withdrawal motion. (ECF 113).

18. On July 27, 2016, Pomerantz filed its Reply to Plaintiff's opposition to its motion to withdraw. (ECF 114).

19. On August 4, 2016, Defendants filed its Reply to the Pomerantz opposition to Defendants' motion for sanctions. (ECF 116).

20. Because Defendants' Reply made new allegations, Pomerantz filed a motion for leave to file a sur-reply in further opposition to Defendants' motion for sanctions. (ECF 117).

21. By order dated August 5, 2016 the Court granted the Pomerantz motion to withdraw. (ECF 118).

22. On August 5, 2016 by electronic order, this Court directed that Pomerantz file its sur-reply memorandum by August 10, 2016.

23. On August 10, 2016, Pomerantz filed its sur-reply in further opposition to Defendants' motion for sanctions. (ECF 119).

24. By order dated November 11, 2016, the Court denied Defendants' request for attorney fees concerning Pomerantz.

### ii. *PLAINTIFF'S OPPOSITION TO MIDLAND'S POST JUDGMENT MOTION*

25. On June 13, 2016, Defendants filed its post judgement motion seeking fees and costs. (ECF 97-99).

  26.  On September 30, 2016, Plaintiff filed his opposition to Defendants' post judgment motion. (ECF 128, 129, 130 and 131).

  27.  On October 13, 2016, Defendants filed its Reply to Plaintiff's opposition to its post judgement motion. (ECF 133).

  28.  By order dated November 11, 2016, this Court directed "the sanction will be limited to the attorneys' fees and costs incurred in connection with the motion for sanctions and some portion of the attorneys' fees and costs incurred with opposing the class certification motion" . (ECF 134, Page 12).

  29.  On November 23, 2016, Defendants filed its application for fees entitled Status Report. (ECF 135).

  30.  On November 30, 2016, Plaintiff filed his application seeking an extension of time to respond to Defendants' purported fees. (ECF 136).

  31.  Defendants objected to Plaintiff's right to oppose the attorney fees. (**Exhibit A**).[1]

  32.  By electronic order this Court granted Plaintiff's application for an extension ordering that "Plaintiff's response due 12/12/16. It is hard for the Court to accept, as Plaintiff asserts, that defense counsel actually believes that plaintiff and his counsel have no right to challenge the reasonableness of the amount of defendant's fee application."

---

[1] Midland stated: "The opportunity to respond was provided when Midland moved for sanctions. Submission of our fees is not a motion. If Plaintiff wishes to respond to our submission, Plaintiff will have to petition the Court for permission to do so. As we do not believe that the court expects or requested Plaintiff to respond, Midland will not agree to an extension to do so."

## STANDARD OF REVIEW

33. "The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. Ex Rel. Winn*, 130 S.Ct. 1662, 1671 (2010). By order dated November 11, 2016, this Court directed, "the sanction will be limited to the attorneys' fees and costs incurred in connection with the motion for sanctions and some portion of the attorneys' fees and costs incurred with opposing the class certification motion." (ECF 134, Page 12).

34. The Second Circuit "and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2nd Cir. 2011). "[A] party seeking fees has the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified." *Perdue v. Kenny A. Ex Rel. Winn*, 130 S.Ct. 1662 (2010).

35. The lodestar method "most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002).

## OPPOSITION TO THE FEES IN CONNECTION WITH THE CLASS CERTIFICATION APPLICATION

### *Dispute to charges dated "01/15/16"*

36. On January 27, 2016, the motion for class certification was filed. (ECF 91). Defendants' fee that is dated "01/15/16" for a "Preliminary analysis of the motion for class certification" is absurd. On January 15, 2016, a motion for class certification did not exist.

37. Likewise, Defendants' "01/15/16" charge, which prophecies that Plaintiff "abandoned their class allegations in the complaint and are advancing a wholly unsupported class" begs the question as to whether Defendants manufactured its timesheet to inflate a judgment against Plaintiff and his counsels.

