UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                       :

LEVI HUEBNER on behalf of himself and all    :
other similarly situated customers,            :
                                         :     **ORDER**
                     Plaintiff,     :
                                           :     14 Civ. 6046 (BMC)
           - against -          :
                                           :
MIDLAND CREDIT MANAGEMENT, INC.,    :
and MIDLAND FUNDING LLC,            :
                                           :
                   Defendants.   :
---------------------------------------------------------- X

**COGAN**, District Judge.

       I granted the motion of Midland Credit Management, Inc. and Midland Funding LLC (collectively, "defendant") for attorneys' fees, costs, and sanctions, in part, by Memorandum Decision and Order dated November 10, 2016, finding that 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, and the Court's inherent power to fashion sanctions all permit an award of sanctions in this case because both plaintiff and plaintiff's counsel, Poltorak P.C. ("Poltorak"), acted in bad faith and pursued a claim that had no legal basis.  I therefore ordered that plaintiff and Poltorak are jointly and severally liable for defendant's attorneys' fees and costs incurred in connection with its motion for sanctions and some portion incurred in connection with its opposition to the motion for class certification.  I ordered defendant to submit proof of its fees and costs within 14 days.

       Defendant, seeking only to recover attorneys' fees, filed proof of fees in the amount of $10,100 in connection with its opposition to plaintiff's motion for class certification and $15,750 in connection with its motion for sanctions.  Seven days later, plaintiff submitted a letter to the Court requesting an extension to file a response to defendant's proof of costs and informing the

Court that defense counsel did not consent to an extension because it believes that plaintiff is not entitled to respond to defendant's submission.  I granted plaintiff an extension.

In his opposition to defendant's submission of costs, plaintiff attached an email from defense counsel in which defense counsel refused to consent to plaintiff's request for an extension and stated that, "The court's order does not call for a response to our submission regarding fees. . . . The opportunity to respond was provided when Midland moved for sanctions. . . . If Plaintiff wishes to respond to our submission, plaintiff will have to petition the Court for permission to do so."  Defendant's refusal to acknowledge plaintiff's due process right to challenge the reasonableness of the amount of defendant's fees is further confirmation of the unnecessary litigiousness that both sides have demonstrated in this action and the shared responsibility that defendant bares for the amount of its fees.

After reviewing defendant's proof of fees, and considering defendant's recent conduct, I find that a sanction on plaintiff and Poltorak, jointly and severally, for defendant's fees incurred in connection with its motion for sanctions is sufficient; no fees are awarded in connection with defendant's opposition to the class certification motion.  A larger sanctions award encompassing defendant's fees in connection with its opposition to the class certification motion is unwarranted as it would only further distort what should have been a minor litigation.

Plaintiff objects to defendant's fees in connection with its motion for sanctions on various grounds.[1]  First, plaintiff objects to defendant's inclusion of fees in connection with its opposition to Pomerantz's motion to withdraw as plaintiff's counsel and its separate reply to Pomerantz's opposition to defendant's motion for sanctions.  Plaintiff argues that defendant is

---

[1] Because I am not awarding fees related to defendant's opposition to class certification, I do not address plaintiff's objections to these fees.

not entitled to any fees related to Pomerantz because this Court declined to impose sanctions on Pomerantz.  I agree.  Based on defendant's submission, defense counsel spent 23.6 hours, equating to $5,900 in attorneys' fees, on its opposition to Pomerantz's motion to withdraw and its reply to Pomerantz's opposition to its motion for sanctions.  Defendant's $15,750 fee will therefore be reduced to $9,850.

Plaintiff also argues that defendant should not be awarded fees for: (1) the 1.4 hours defense counsel spent researching whether plaintiff may be required to post a supersedeas bond because plaintiff did not file a motion to stay judgment; (2) the 1.1 hours defense counsel spent analyzing the case law on fee awards pursuant to 15 U.S.C. § 1692k because there is "clear precedent" on this issue; and (3) the 14 hours defense counsel spent drafting a reply to plaintiff's opposition to its motion for sanctions because there was no basis for a reply.  All of these arguments are meritless.  Defendant reasonably incurred these fees in order to thoroughly research its basis for sanctions, adequately support and defend its position, and ensure that it would receive any sanctions that it was awarded.

I find that an award of $9,850 is reasonable under the lodestar method for determining attorneys' fees and the relevant factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir.1974).[2]  See Prospect Capital Corp. v. Enmon, No. 08 Civ. 3721, 2010 WL 2594633, at *4 (S.D.N.Y. June 23, 2010) (considering both the lodestar method and the Johnson factors in determining a reasonable attorneys' fee on a sanctions motion), remanded on other grounds, 675 F.3d 138 (2d Cir. 2012); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2007).

---

[2] Many of the Johnson factors are not applicable here because attorneys' fees are only being awarded in connection with one motion as opposed to an entire case.

First, after deducting 23.6 hours for work related to Pomerantz, defense counsel only spent 39.4 hours working on the motion for sanctions.  That is a reasonable amount of time to: research and draft the motion, which required a detailed review of the lengthy history of the case; analyze plaintiff's opposition, which included fifteen attached exhibits; and research and draft a reply to plaintiff's opposition.  Defense counsel's time entries are sufficiently specific to establish that it undertook tasks that were necessary and that they worked efficiently at those tasks.

Second, defense counsel's attorneys' fees were assessed at a blended rate of $250 per hour for both Mr. Schwartz, a partner, and Mr. Johnson, an associate.  A rate of $250 per hour is entirely reasonable in light of both Mr. Schwartz's and Mr. Johnson's twenty years of experience practicing law and their specific experience with defending consumer financial actions.

Third, a rate of $250 per hour is a reasonable hourly rate in this district and is consistent with approved rates in similar cases.  See Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998) (finding that a rate of $200 per hour in a consumer protection case was reasonable); Larsen v. KBC Legal Group, P.C., 588 F. Supp. 2d 360, 364 (E.D.N.Y. 2008) (finding that a rate of $300 per hour in a consumer protection case was reasonable); Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202 (E.D.N.Y. 2007) ("Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners . . . [and] $200 to $250 for senior associates. . . .").  Therefore, I find that an award of $9,850 in attorneys' fees, for 39.4 hours' work, is reasonable.

Finally, a sanction in the amount of $9,850 fulfills the purposes of § 1692k(a)(3), § 1927, and the Court's inherent power to sanction because it adequately: (1) punishes Poltorak; (2)

4

deters repetition of sanctionable conduct by plaintiff and Poltorak; and (3) compensates defendant for expenses caused by its opponent's obstinacy.

## CONCLUSION

For the reasons given above, it is hereby ordered that defendant is awarded $9,850 in attorneys' fees.  The fees are to be paid within seven days, failing which the Clerk shall be directed to enter judgment.

**SO ORDERED.**

 

 

_____
U.S.D.J.


Dated: Brooklyn, New York
        December 23, 2016