38. Plaintiff requests that the Court deny Defendants' application for costs incurred on "01/15/16."

### *Dispute to charges dated "01/15/16" through "02/15/16"*

39. The Court understood the motion for class certification, "Plaintiff has proposed either a nationwide or New York-only class which he defines as follows: 'All persons who, according to Defendants' records (a) have a United States mailing address; (b) within one year before the filing of this action; (c) verbally disputed the debt; and **(d) were asked probing questions regarding the reason for the dispute.**'" (Emphasis added).

40. This class definition as the Court understood it is consistent with the Third Amended Complaint, word for word.[2]

---

[2] The Third Amended Complaint states:

> 116. The question of law and fact common to the Plaintiff's Class is whether MCM's practice requiring consumers to furnish a reason to dispute a debt, upon the consumer's attempt to dispute a debt, is allowed under the FDCPA.
>
> 117. The question of law and fact common to the Plaintiff's Class is whether MCM's practice requiring consumers to furnish a valid reason, upon the consumer's attempt to dispute a debt, is allowed under the FDCPA.
>
> 118. The question of law and fact common to the Plaintiff's Class is whether MCM's practice of the "Reason Requirement" is allowed under the FDCPA if it causes the least sophisticated consumer to believe that the right to dispute a debt was denied.
>
> 119. The question of law and fact common to the Plaintiff's Class is whether MCM's practice of the "Reason Requirement" is allowed under the FDCPA if it deceives the least sophisticated consumer to believe that there is no such right to dispute a debt.
>
> 121. The question of law and fact common to the Plaintiff's Class is whether MCM's practice of informing consumers that a reason or valid reason is required to dispute a debt, is a statement materially false pursuant to 15 U.S.C. §§ 1692e(8) and 1692e(10).

41. Defendants' timesheet seeking fees under a false theory that Plaintiff "abandoned their class allegations in the complaint," is based on Defendants' own imagination,[3] and is at odds with how the Court read the motion for class certification.

42. Defendants' timesheet regarding its opposition to class certification demonstrates that Defendants failed to assist the Court with proper factors in deciding the motion. Defendants wasted most of its time searching for a falsehood that Plaintiffs "abandoned their class allegations in the complaint," Defendants is not entitled to fees and costs incurred in connection of the attorneys opposing the class certification motion.

43. Plaintiff requests that the Court to deny Defendants' application for $10,100.00 incurred on a false theory that Plaintiff has abandoned the allegations raised in the Third Amended Complaint.

44. Plaintiff requests that the Court deny Defendants' application for costs incurred on "01/15/16" through "02/15/16."

***Dispute to charges dated "01/15/16" through "02/15/16"***

45. According to Defendants' timesheet, 31.9 hours was spent from January 15, 2016 through February 4, 2016. Yet, came February 5, 2016 and the draft was "Modified the opposition to the motion for class certification to Defendants for comment." It is unclear what parts of the original draft were that frivolous that required its "modification" before the showing to the client. It is unreasonable to pass towards Plaintiff a charge for an item that Plaintiff cannot address its usefulness.

---

[3] In Midland's own words, Plaintiff "attempts to certify class claims not specifically alleged in complaint." Midland is "drafting brief supporting motion in opposition to class certification. Draft fact section. Draft legal standard. Argue that Plaintiff fails to move to certify claims he asserted in complaint." (ECF 35-1).

Page 8

46. Likewise, Defendants' request for fees to write a "client report" also should be denied. Plaintiff never received the client report. A client report was not required by the rules of the Court to oppose the motion for class certification.

47. After all, Defendants has not demonstrated its 40.4 hours opposition was useful to the Court. For instance, the Court denied the motion for class certification on the grounds of "Ascertainability" and "Adequacy of the Representative." First, Defendants did not assist the Court with its opposition by failing to address any issue regarding Ascertainability, an opposition that does not even mention the word of Ascertainability. Second, the Court's basis for determining the "Adequacy of the Representative" hinged on "Class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." (ECF 95). Defendants' opposition does not address the legal standard of having a probable unique defense. While Defendants' opposition goes on to critique the Plaintiff as being atypical, Defendants failed to bring to the Court's attention any precedent addressing the unique defense. The Court had to do the research that Defendants failed to do in its opposition. Indeed, Defendants' timesheet reveals that its research on the issue of "typical" and "adequacy" is a fraction of its "02/02/16," "02/03/16," and "02/04/16" work entry. The calculation of those hours is far less than 13 hours.

48. Defendants have no basis to claim that drafting an opposition to class certification took 40.4 hours. (ECF 135-1). Compared, Defendants' time to draft the motion for sanction took only 23.4 hours.

49. Plaintiff requests that the Court deny Defendants' application for costs incurred on "01/15/16" through "02/15/16."

*PURSUANT TO LODESTAR MIDLAND'S SPENT EXCESSIVE TIME IN OPPOSING POMERANTZ'S MOTION FOR CLASS CERTIFICATION*

50. Defendants' opposition to Pomerantz's motion for class certification consists of a 20-page memorandum of law, excluding the table of contents. (ECF 93). At 40.4 hours, Defendants intends to charge an average of over 2-hours per page.

51. Compared, Defendants' post judgment motion is also 20-pages, consisting of a 2-page notice of motion, a 2-page declaration of Matt Johnson and 16 pages memorandum of law, excluding the table of contents. (ECF 97, 98, 99). Defendants seek a balance of 23.40 hours for 20-pages, which calculates an average of 1.17-hours per page.

52. Defendants' Reply to Pomerantz's opposition consists of 10-pages, excluding the table of contents. (ECF 116). Defendants seek a balance of 11.2 hours for 10-pages, which calculates an average of 1.12-hours per page.

53. Defendants' Memorandum of law in Reply to Plaintiff's opposition is 11 pages, excluding the table of contents. For producing 11 pages, Defendants seeks a balance of 14.10 hours, which calculates an average of 1.28 hours per page.

54. The lodestar test requires assessing the product of a reasonable hourly rate and the reasonable number of hours required by the case. Defendants' opposition to Pomerantz's motion for class certification must be assessed by the reasonable rate not exceeding 1.28-hour. Defendants' opposition for class certification, which consists of 20 pages, and calculated at 1.28 hours per page, is 25.6 hours at $250 per hour for a total of $6,400.

55. In the alternative, Plaintiff requests that the Court reduce Defendants' application for costs to a reasonable rate of not exceeding 25.6 hours in preparing Defendants' opposition for class certification.

## OPPOSITION TO THE FEES IN CONNECTION WITH MIDLAND'S POST JUDGMENT MOTION

*Dispute to charges dated "06/20/16" through "09/08/16"*

56. On June 13, 2016, Defendants filed its purported motion for sanctions. (ECF 97). On September 30, 2016, Plaintiff filed its opposition to the motion. (ECF 130). Plaintiff's prior attorneys Pomerantz LLP made an application to withdraw as Plaintiff's attorney, and to file an opposition of its own. (ECF 108). On July 11, 2016, the Court ordered, "Plaintiff Huebner's time to file opposition to defendants' motion for sanctions is stayed pending further Order. With regard to the Pomerantz firm's opposition to the sanctions motion, that filing should only pertain to the Pomerantz firm's exposure on the motion." (ECF 07/11/2016).

57. Now before the Court, Defendants includes the time it claims to have expanded in filing a separate reply to Pomernatze's opposition. Defendants also include charges in connection with Pomerantz's motion to withdraw. Defendants have not cited any authority for seeking charges involving the motion to withdraw or its reply to Pomerantz's opposition.

58. Defendants have no standing to excel charges for brainstorming the motion to withdraw filed by Pomerantz. Defendants was not aggrieved or an affected party by Pomerantz's representation of Plaintiff. Defendants' interloping into Pomerantz's motion to withdraw was at Defendants' own call and expense.

59. Likewise, Pomerantz prevailed in its opposition to Defendants' motion for sanctions. Defendants' Reply to Pomerntz is not a prevailing product subject. The Court's order allowing attorney fees does not allow Defendants to sneak in attorney fees for work involving the motion to withdraw or its reply to Pomerantz's opposition.

60. Plaintiff requests that the Court deny Defendants' application for costs incurred on "06/20/16" through "09/08/16." In light of the fact that Pomerantz was not sanctioned and this Court bifurcated counsel's opposition and Plaintiff's opposition, Plaintiff

should not incur the fees of $6,375 for the 25.50 hours at $250 per hour, which Defendants are calculating for drafting limited solely to for drafting an reply to Pomerantz opposition and interloping in Pomerantz's motion to withdraw.

### *Dispute to charges dated "06/07/16" through "06/20/16"*

61. Defendants' timesheet claims charges involving a purported issue of whether a "bond" should required if Plaintiff maintains his appeal. These charges are frivolous. Plaintiff did not file a motion to stay judgment. Defendants did not provide a basis to accelerate a charge for an issue that was yet to be born.

Plaintiff requests that the Court deny Defendants' application for costs incurred on "06/07/16" through "06/20/16."

### *Dispute to charges dated "06/06/16" through "06/14/16"*

62. Defendants' time sheet exclaims to have researched the issue of attorneys fees under 15 U.S.C. § 1692k (a)(3). In *Hyde v. Midland Credit Management, Inc.*, 567 F.3d 1137, 1140-41 (9th Cir. 2009) the Ninth Circuit informed Defendants, "§ 1692k(a)(3) is specific to the FDCPA. … it nowhere specifically authorizes an award against an 'attorney'." *Id*. Yet, despite the clear precedent of the Ninth Circuit and many other courts, Defendants' motion for sanctions asks for fees against the attorneys of Plaintiff. Those parts of Defendants' motion for sanctions seeking to invoke § 1692k(a)(3) against Plaintiff's attorneys are frivolous.

63. Plaintiff requests that the Court deny Defendants' application for costs incurred on "06/06/16" through "06/14/16." In the alternative, the Court reduce Defendants' application of fees to exclude the charges related to research on § 1692k(a)(3).

### *Dispute to charges dated "09/30/16" through "06/14/16"*

64. Defendants' timesheet contains charges belied by the record. For instance, Defendants claims that on September 30, 2016, it began "review of plaintiff's 250 page filing in

opposition" and on October 4, 2016, "Complete review of plaintiff's 45 page opposition and over 100 pages of exhibits (not including exhibits of CFPB consent order or FTC report regarding FCRA) and complete outline of reply brief."  Yet, until October 5, 2016, Defendants did not seek access to the sealed exhibits.

65. Defendants' timesheet does not specify any basis why a Reply was warranted to Plaintiff's opposition to sanctions.  Defendants' reply also does not specify the basis for filing such reply.  Defendants have failed to cite a single source as to why Plaintiff should have not filed in its opposition to sanctions.

66. Defendants' Reply, which only cites four other cases, does not reveal the work product that would involve fourteen hours.  For instance, Defendants' timesheet states "Analysis of case law cited by plaintiff in opposition to motion for sanctions in order to identify misrepresentations by plaintiff and reply in support of sanctions."  Yet, from all the cases Plaintiff cited in his opposition, Defendants reply did not argue that a legal citation by Plaintiff was wrong.

## CONCLUSION

67. Accordingly, Plaintiff respectfully requests that the Defendants post judgment application for fees be denied.

Dated: Brooklyn, NY
       December 12, 2016

                                    Respectfully submitted,
                                    /s/ Leopold Gross

                                    Leopold Gross

                                    26 Court Street
                                    Suite 1200
                                    Brooklyn, NY 11242
                                    Telephone: (212) 943-4300

                                    *Attorneys for Plaintiff*